# EXHIBIT A

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

PLUMBERS' & PIPEFITTERS' LOCAL #562 PENSION FUND ("Plaintiff") declares:

1.  Plaintiff has reviewed a complaint and authorized its filing.

2.  Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3.  Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.  Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

| Security | Transaction | Date | Price Per Share |
|----------|-------------|------|-----------------|

*See* attached Schedule A.

5.  Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as detailed below during the three years prior to the date of this Certification:

*Plumbers' & Pipefitters' Local #562 Pension Fund v. Connetics Corporation, et al.*, No. C-06-05691-PJH (N.D. Cal.)
*Plumbers' & Pipefitters' Local #562 Pension Fund v. MGIC Investment Corporation, et al.*, No. 2:08-CV-00458-AEG (E.D. Wis.)

6.  The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery,

NOVATEL

except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _10_ day of _November_, 2008.

> PLUMBERS' & PIPEFITTERS' LOCAL #562 PENSION FUND

By: _____

Its: _____

- 2 -

NOVATEL

## SCHEDULE A

### SECURITIES TRANSACTIONS

Acquisitions

| Date Acquired | Type/Amount of Securities Acquired | Price |
|---|---|---|
| 02/22/2007 | 2,900 | $12.74 |
| 02/23/2007 | 4,600 | $13.10 |
| 05/28/2008 | 6,500 | $10.45 |
| 06/03/2008 | 6,500 | $10.78 |
| 06/06/2008 | 3,000 | $11.90 |
| 06/25/2008 | 2,900 | $12.49 |
| 08/11/2008 | 2,800 | $9.32 |

Sales

| Date Sold | Type/Amount of Securities Sold | Price |
|---|---|---|
| 03/20/2007 | 7,500 | $14.87 |

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

WESTERN PENNSYLVANIA ELECTRICAL EMPLOYEES PENSION FUND ("Plaintiff") declares:

1.     Plaintiff has reviewed a complaint and authorized its filing.

2.     Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3.     Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.     Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

| Security | Transaction | Date | Price Per Share |
|----------|-------------|------|-----------------|

*See* attached Schedule A.

5.     (a)     Plaintiff has been appointed to serve as a representative party for a class in the following actions filed under the federal securities laws during the three years prior to the date of this Certification:

*Western Penn. Electrical Employees Pension Fund v. Plexus Corp., et al.*, No. 2:07-cv-00582-LA (E.D. Wisc.)
*Western Penn. Electrical Employees Pension Fund v. Candela Corporation, et al.*, No. 1:08-cv-10551 (D. Mass.)

(b)     Plaintiff is seeking to serve as a representative party for a class in the following actions filed under the federal securities laws:

(c)     Plaintiff initially sought to serve as a representative party for a class in the following actions filed under the federal securities laws during the three years prior to the date of this Certification:

*In re HCA Inc. Sec. Litig.*, No. 3:05-cv-00960 (M.D. Tenn.)

NOVATEL

6.     The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this __1st__ day of __October__, 2008.

> WESTERN PENNSYLVANIA
> ELECTRICAL EMPLOYEES PENSION
> FUND
>
> By: _____
>
> Its: _____

- 2 -

## SCHEDULE A

### SECURITIES TRANSACTIONS

#### Acquisitions

| Date Acquired | Type/Amount of Securities Acquired | Price |
|---|---|---|
| 03/05/2007 | 4,710 | $13.38 |
| 03/06/2007 | 5,090 | $13.84 |
| 03/30/2007 | 300 | $15.96 |
| 04/19/2007 | 17,700 | $16.88 |
| 05/03/2007 | 1,000 | $19.84 |
| 07/20/2007 | 800 | $27.19 |
| 07/27/2007 | 6,600 | $23.04 |
| 02/20/2008 | 6,300 | $13.72 |
| 06/26/2008 | 10,500 | $11.28 |

#### Sales

| Date Sold | Type/Amount of Securities Sold | Price |
|---|---|---|
| 05/18/2007 | 500 | $20.98 |
| 04/15/2008 | 21,100 | $7.75 |