**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAUREEN BACKE, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>     vs.<br><br>NOVATEL WIRELESS, INC., et al.,<br><br>                                    Defendant. | **CASE NO. 08-CV-01689-H (RBB)**<br><br>**ORDER GRANTING MOTIONS TO CONSOLIDATE CASES, PENSION FUND GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL & DENYING NEW JERSEY BUILDING LABORERS PENSION FUND & SEXTON GROUP'S MOTIONS** |
| MATTHEW HARMS, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br>     vs.<br>NOVATEL WIRELESS, INC., et al.,<br><br>                                    Defendant. | **CASE NO. 08-CV-01714-H (RBB)** |

On September 15, 2008, Plaintiff Maureen Backe filed a securities class action against Defendants Novatel Wireless, Inc. ("Novatel"), George Weinert, Dan Halvorson, Peter Leparulo, Kenneth Leddon, and Shawn Swaney, seeking remedies under sections 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and SEC Rule 10b-5, 17 C.F.R. §240.10b-5. (Backe Doc. No. 1.) On September 18, 2008, Plaintiff Matthew Harms

- 1 -                                                                                          08cv1609

filed a securities class action against Defendants Novatel, George Weinert, Kenneth Leddon, James Ledwith, Greg Lorenzetti, Shawn Swaney, Peter Lerparulo, Dan Halvorson, Christopher Ross, and David Werner, seeking remedies under sections 10(b) and 20(a) of the Securities Exchange Act and SEC Rule 10b-5.  (Harms Doc. No. 1.)  On November 17, 2008, the New Jersey Building Laborers Pension Fund, the Sexton Group, and the Pension Fund Group each filed a motion to consolidate cases under Federal Rule of Civil Procedure 42(a), for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. 78u-4, and for approval of lead plaintiff's selection of lead counsel.  (Backe Doc. Nos. 4, 8, 10.)  The Sexton Group filed a non-opposition to the New Jersey Building Laborers Pension Fund and the Pension Fund Group's motions on December 1, 2008.  (Backe Doc. No. 15.)  The Pension Fund Group filed a response in opposition to the other motions and in further support of its own motion on December 1, 2008.  (Backe Doc. No. 16.)  The New Jersey Building Laborers Pension Fund filed a response in non-opposition to the other motions on December 8, 2008.  (Backe Doc. No. 17.)  On December 8, 2008, the Pension Fund Group filed a reply in support of its motion.  (Backe Doc. Nos. 18, 19.)  The Court, pursuant to Local Rule 7.1(d)(1), determines that these motions are appropriate for resolution without oral argument and therefore submits them on the parties' papers.

### **Background**

Both actions are brought on behalf of persons and entities who purchased or otherwise acquired Novatel securities during the Class Period, defined in each complaint as February 5, 2007 to August 19, 2008, and who were damaged thereby, seeking remedies under the Securities Exchange Act and SEC Rule 10b-5.  (See Backe Compl.; Harms Compl.)  The Plaintiffs allege Novatel and certain of its officers and/or directors repeatedly issued materially false and misleading statements that misrepresented Novatel's buisness, prospects, and operations. (Backe Compl.¶5; Harms Compl. ¶3.)  On the last day of the class period, August 19, 2008, Novatel issued a press release concerning its preliminary financial results for the second quarter of 2008 and the possibility that the company may have to restate its audited financial statements for fiscal year 2007.  (Backe Compl. ¶3; Harms Compl. ¶3.)  In response,

Novatel's stock dropped $2.11 per share, or 25%, to close on August 20, 2008 at $6.29 per share, on unusually heavy trading volume. (<u>Backe</u> Compl. ¶4; <u>Harms</u> Compl. ¶4.) Plaintiffs allege that Novatel's materially false and misleading statements during the class period caused members of the class to purchase Novatel's common stock at artificially inflated prices, thus causing damages to the class.    (<u>Backe</u> Compl. ¶6; <u>Harms</u> Compl. ¶4.)

In response to notice that was published after Plaintiff Backe filed her class action complaint, movants filed their motions for consolidation of related actions, to be appointed lead plaintiff, and for approval of lead plaintiff's selection of counsel.  The Sexton Group alleges it purchased 24,343 shares of Novatel during the class period and suffered financial losses of $181,408.87. (Doc. No. 8 at p.6, Goldberg Decl.) The New Jersey Building Laborers Pension Fund alleges it purchased 11,745 shares of Novatel during the class period and suffered financial losses of $138,935.  (Doc. No. 4 at p.8, Kim Decl., Ex. B)  The Pension Fund Group alleges it purchased over 82,000 shares of Novatel during the class period and suffered financial losses of approximately $585,900. (Doc. No. 10 at p. 4, O'Mara Decl., Ex. B.)

