Robert S. Brewer, Jr. (State Bar No. 65294)
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130
Telephone:     (858) 314-1200
Facsimile:     (858) 314-1150

Eric Landau (State Bar No. 138849)
elandau@jonesday.com
Travis Biffar (State Bar No. 217593)
tbiffar@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone:     (949) 851-3939
Facsimile:     (949) 553-7539

Attorneys for defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUREEN BACKE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NOVATEL WIRELESS, INC., PETER V. LEPARULO, GEORGE B. WEINERT, ROBERT M. HADLEY, SLIM S. SOUISSI and CATHERINE F. RATCLIFFE,<br><br>Defendants. | Lead Case No. 08-CV-01689-H (RBB) (Consolidated with No. 08-CV-01714-H (RBB))<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF TRAVIS BIFFAR IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR CLASS CERTIFICATION**<br><br>Date:   April 26, 2010<br>Time:  10:30 a.m.<br>Place:  Courtroom 13<br>          (The Honorable Marilyn L. Huff) |

IRI-4497v1

1    I, Travis Biffar, declare as follows:

2    1.    I am an attorney associated with the law firm of Jones Day, counsel for defendants

3    Novatel Wireless, Inc. ("Novatel"), Peter V. Leparulo, George B. Weinert, Robert M. Hadley,

4    Slim S. Souissi, and Catherine F. Ratcliffe.  I submit this declaration in support of defendants'

5    opposition to Lead Plaintiffs' motion for class certification.  I know the facts stated herein to be

6    true based upon my own personal knowledge or upon my review of the records and files

7    maintained by Jones Day in the regular course of its representation of defendants.  If called and

8    sworn as a witness, I could and would testify competently thereto.

9    2.    Pursuant to paragraph 12 of the Protective Order Re Confidentiality as Modified

10   by the Court ("Protective Order," Dkt. No. 104) and S.D. Cal. Civ. L.R. 79.2, true and correct

11   copies of the following documents are being submitted for filing under seal:

12
13          Exhibit A:    Lead Plaintiff Western Pennsylvania Electrical Employees Pension
                          Fund's ("Western Penn") monitoring agreement with lead plaintiffs'
                          counsel Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin
14                        Stoia"), dated November 7, 2005.

15          Exhibit B:    Lead Plaintiff Plumbers and Pipefitters' Local No. 562 Pension
                          Fund's ("Plumbers") monitoring agreement with Coughlin Stoia,
16                        dated April 29, 2005.

17          Exhibit C:    Western Penn's retainer agreement with Coughlin Stoia, dated
                          October 10, 2008.

18
19          Exhibit D:    Plumbers' retainer agreement with Coughlin Stoia, dated September
                          29, 2008.

20          Exhibit E:    Excerpts from the February 26, 2010 deposition of Michael Dunleavy,
                          the Fed. R. Civ. P. 30(b)(6) "person most knowledgeable" designee of
21                        Western Penn.

22          Exhibit F:    Excerpts from the February 16, 2010 deposition of Daniel Murphy,
                          the Fed. R. Civ. P. 30(b)(6) "person most knowledgeable" designee of
23                        Plumbers.

24   3.    Attached hereto are true and correct copies of the following documents:

25          Exhibit G:    Excerpts from the February 17, 2010 deposition of John Brim, the
                          Fed. R. Civ. P. 30(b)(6) "person most knowledgeable" designee of
26                        Smith Asset Management, LP.

27          Exhibit H:    Excerpts from the February 18, 2010 deposition of Michael Wallace,
                          the Fed. R. Civ. P. 30(b)(6) "person most knowledgeable" designee of
28                        White Pine Capital LLC.

