1 | ROBBINS GELLER RUDMAN
     & DOWD LLP
2 | DOUGLAS R. BRITTON (188769)
     LUCAS F. OLTS (234843)
3 | ERIC I. NIEHAUS (239023)
     655 West Broadway, Suite 1900
4 | San Diego, CA  92101
     Telephone:  619/231-1058
5 | 619/231-7423 (fax)
     dougb@rgrdlaw.com
6 | lolts@rgrdlaw.com
     ericn@rgrdlaw.com
7 |
     Lead Counsel for Plaintiffs
8 |
     [Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUREEN BACKE, Individually and on Behalf of All Others Similarly Situated,<br><br>                 Plaintiffs,<br><br>    vs.<br><br>NOVATEL WIRELESS, INC., et al.,<br><br>                 Defendants. | ) Lead Case No. 08-CV-01689-H(RBB)<br>)<br>) **(Consolidated)**<br>)<br>) <u>CLASS ACTION</u><br>)<br>) LEAD PLAINTIFFS' RESPONSE TO<br>) DEFENDANTS' *EX PARTE* APPLICATION<br>) FOR TELEPHONIC STATUS<br>) CONFERENCE<br>) |

DATE:     Not set
TIME:     Not set
PLACE:    Courtroom 13
JUDGE:    The Honorable Marilyn L. Huff

520812_1

Defendants' *ex parte* application improperly distorts the Ninth Circuit's holdings in *Dukes v. Wal-Mart Stores, Inc.*, Nos. 04-16688 & 04-16720, Opinion (9th Cir. Apr. 26, 2010). Contrary to defendants' contention, the *Dukes* case says exactly what plaintiffs argued in their motion and at the hearing – the Court must do a rigorous analysis of Rule 23's requirements but may not inquire into the merits unless they overlap with those requirements. *Id.* at 6176-77 ("[W]hen considering class certification under Rule 23, district courts are not only at liberty to, but must, perform a rigorous analysis to ensure that the prerequisites of Rule 23 have been satisfied, and this analysis will often, though not always, require looking behind the pleadings to issues **overlapping** with the merits of the underlying claims.") (emphasis added). The *Dukes* opinion does not sanction a decision on loss causation at class certification. In fact, it does the exact opposite – plaintiffs need only show an efficient market to demonstrate that common issues predominate under Rule 23. *Id.* at 6177 ("Plaintiffs pleading fraud-on-the-market, on the other hand, may have to establish an efficient market to even raise common questions or show predominance.").

Nowhere does the Ninth Circuit hold or even suggest that loss causation is now a class certification issue. Indeed, defendants' discussion of the Second Circuit's opinion in *In re Initial Public Offering Securities Litigation* ("*In re IPO*"), 471 F.3d 24 (2d Cir. 2006), and their claim that the Ninth Circuit somehow adopted their flawed interpretation of *In re IPO* is classic over-reaching. Memorandum of Points and Authorities in Support of Defendants' *Ex Parte* Application for Telephonic Status Conference at 2. Contrary to defendants' assertions, the Second Circuit does not require "proof of loss causation on class certification." *Id.*; *see Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168, 186 (S.D.N.Y. 2008) ("Nothing in *Basic* **or any Second Circuit precedent** requires that Plaintiff prove loss causation by a preponderance of the evidence in order to invoke the *Basic* presumption and satisfy the requirements of Rule 23.") (emphasis added). In fact, the Ninth Circuit in *Dukes* held that, "'[b]y asking the Court to decide which expert report is more credible [as defendants attempt to do here], defendants are requesting that the Court look beyond the Rule 23 requirements and decide the issue on the merits, a practice *In re IPO* specifically cautions against.'" *Dukes*, Opinion at 6174 (quoting *Hnot v. Willis Group Holdings, Ltd.*, 241 F.R.D. 204, 210 (S.D.N.Y. 2007)). As plaintiffs demonstrated at the hearing, it is clear that defendants' attempt to

1  resolve issues of loss causation at class certification is an impermissible inquiry into the merits since
2  those issues do not affect whether Rule 23's requirements have been met.
3        Defendants have given no reason to support further briefing on the Dukes opinion beyond
4  what is already contained in their ex parte application.  Since the Dukes opinion does not alter the
5  standards discussed in the parties' briefs or at the hearing, there is no justification to rebrief class
6  certification as defendants request.

7  DATED:  April 27, 2010                    Respectfully submitted,

8                                            ROBBINS GELLER RUDMAN
                                                & DOWD LLP
9                                            DOUGLAS R. BRITTON
                                             LUCAS F. OLTS
10                                           ERIC I. NIEHAUS

11
                                                 s/ DOUGLAS R. BRITTON
12                                               DOUGLAS R. BRITTON

13                                           655 West Broadway, Suite 1900
                                             San Diego, CA  92101
14                                           Telephone:  619/231-1058
                                             619/231-7423 (fax)
15
                                             Lead Counsel for Plaintiffs
16
                                             CAVANAGH & O'HARA
17                                           PATRICK O'HARA
                                             407 East Adams Street
18                                           Springfield, IL  62701
                                             Telephone:  217/544-1771
19                                           217/544-9894 (fax)

20                                           DYER & BERENS LLP
                                             ROBERT J. DYER III
21                                           JEFFREY A. BERENS
                                             303 East 17th Avenue, Suite 300
22                                           Denver, CO  80203
                                             Telephone:  303/861-1764
23                                           303/395-0393 (fax)

24

25

26

27

28

|   |   |
|---|---|
| 1 | |
| 2 | HOLZER HOLZER & FISTEL, LLC<br>COREY D. HOLZER |
| 3 | MICHAEL I. FISTEL, JR.<br>MARSHALL P. DEES |
| 4 | 200 Ashford Center North, Suite 300<br>Atlanta, GA  30338 |
| 5 | Telephone:  770/392-0090<br>770/392-0029 (fax) |
| 6 | Additional Counsel for Plaintiff |
| 7 | |
| 8 | |
| ... | |
| 28 | |

CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 27, 2010.

  s/ DOUGLAS R. BRITTON
DOUGLAS R. BRITTON

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  DougB@rgrdlaw.com

# Mailing Information for a Case 3:08-cv-01689-H -RBB

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Travis Biffar**
  tbiffar@jonesday.com,fswallace@jonesday.com

- **Robert S Brewer , Jr**
  rsbrewer@jonesday.com,pwalter@jonesday.com

- **Douglas R Britton**
  DougB@rgrdlaw.com,jillk@rgrdlaw.com,ldeem@rgrdlaw.com

- **Michael I. Fistel , Jr**
  mfistel@holzerlaw.com,dhotnog@holzerlaw.com

- **Michael M Goldberg**
  mgoldberg@glancylaw.com,info@glancylaw.com

- **Sabrina S. Kim**
  skim@milberg.com,mbowman@milberg.com,cchaffins@milberg.com

- **Eric Landau**
  elandau@jonesday.com,kamarkwick@jonesday.com

- **Coty Rae Miller**
  cmiller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew P Montgomery**
  e_file_sd@rgrdlaw.com

- **Eric I Niehaus**
  EricN@rgrdlaw.com,e_file_sd@rgrdlaw.com,ericniehaus@hotmail.com

- **Lucas F. Olts**
  lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Cary D Sullivan**
  carysullivan@jonesday.com,kamarkwick@jonesday.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Patricia J. Villareal
Jones Day
2727 North Harwood Street
Dallas, TX 75201
```