1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re NOVATEL WIRELESS SECURITIES LITIGATION | ) ) ) | Lead Case No. 08-CV-01689-AJB(RBB) |
|---|---|---|
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION TO FILE CERTAIN |
| ALL ACTIONS. | ) ) ) ) | PORTIONS OF THE REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF THIRD-PARTY KPMG DOCUMENTS DESIGNATED AS PRIVILEGED BY DEFENDANT NOVATEL AND CERTAIN EXHIBITS TO THE DECLARATION OF ERIC I. NIEHAUS IN SUPPORT OF THE REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF THIRD-PARTY KPMG DOCUMENTS DESIGNATED AS PRIVILEGED BY DEFENDANT NOVATEL UNDER SEAL PURSUANT TO LOCAL RULE 79.2 AND THE PROTECTIVE ORDER ENTERED NOVEMBER 18, 2009 [ECF NO. 364] |

618095_1

On April 11, 2011, plaintiffs filed an *ex parte* application to file under seal certain portions of the Reply in Support of Plaintiffs' Motion to Compel Production of Third-Party KPMG Documents Designated as Privileged by Defendant Novatel (the "Reply") and certain documents in connection with the Reply.  Dkt. No. 364.  Plaintiffs seek to file under seal certain portions of the Reply and Exhibits 1, 4-10 to the Declaration of Eric I. Niehaus in Support of the Reply in Support of Plaintiffs' Motion to Compel Production of Third-Party KPMG Documents Designated as Privileged by Defendant Novatel ("Niehaus Declaration") pursuant to Local Rule 79.2 and the Protective Order Re Confidentiality as Modified by the Court, entered November 18, 2009.  *Id.*  On April 11, 2011, plaintiffs filed a redacted version of the Reply.  Dkt. No. 365.

Federal Rule of Civil Procedure 26 authorizes a court to order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1)(G).  Courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information." *Phillips v. GMC*, 307 F.3d 1206, 1211 (9th Cir. 2002).  In exercising that discretion, the court must determine whether good cause for such an order exists.  *Id.* at 1212.

In this case, after reviewing the documents in question, the Court concludes that good cause exists to file them under seal.  Accordingly, the Court GRANTS plaintiffs' *ex parte* application for leave to:

1.    file certain portions of the Reply under seal; and

2.    file Exhibits 1, 4-10 to the Niehaus Declaration under seal.

IT IS SO ORDERED.

DATED:  April 14, 2011

_____
THE HONORABLE RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE