UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re NOVATEL WIRELESS SECURITIES LITIGATION<br><br>This Document Relates to<br><br>ALL ACTIONS. | Lead Case No.: 08cv1689 AJB (RBB)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>[Doc. No. 436] |

On March 29, 2012, Defendants filed a motion for reconsideration, [Doc. No. 436], of this Court's Order of March 1, 2012, [Doc. No. 428], which granted the Plaintiff's motion to exclude the expert testimony of Defendants' loss causation expert Dr. Bradford Cornell. Plaintiffs filed an opposition, [Doc. No. 438], and the Defendants filed a reply, [Doc. No. 441]. The hearing set for July 6, 2012, is hereby VACATED, as the Court finds this motion appropriate for submission on the papers without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Defendants motion for reconsideration is **DENIED**.

### *Legal Standard*

Under Rule 59(e) of the Federal Rules of Civil Procedure, a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore *et al.*, Moore's Federal Practice § 59.30[4] (3d ed.2000); *see also Carroll v. Nakatani*, 342 F.3d 934, 945

(9th Cir. 2003); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll*, 342 F.3d at 945 (quoting *Kona*, 229 F.3d at 890 (citations omitted)). A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.*

In the Southern District of California, motions for reconsideration are also governed by Civil Local Rule 7.1(i). The rule requires that for any motion for reconsideration,

> it shall be the continuing duty of each party and attorney seeking such relief to present to the judge ... an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

Civ. L.R. 7.1(i)(1).

### *Discussion*

The Defendants motion seeks reconsideration[1] of this Court's March 1, 2012 Order granting the Plaintiffs' motion to exclude the expert testimony of Dr. Bradford Cornell. The Order concluded that Dr. Cornell, Defendants' loss causation expert, should be excluded from offering his opinion testimony because his analysis was based on a loss causation standard that is incompatible with that set forth by the Ninth Circuit. The Defendants argue that reconsideration is warranted because the Order is clearly erroneous.

#### *I. Reconsideration Based Upon Clear Error*

In the instant motion, the Defendants invoke "clear error" as the basis for reconsideration.[2] While "[t]he Ninth Circuit has not defined a standard for 'clear error,' . . . it has been discussed by other

---

[1] As a preliminary matter, the Court notes that the Defendants motion fails to make any mention of what rule Defendants are relying upon for the requested reconsideration.

[2] Defendants state: ". . . as this Court has recognized, "clear error" in the context of a request for a district court to reconsider its own order merely means that the Court may revise its opinion if it believes it reached the wrong decision the first time." *See* Mot., Doc. No. 436, at 3, n. 2. The Court finds the Defendants attempt to attribute a more lenient definition for a request for consideration on the basis of clear error to be a blatant mischaracterization of this Court's ruling in *Quinones v. Chase Bank, USA, N.A.* No. 09cv2748– AJB(BGS), 2012 WL 1327829, at *4 (S.D. Cal. Apr. 13, 2012).

circuits." *Campion v. Old Republic Home Prot. Co.*, No. 09-CV-748-JMA(NLS), 2011 U.S. Dist. LEXIS 54104, at *5 (S.D. Cal. May 20, 2011). As the Fifth Circuit described the standard, the decision must be "'dead wrong'":

> "[I]n the context of the law of the case doctrine, 'clearly erroneous' is a very exacting standard. 'Mere doubts or disagreement about the wisdom of a prior decision of this or a lower court will not suffice for this exception. To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must be dead wrong.'"

*Id.* (quoting *Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000)). Similarly, the Eighth Circuit has stated that to be clearly erroneous, a decision must strike the Court "'as more than just maybe or probably wrong'"; it must strike the Court "'as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *In re Papio Keno Club, Inc.*, 262 F.3d 725, 729 (8th Cir. 2001).

