UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re NOVATEL WIRELESS SECURITIES LITIGATION<br><br>_____<br><br>This Document Relates to<br><br>ALL ACTIONS.<br><br>_____ | Civil No.08cv1689 AJB (RBB)<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION<br><br>(Doc. No. 489) |

Before the Court is Defendants' Motion for Reconsideration. (Doc. No. 489.) Defendants seek reconsideration of the Court's previous order denying Defendants' Motion to Exclude Plaintiff's Expert, Bjorn Steinholt. (Doc. No. 485.) For the reasons set forth, Defendants' Motion is DENIED.

**I.     PROCEDURAL BACKGROUND**

On October 29, 2013, the Court issued an Order denying Defendants' Motion to Exclude Plaintiffs' Loss Causation and Damages Expert, Bjorn Steinholt. (*Id.*) A detailed explanation of the procedural background with regards to that *Daubert* motion can be found in the Order, and the Court incorporates by reference the details contained therein.

Defendants now seek reconsideration on the grounds that the Court committed clear error, arguing that the Court sua sponte raised an alternative theory for which Plaintiffs may

prove loss causation for the 2008 corrective disclosures. (Doc. No. 489 at 2.)  The Court respectfully disagrees with Defendants' interpretation of the Court's *Daubert* Order.

## II. DISCUSSION

### a. Legal Standard

A motion for reconsideration may be brought under Federal Rules of Civil Procedure 59(e) or 60(b).  A motion is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (noting that a motion for reconsideration filed within the time period set forth in Rule 59(e) is treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), while a motion filed beyond that time period is treated as a Rule 60(b) motion for relief from a judgment or order).  Inasmuch as Plaintiff's motion was filed within twenty-eight days of the Court's previous order, Plaintiff's motion is properly characterized as arising under Rule 59(e) rather than Rule 60(b). *Id.*  The Court may grant a motion to alter or amend under Rule 59(e) when: (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. *Duarte v. Bardales*, 526 F.3d 563, 567 (9th Cir. 2008) (quoting Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001)).  The standard for reconsideration under Rule 60(b) is substantially similar. *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 666 F.3d 772, 780 (9th Cir. 2009).

### B. Analysis

Under Rule 59(e), reconsideration may be appropriate if the Court committed clear error or rendered a manifestly unjust decision.  Defendants seek reconsideration of the Court's Order upholding Steinholt's loss causation as to the 2008 disclosure dates, arguing that there is no other method by which Plaintiffs may be able to establish loss causation in light of the Court's previous summary judgment order issued November 23, 2011. (*See*

Doc. No. 414.) The Court dismissed Plaintiffs' channel stuffing claim finding that Plaintiffs failed to demonstrate falsity, materiality or scienter.

Defendants misinterpret the spirit of the Court's Order. The Court is not raising a new theory by which Plaintiffs may establish loss causation, the Court was merely responding to Defendants' assertion raised in their *Daubert* Motion. In that Motion, Defendants argued that with the dismissal of Plaintiffs' channel stuffing claim, Defendants' financial statements are necessarily deemed accurate. (Doc. No. 468 at 13-14.) It was as if Defendants were seeking a summary adjudication from the Court declaring that all of Novatel's financial statements were accurate and without irregularities. The Court was not and is not of a position to confirm and bless such a declaration. The Court stated that "it may still be the case" that there were some financial irregularities, and this is a burden upon Plaintiffs to show. (Doc. No. 485 at 16.) Defendants cite to the Court's Order stating that "[i]f Defendants' contention, that the financial statements are now 'accurate' is true, then Plaintiffs would not be able to establish loss causation from the 2008 disclosure dates," as the disclosures would merely be repeating information known to the public about the true level of product demand. (Doc. No. 485 at 16.) For the Court, this theory would only work if the financial statements indeed accurately represented the level of product demand in a way that the reasonable investor could comprehend despite any alleged active misrepresentations from the Company and its officials. *If* this were the case, then the truth with regards to Novatel's ability or inability to meet the needs of its customers would be known to the public.

However, Plaintiffs have continuously represented that the Company's financial results were false and misleading and that Defendants actively concealed the true financial condition of the Company. (*See e.g.,* Consolidated Complaint, Doc. No. 23 at ¶ 57.) Indeed, Plaintiffs objected to Defendants' characterization that the financial statements are "accurate," even with the dismissal of the channel stuffing claim and any evidence that purports to show improper revenue recognition resulting from channel stuffing.

     The Court realizes the confusion its Order may have caused and takes this opportunity to further clarify.  The confusion stemmed from the fact the Order referred to testimony of Plaintiffs' accounting expert Paul Regan.[1]  What the Order meant to convey was that to the extent Plaintiffs have properly disclosed and pursued discovery on alleged accounting misrepresentations that sought to conceal the true level of product demand, based on Plaintiffs' product mix claim and unrelated to channel stuffing, such evidence *may* still properly be a part of the litigation.  However, if Plaintiffs asserted nothing other than channel stuffing relative to accounting misrepresentations for the 2008 disclosures in the case to date, then Plaintiffs will not be allowed to attempt to prove loss causation with regards to the 2008 disclosure dates as no triable issue will exist in that regard.  Such matters will be addressed during the upcoming Pretrial Conference and subsequent Motion *in Limine* hearing, and at the end of the day, would be the subject of a Rule 50(a) Motion for Judgment as a Matter of Law at trial.

IT IS SO ORDERED.

DATED:  November 13, 2013

                                                             Hon. Anthony J. Battaglia
                                                             U.S. District Judge

---

[1] The 125 transactions allegedly in violation of Generally Accepted Accounting Principles should not have been mentioned in the Order as those transactions relate to alleged pull-in transactions that are related to the channel stuffing claim.  This evidence would be impermissible.