### **Discussion**

Under the PSLRA, a court must first decide whether to consolidate related actions prior to selecting a lead plaintiff.  <u>See</u> 15 U.S.C. §78u-4(a)(3)(B)(ii).   After making this determination, the court must then appoint as lead plaintiff the person or group of persons with the largest financial interest in the relief sought by the class that otherwise satisfy the requirements of Federal Rule of Civil Procedure 23. <u>Id.</u> §78u-4(a)(3)(B)(iii). The court should also approve of the lead plaintiff's selection of lead counsel.  <u>Id.</u> §78u-4(a)(3)(B)(v).

### **1. Consolidation of Related Actions**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).  Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions "if [the] actions before the court involve a common question of law or

fact." "The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. U.S. District Court for Cent. Dist. of C.A., 877 F.2d 777, 777 (9th Cir. 1989).

The Court grants the parties' motions for consolidation of the related actions of Backe v. Novatel Wireless, Inc., et al., case no. 08-CV-01689-H (RBB), and Harms v. Novatel Wireless, Inc., et al., case no. 08-CV-01714-H (RBB). The Plaintiffs' complaints present virtually identical factual and legal issues, as each alleges Novatel violated sections 10(b) and 20(a) of the Securities Exchange Act and SEC Rule 10b-5 during the same class period, from February 5, 2007 to August 19, 2008. Both complaints also name the same defendants. Because the related actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to both lawsuits. Consolidation is appropriate to save time and effort and will not produce inconvenience, delay, or expense on the litigants or trial judge.

**2. Appointment of Lead Plaintiff**

The PSLRA provides that, "[a]s soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. §78u-4(a)(3)(B)(ii). In selecting the lead plaintiff, the PSLRA directs the court to:

> adopt a presumption that the most adequate plaintiff in any private action . . . is the person or group of persons that– has either filed the complaint or made a motion in response to a notice; in the determination of the court, has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Id. §78u-4(a)(3)(B)(iii)(I). This presumption may only be rebutted by proof by a member of the class that the presumptively most adequate plaintiff, "will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Id. §78u-4(a)(3)(B)(iii)(II). Under the PSLRA, any member or members of the class may move the court to serve as lead plaintiff no later than 60 days after notice is published. Id. §78u-4(a)(3)(A)(i)(II). In making the presumptive lead plaintiff determination, "the district court must compare the financial stakes of the various

plaintiffs and determine which one has the most to gain from the lawsuit." In re Cavanaugh, 306 F.3d 726, 730 (9th Cir. 2002). "It must then focus its attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" Id.

The three movants for appointment of lead plaintiff all filed motions in response to notice published by Plaintiff Maureen Backe. Notice was published on September 16, 2008, on *Global Newswire*. (See Doc. No. 4, Kim Decl. Ex. C; Doc. No. 10, O'Mara Decl. Ex. C.) The three movants all filed their motions for appointment on November 17, 2008, fulfilling the requirement that class members move within 60 days of publication for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(I). Because all motions were made timely, the Court must determine which movant has the largest financial interest in the relief sought to determine the presumptive most adequate lead plaintiff. See id. §78u-4(a)(3)(B)(iii)(I).

In comparing the financial stakes of the various movants, the Pension Fund Group has the most to gain from the lawsuit. It states that it purchased 82,200 shares of Novatel stock during the class period and suffered losses of $585,977.86. (Doc. No. 10, O'Mara Decl. Ex. A–B.) This is a larger financial stake than the other two movants, the Sexton Group with losses of $181,408.87, and the New Jersey Building Laborers Pension Fund with losses of $138,935.[1] The Sexton Group acknowledges that it has less of a financial stake in the action and filed a statement of non-opposition to the remaining competing motions to serve as lead plaintiff. (Backe Doc. No. 15.) Similarly, the New Jersey Building Laborers Pension Fund acknowledges that it does not have the largest financial stake in the action in its response in non-opposition to the other competing motions. (Backe Doc. No. 17.) As the Pension Fund Group has the largest financial stake in the litigation, it is the presumptive lead plaintiff if it otherwise meets the requirements of Rule 23.