1

BIFFAR DECLARATION IN OPPOSITION
TO MOTION FOR CLASS CERTIFICATION
08-CV-1689-H (RBB)

| | | |
|---|---|---|
| Exhibit I: | Excerpts from the February 19, 2010 deposition of Anthony Stoss, the Fed. R. Civ. P. 30(b)(6) "person most knowledgeable" designee of Craig-Hallum Capital Group. | |
| Exhibit J: | Excerpts from the February 22, 2010 deposition of Derek Anguilm, the Fed. R. Civ. P. 30(b)(6) "person most knowledgeable" designee of Denver Investment Advisors, LLC ("Denvest"). | |
| Exhibit K: | February 23, 2010 email from Robyn Momper of Denvest to me and other counsel in this action. | |
| Exhibit L: | July 18, 2007 article from the wireless industry news website http://www.evdoinfo.com. | |
| Exhibit M: | Complaint filed on September 18, 2008 in *Harms v. Novatel Wireless, Inc. et al.*, 08-CV-1714 H-POR. | |
| Exhibit N: | Private Securities Litigation Reform Act ("PSLRA") certification of Western Penn, previously filed in this action as Exhibit A to the Declaration of Brian O'Mara in Support of Pension Funds' Motion for Consolidation and Appointment as Lead Plaintiffs ("O'Mara Declaration," Dkt. No. 10-4, November 17, 2008). | |
| Exhibit O: | PSLRA certification of Plumbers, previously filed in this action as Exhibit A to the O'Mara Declaration. | |
| Exhibit P: | Mr. Leparulo's First Set of Requests for Admissions to Western Penn, dated October 8, 2009. | |
| Exhibit Q: | Mr. Leparulo's First Set of Requests for Admissions to Plumbers, dated October 8, 2009. | |
| Exhibit R: | Mr. Leparulo's First Set of Interrogatories to Western Penn, dated October 8, 2009. | |
| Exhibit S: | Mr. Leparulo's First Set of Interrogatories to Plumbers, dated October 8, 2009. | |
| Exhibit T: | Western Penn's Supplemental Responses to Mr. Leparulo's First Set of Requests for Admissions, dated February 11, 2010. | |
| Exhibit U: | Plumbers' Supplemental Responses to Mr. Leparulo's First Set of Requests for Admissions, dated February 11, 2010. | |
| Exhibit V: | Western Penn's Supplemental Responses to Mr. Leparulo's First Set of Interrogatories, dated February 11, 2010. | |
| Exhibit W: | Plumbers' Supplemental Responses to Mr. Leparulo's First Set of Interrogatories, dated February 11, 2010. | |
| Exhibit X: | Form 8-K filed by Novatel with the Securities and Exchange Commission ("SEC") on December 20, 2006. | |
| Exhibit Y: | Form 4s filed by Novatel with the SEC on behalf of Robert Hadley and Slim Souissi between March 2, 2007 and May 16, 2008. | |

2

BIFFAR DECLARATION IN OPPOSITION
TO MOTION FOR CLASS CERTIFICATION
08-CV-1689-H (RBB)

1    Exhibit Z:    Form 8-K filed by Novatel with the SEC on May 25, 2007.

2    Exhibit AA: Form 12b-25 filed by Novatel with the SEC on May 13, 2008.

3    Exhibit BB: Form 8-K filed by Novatel with the SEC on May 20, 2008.

4    Exhibit CC: Form 10-Q for the first quarter of 2008, filed with the SEC on
          November 10, 2008.
5
     Exhibit DD: Form 10-Q for the second quarter of 2008, filed with the SEC on
6          November 10, 2008.

7    Exhibit EE: Chart depicting all pre-July 20, 2007 putative class period purchases
          of Novatel stock by Lead Plaintiffs that followed within nine days of a
8          sale of Novatel stock by a defendant.

9                    **Lead Plaintiffs' Transactions in Novatel Stock**

10         4.      On November 17, 2008, Plumbers and Western Penn each filed sworn

11   certifications with the Court, in support of their motion for consolidation, appointment as lead

12   plaintiffs, and approval of their selection of lead counsel.  (Dkt. No. 10-4.)  These certifications,

13   attached hereto as Exhibits N and O, purport to show, among other things, each of Plumbers'

14   and Western Penn's transactions in Novatel stock during the putative class period that had been

15   alleged at the time.

16         5.      On January 11, 2010, Lead Plaintiffs filed their motion for class certification.