Defendants' "clear error" argument is based on their claim that "the Court's Order overlooked" their argument that Dr. Cornell could offer other relevant testimony that is not "tainted by" his erroneous legal conclusions. Doc. No. 436, at 2. In the Order, however, the Court expressly noted that it had considered and rejected this argument. *See Novatel*, 2012 U.S. Dist. LEXIS 26926, at *9 (noting defendants' argument that "if Plaintiffs could show that Dr. Cornell's understanding of legal loss causation standards was erroneous . . . that would require, at most, the exclusion of the erroneous legal conclusions themselves, not the exclusion of Dr. Cornell's testimony as a whole"). The Court rejected Defendants argument finding the "erroneous legal conclusions form[ed] the basis of Dr. Cornell's rebuttal opinions." *Id.* Based upon the foregoing, the Court finds Defendants have failed to demonstrate that the Court March 1, 2012 Order excluding Dr. Cornell's testimony was clearly erroneous.

### II. Relief Requested by Defendants

Defendants argue that the exclusion of Dr. Cornell's testimony in its entirety was clear error and argue that the Court should reconsider its ruling and allow Dr. Cornell to testify on topics completely independent of the loss causation standard. Specifically, the Defendants contend that Dr. Cornell should be allowed to testify regarding: 1) his intraday analysis; 2) the definition of a confounding event; 3)

factual causes of Novatel's share price declines; 4) the definition of materiality; and 5) how information filters into the market and how investors respond.[3]

### 1. Dr. Cornell's Intraday Analysis Testimony

Defendants argue that Dr. Cornell's testimony regarding the "intraday analysis" of Novatel's stock price on July 20, 2007 performed by plaintiffs' expert Bjorn Steinholt, should be allowed because it is independent of the legal standard for loss causation. Alternatively, Plaintiffs argue that Dr. Cornell's report explicitly states that for this portion of his testimony he is conducting a "News Analysis Around Alleged Corrective Disclosure Dates" (*see* Doc. No. 398-2, Ex. A at 14-31) and, according to Dr. Cornell, "[i]n order to constitute a corrective disclosure, such a revelation must correct prior misstatements or omissions in such a way that a reasonable investor can reasonably infer that a fraud has occurred." *Id.* at 10, ¶25.

Based upon the foregoing, the Court finds that Dr. Cornell's "intraday analysis" testimony is based on a loss causation standard that is incompatible with that set forth by the Ninth Circuit, and was therefore properly excluded. *Novatel*, 2012 U.S. Dist. LEXIS 26926, at *9. As such, the Defendants motion for reconsideration with regard to the exclusion of Dr. Cornell's intraday analysis is DENIED.

### 2) Dr. Cornell's Confounding Event Testimony

Next, the Defendants argue that Dr. Cornell's proposed testimony regarding what a confounding event is and how the effects of confounding events can be segregated out from a company's stock price behavior is a matter of economic analysis, and is entirely separate from the alleged error in Dr. Cornell's legal standard. However, Plaintiffs' argue that Dr. Cornell's proposed testimony on the effect of confounding news and its impact on Novatel's stock price is inextricably intertwined with his erroneous legal conclusion. Dr. Cornell testified, "confounding events" address the situation where "two or more pieces of information" could potentially have caused the stock price to move. Doc. No. 398-2, Ex. B at 34:9-15. But, as he testified, parsing was unnecessary because "[i]n some cases, you say I don't care, I'm just going to put them together." *Id.* at 37:18-20. Dr. Cornell's testimony on why he would "just . . . put

---

[3] The Defendants motion also includes arguments directed to the Plaintiffs' loss causation expert Bjorn Steinholt. These arguments are outside the scope of the Court's March 1, 2012 Order and inappropriately present arguments regarding a submitted motion upon which the Court has not yet ruled. As such, the Court will not address the merits of these arguments on reconsideration and the Defendants' motion for reconsideration on these grounds is DENIED.

them together," directly contradicts defendants' argument that these confounding events opinions are not tainted:

> Q. Why in some cases would you say I don't care and analyze the events together?
>
> [A]. Because, for example, in this case, if neither touch upon any fraud, then they can be lumped together because that's the only question you're investigating. You don't need to know how relatively important each was.