Federal Rule of Civil Procedure 23(a) requires that the class representative have claims

---

[1]The Pension Fund Group has a significantly larger stake than either of the two original Plaintiffs, as Maureen Backe bought 703 shares during the class period and sold 1,873 shares after the decline in value, and Matthew Harms bought 130 shares during the class period. (Backe Doc. No. 1 at p.38; Harms Doc. No. 1 at p. 24.)

and defenses that are typical of the claims or defenses of the class and that a class representative will fairly and adequately protect the interests of the class.  The typicality standard is satisfied if the representative's claims are "reasonably coextensive with those of absent class members; they need not be substantially identical." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998).  "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir.1992) (quotation omitted). "Resolution of two legal questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon, 150 F.3d at 1020 (citing Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir.1978)).

The Pension Fund Group satisfies the Rule 23 requirements of typicality and adequacy. It's injury is the same or similar to other class members and is based on the same course of conduct by the Defendants.  The Pension Fund Group and the class allege that Defendants violated the Securities Exchange Act and SEC Rule 10b-5 by publicly disseminating materially false and misleading statements, as well as statements which omitted material facts, about Novatel during the class period.  As a result of this conduct by Defendants, the Pension Fund Group and members of the class allege that they purchased Novatel securities at artificially inflated prices and were damaged thereby.  Thus, the Pension Fund Group's claims are typical of the class.  The Pension Fund Group also meets the adequacy requirement.  It states that it has no conflict with the class members' interests. (Backe Doc. No. 10 at p.6.)  The Pension Fund Group has signed sworn certifications indicating its members' willingness to serve as, and to assume the responsibility of, class representatives. (Backe Doc. No. 10, O'Mara Decl. Ex. A.)  It is also of note that the Pension Fund Group is the sort of lead plaintiff envisioned by Congress in the enactment of the PSLRA–a sophisticated institutional investor with a real financial interest in the litigation. See H.R. Conf. Rep. No. 104-369 at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors

in class actions will ultimately benefit the shareholders and assist courts by improving the quality of representation in securities class actions"). The Pension Fund Group has selected counsel experienced in securities class action litigation and endowed with the resources to vigorously prosecute the actions on behalf of the class. (Backe Doc. No. 10, O'Mara Decl. Ex. D.)

Because the Pension Fund Group has timely moved for appointment as lead plaintiff in response to notice, has the largest financial interest in the litigation, and otherwise meets the requirements of Rule 23, it is the presumptive lead plaintiff. Accordingly, the Court grants the Pension Fund Group's motion for appointment as lead plaintiff. The Court denies the New Jersey Building Laborers Pension Fund and the Sexton Group's motions for appointment as lead plaintiff.

**3. Approval of Lead Plaintiff's Selection of Lead Counsel**

Under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v). "While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff." Cavanaugh, 306 F.3d at 735.

The Court approves of the Pension Fund Group's selection of Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel for the class. Coughlin Stoia has extensive experience in litigating securities class actions, has numerous trial attorneys, including many former federal and state prosecutors, and has an extensive group of in-house experts to aid in the prosecution of these actions. (Backe Doc. No. 10, O'Mara Decl. Ex. D.) The Court grants the Pension Fund Group's motion for approval of its selection of lead counsel. Because the New Jersey Building Laborers Pension Fund and the Sexton Group's motions for appointment as lead plaintiff are denied, the Court need not reach the issue of approval of their selections of lead counsel. Thus, the Court denies the New Jersey Building Laborers Pension Fund and the Sexton Group's motions for approval of selection of lead counsel as moot.

<u>**Conclusion**</u>

For the reasons set forth above, the Court GRANTS the motions to consolidate the

related actions of <u>Backe v. Novatel Wireless, Inc., et al.</u> (case no. 08-CV-01689-H (RBB)) and <u>Harms v. Novatel Wireless, Inc., et al.</u> (case no. 08-CV-01714-H (RBB)), GRANTS the Pension Fund Group's motion for appointment as lead plaintiff, and GRANTS the Pension Fund Group's motion for approval of its selection of lead counsel. The Court DENIES the New Jersey Building Laborers Pension Fund and the Sexton Group's motions for appointment as lead plaintiff and motions for approval of selection of lead counsel.

IT IS SO ORDERED.

DATED: December 10, 2008

_____

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

All parties of record.

08cv1609