17   (Dkt. No. 121.)  Attached to Lead Plaintiffs' motion for class certification is a declaration of

18   plaintiffs' counsel Douglas R. Britton ("Britton Decl."), which contains charts purporting to

19   show, among other things, each of Plumbers' and Western Penn's transactions in Novatel stock

20   during the putative class period.  (Dkt. Nos. 121-4 & 121-5.)  Although Western Penn's purported

21   transactions are consistent with those identified in Western Penn's earlier sworn certification,

22   Plumbers' purported transactions reflect purchase and sale dates different from those identified in

23   Plumbers' earlier sworn certification.  (Compare Ex. O, at 572, with Britton Decl., Ex. 2, at 503.)

24         6.      At deposition, Plumbers' "person most knowledgeable" designee, who personally

25   signed the first certification, was unable to state which trade dates submitted by Plumbers were

26   correct.  (Ex. F, Transcript of Daniel Murphy, at 115:18-117:25.)  Nonetheless, defendants were

27   able to confirm through the deposition of Plumbers' investment manager, White Pine Capital

28

                                                    3
                                         IRI-4497v1

                              BIFFAR DECLARATION IN OPPOSITION
                              TO MOTION FOR CLASS CERTIFICATION
                                          08-CV-1689-H (RBB)

1   LLC, that Plumbers' first two purchases of Novatel stock identified in Mr. Britton's declaration

2   as being made on February 27, 2007 and February 28, 2007 were actually made *before* the

3   beginning of the putative class period, on February 22, 2007 (purchase of 2,900 shares) and

4   February 23, 2007 (purchase of 4,600 shares) (Ex. H, Transcript of Michael Wallace ("Wallace

5   Depo."), at 8:19-12:19; 19:2-21:23; Depo Exs. 2, 3). Plumbers thereafter sold its entire stake in

6   Novatel on March 20, 2007 (for a substantial profit) and did not purchase Novatel shares again

7   until May 28, 2008. (*Id.* at 59:20-23.) Plumbers' February 2007 purchases are outside of the

8   class period and, consequently, provide no basis for recovery.

9           7.      Class discovery has confirmed that Western Penn employed two different

10  investment managers during the putative class period: Smith Asset Management Group

11  ("Smith"), from the beginning of the period through April 19, 2007 (Ex. G, Transcript of John

12  Brim, at 52:13-53:20), and Denver Investments, from April 19, 2007 through the end of the

13  period. During the approximately two-month period that Smith managed Western Penn's

14  account, Smith did not specifically track market share, which it classified as a qualitative factor,

15  but it did track and was aware of quantitative components of Novatel's demand and market share.

16  (*Id.* at 29:4-31:15, 40:22-43:11.) Denver Investments, Western Penn's investment manager

17  during the bulk of the putative class period, and White Pine Capital, Plumbers' sole investment

18  manager during the putative period, both testified that they independently tracked Novatel's

19  demand and market share. (Exs. H, Transcript of Derek Anguilm ("Anguilm Depo."), at 39:1-

20  40:12, 41:17-47:8; J, Wallace Depo, at 43:1-48:18.)

21          8.      Prior to July 20, 2007, Western Penn made four purchases of Novatel stock that

22  fell within nine days of a sale by a defendant. In each of these instances, heavy trading volumes

23  (as well as substantial price differentials) establish that no defendant could have been the seller on

24  the other side of any of these transactions. The chart attached hereto as Exhibit EE depicts all

25  putative class period purchases of Novatel stock by Lead Plaintiffs that followed within nine days

26  of a sale of Novatel stock by a defendant prior to the alleged July 20, 2007 public disclosure of

27  the rumor that Sprint would by transitioning from an old Novatel product line to a new Novatel

28

BIFFAR DECLARATION IN OPPOSITION
TO MOTION FOR CLASS CERTIFICATION
08-CV-1689-H (RBB)

1    product line.  The information in the chart was compiled from the documents attached to Mr.