*Id.* at 38:1-8. Thus, contrary to defendants' claim, Dr. Cornell's "confounding events" testimony, which he testified "only" concerned whether a disclosure "touch[ed] upon any fraud," is inextricably intertwined with his erroneous legal conclusions and was properly excluded. As such, the Defendants motion for reconsideration with regard to the exclusion of Dr. Cornell's confounding event testimony is DENIED.

### 3) Dr. Cornell's Testimony Regarding Factual Causes of Novatel's Share Price Declines

Defendants' argue that Dr. Cornell's testimony about the "factual causes of Novatel's share price declines" is "untainted by the legal error," however, Defendants fail to cite to Dr. Cornell's report or deposition testimony to demonstrate what the purportedly "untainted" testimony would be. Doc. No. 436, at 3-4. As Plaintiffs' point out, Dr. Cornell's testimony about the "factual causes of Novatel's share price declines" is contained in the section of his report titled "News Analysis Around Alleged Corrective Disclosure Dates," which relies on Dr. Cornell's erroneous definition of what constitutes a corrective disclosure. *See* Doc. No. 398-2, Ex. A at 10, 14-46. As such, the Defendants motion for reconsideration of the exclusion of Dr. Cornell's testimony regarding factual causes of Novatel's share price declines is DENIED.

### 4) Dr. Cornell's Materiality Testimony

While Dr. Cornell correctly noted the materiality standard from *TSC Indus. v. Northway, Inc.*, 426 U.S. 438 (1976), his analysis of materiality is inextricably intertwined with his erroneous legal standard of loss causation. *See* Doc. No. 398-2, Ex. A at 14-46 (materiality analysis is part of his loss causation or "corrective disclosure" analysis). Dr. Cornell testified that when he refers to "relative value and importance," that refers to materiality. Doc. No. 398-2, Ex. B at 41:18-21. And, as noted above, Dr. Cornell testified that "in this case," "[y]ou don't need to know how relatively important" or material a given disclosure was because "if neither touch upon any fraud, then they can be lumped together because

that's the only question you're investigating." *Id.* at 38:1-8. Similarly, Dr. Cornell was asked a number of questions about whether various hypothetical disclosures "reveal[ed] any material misrepresentation or omission." *Id.* at 50:9-51:7. Dr. Cornell testified that none of the hypothetical disclosures revealed a material misstatement or omission because "there would have to be some reasonable inference that [the disclosure] was related to a fraud." *Id.*

Based upon the foregoing, the Defendants motion for reconsideration of the exclusion of Dr. Cornell's testimony regarding materiality is DENIED.

### 5) Dr. Cornell's Testimony Concerning How Information Filters into the Market and How Investors Respond

Defendants' contend that Dr. Cornell's testimony about "how information filters out to the market and how investors respond to that information," and "how an economist would view [an event study's] importance" does not turn on the Ninth Circuit's legal standard of loss causation. However, as Plaintiffs' aptly point out, Dr. Cornell repeatedly emphasized during his deposition testimony that each of these opinions depended on an investor inferring that a fraud had occurred. *See* Doc. No. 398-2, Ex. B at 24:6-18 (his analysis sought to determine "if there was any information that touched upon or from which investors could have inferred that there had been a fraud"), 20:17-22 ("By looking at the disclosures themselves, in and of themselves, can you draw an inference that there might have been a fraud . . . ."), 44:20-45:10 ("you have to be able to infer some – with some confidence that a fraud has occurred"). Plaintiffs' argue, and the Court agrees, that it would be impossible to separate Dr. Cornell's erroneous legal standard from such testimony. As such, the Defendants motion for reconsideration of the exclusion of Dr. Cornell's testimony regarding how information filters out to the market and how investors respond to that information is DENIED.

### Conclusion

For the reasons set forth above, the Defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

DATED: June 27, 2012

Hon. Anthony J. Battaglia
U.S. District Judge