2    Britton's declaration in support of plaintiffs' motion for class certification (*see* Dkt. No. 121-3,

3    Declaration of Bjorn I. Steinholt, CFA, dated January 8, 2010 & Dkt. No. 121-5, Western Penn's

4    Novatel stock trades), and the consolidated complaint herein (Dkt. No. 23, at ¶ 116).

5         9.       Western Penn's purchases of Novatel stock on May 3, 2007 and July 20, 2007, as

6    well as October 13, 2008, were automatic "program trade[s]," meaning that the purchases were

7    automatically triggered by cash levels in the account exceeding those established by the target

8    model.  (Exs. J, Anguilm Depo, at 84:19-88:18; 104:1-108:4; K.)  "[P]rogram trade[s]" are not

9    made in reliance on any market or other information.  (*See id.*)

10                 **Lead Plaintiffs Have Confirmed Their Insider Trading Claim Is**

11                 **Based Entirely on the Rumor of a Sprint Transition**

12        10.      On October 8, 2009, Mr. Leparulo served requests for admissions on Lead

13   Plaintiffs.  Five of the individual requests asked Lead Plaintiffs to admit that, for each individual

14   defendant, all of his of her sales of Novatel stock made during a specific period between May or

15   June of 2007 (varying for each defendant) and the end of the putative class period were made

16   pursuant to a Rule 10b5-1 sales plan.  (Exs. P, at 580-81; Q, at 587-88.)  In five other RFAs, Mr.

17   Leparulo asked Lead Plaintiffs to admit that, because their trades were prescheduled, defendants

18   could not have sold Novatel stock on the basis of any nonpublic information learned between

19   their adoption of Rule 10b5-1 plans in the spring of 2007, and the end of the putative class period.

20   (Exs. P, at 580-81; Q, at 587-88.)  In a separate interrogatory, Mr. Leparulo requested, for each of

21   the accompanying individual requests for admission that Lead Plaintiffs did not admit without

22   qualification, that Lead Plaintiffs state all facts on which they based their responses.  (Exs. R, at

23   593; S, at 597.)

24        11.      On February 11, 2010, Lead Plaintiffs each served supplemental responses to Mr.

25   Leparulo's requests for admissions and interrogatories.  (Exs. T-W.)  Lead Plaintiffs'

26   supplemental responses to Mr. Leparulo's first set of interrogatories confirm that plaintiffs'

27   insider trading claim is based entirely on the rumored Sprint transition.  (Exs. V, at 626-28; W, at

28

BIFFAR DECLARATION IN OPPOSITION
TO MOTION FOR CLASS CERTIFICATION
08-CV-1689-H (RBB)

1  638-40 (denying that each individual defendants' sales of Novatel stock were in compliance with

2  Rule 10b5-1 because each defendant "traded stock while in possession of material nonpublic

3  information concerning the end-of-life of the Company's 720 USB modem with Sprint").)

4       I declare under penalty of perjury under the laws of the United States that the foregoing is

5  true and correct.

6       Executed on March 15, 2010 at Irvine, California.

7

8                 */s/ Travis Biffar*
               Travis Biffar

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BIFFAR DECLARATION IN OPPOSITION
TO MOTION FOR CLASS CERTIFICATION
08-CV-1689-H (RBB)

**TABLE OF CONTENTS FOR EXHIBITS**

| EXHIBIT | DESCRIPTION | PAGE NO. |
|---|---|---|
| A. | Lead Plaintiff Western Pennsylvania Electrical Employees Pension Fund's ("Western Penn") monitoring agreement with lead plaintiffs' counsel Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia"), dated November 7, 2005. | 7 |
| B. | Lead Plaintiff Plumbers and Pipefitters' Local No. 562 Pension Fund's ("Plumbers") monitoring agreement with Coughlin Stoia, dated April 29, 2005 | 11 |
| C. | Western Penn's retainer agreement with Coughlin Stoia, dated October 10, 2008 | 15 |
| D. | Plumbers' retainer agreement with Coughlin Stoia, dated September 29, 2008 | 18 |
| E. | Excerpts from the February 26, 2010 deposition of Michael Dunleavy, the Fed. R. Civ. P. 30(b)(6) "person most knowledgeable" designee of Western Penn | 21 |
| F. | Excerpts from the February 16, 2010 deposition of Daniel Murphy, the Fed. R. Civ. P. 30(b)(6) "person most knowledgeable" designee of Plumbers | 266 |
| G. | Excerpts from the February 17, 2010 deposition of John Brim, the Fed. R. Civ. P. 30(b)(6) "person most knowledgeable" designee of Smith Asset Management, LP | 386 |
| H. | Excerpts from the February 18, 2010 deposition of Michael Wallace, the Fed. R. Civ. P. 30(b)(6) "person most knowledgeable" designee of White Pine Capital LLC | 401 |
| I. | Excerpts from the February 19, 2010 deposition of Anthony Stoss, the Fed. R. Civ. P. 30(b)(6) "person most knowledgeable" designee of Craig-Hallum Capital Group | 413 |
| J. | Excerpts from the February 22, 2010 deposition of Derek Anguilm, the Fed. R. Civ. P. 30(b)(6) "person most knowledgeable" designee of Denver Investment Advisors, LLC ("Denvest") | 439 |
| K. | February 23, 2010 email from Robyn Momper of Denvest to me and other counsel in this action | 519 |
| L. | July 18, 2007 article from the wireless industry news website http://www.evdoinfo.com | 521 |
| M. | Complaint filed on September 18, 2008 in *Harms v. Novatel Wireless, Inc. et al.*, 08-CV-1714 H-POR | 525 |

i

08-CV-1689-H (RBB)

1

N.  Private Securities Litigation Reform Act ("PSLRA") certification of Western Penn, previously filed in this action as Exhibit A to the Declaration of Brian O'Mara in Support of Pension Funds' Motion for Consolidation and Appointment as Lead Plaintiffs ("O'Mara Declaration," Dkt. No. 10-4, November 17, 2008) ........................ 552

O.  PSLRA certification of Plumbers, previously filed in this action as Exhibit A to the O'Mara Declaration ........................ 565

P.  Mr. Leparulo's First Set of Requests for Admissions to Western Penn, dated October 8, 2009 ........................ 578

Q.  Mr. Leparulo's First Set of Requests for Admissions to Plumbers, dated October 8, 2009 ........................ 585

R.  Mr. Leparulo's First Set of Interrogatories to Western Penn, dated October 8, 2009 ........................ 592

S.  Mr. Leparulo's First Set of Interrogatories to Plumbers, dated October 8, 2009 ........................ 596

T.  Western Penn's Supplemental Responses to Mr. Leparulo's First Set of Requests for Admissions, dated February 11, 2010 ........................ 600

U.  Plumbers' Supplemental Responses to Mr. Leparulo's First Set of Requests for Admissions, dated February 11, 2010 ........................ 611

V.  Western Penn's Supplemental Responses to Mr. Leparulo's First Set of Interrogatories, dated February 11, 2010 ........................ 622

W.  Plumbers' Supplemental Responses to Mr. Leparulo's First Set of Interrogatories, dated February 11, 2010 ........................ 634

X.  Form 8-K filed by Novatel with the Securities and Exchange Commission ("SEC") on December 20, 2006 ........................ 646

Y.  Form 4s filed by Novatel with the SEC on behalf of Robert Hadley and Slim Souissi between March 2, 2007 and May 16, 2008 ........................ 649

Z.  Form 8-K filed by Novatel with the SEC on May 25, 2007 ........................ 667

AA.  Form 12b-25 filed by Novatel with the SEC on May 13, 2008 ........................ 670

BB.  Form 8-K filed by Novatel with the SEC on May 20, 2008 ........................ 674

CC.  Form 10-Q for the first quarter of 2008, filed with the SEC on November 10, 2008 ........................ 678

DD.  Form 10-Q for the second quarter of 2008, filed with the SEC on November 10, 2008 ........................ 709

1

EE.     Chart depicting all pre-July 20, 2007 putative class period     757
        purchases of Novatel stock by Lead Plaintiffs that followed within
        nine days of a sale of Novatel stock by a defendant

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28