UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re NOVATEL WIRELESS SECURITIES LITIGATION ) ) ) ) _____ ) ) This Document Relates to ) ) ALL ACTIONS. ) ) ) _____ ) | Civil No.08cv1689 AJB (RBB)<br><br>FINAL PRETRIAL CONFERENCE ORDER |

   Following pretrial proceedings pursuant to Fed. R. Civ. P. 16 and Civil Local Rule 16.1(f)(6).

   IT IS ORDERED THAT:

   I.   STATEMENT TO BE READ TO THE JURY

This lawsuit is a civil action.  Plaintiffs allege that defendants violated the federal securities laws and seek compensation for alleged damages suffered as a result.

   Plaintiffs are all persons or entities who purchased the common stock of Novatel Wireless, Inc. ("Novatel") between February 27, 2007 and September 15, 2008 (the "Class Period").  The two Class Representatives are Plumbers & Pipefitters' Local 562 Pension Fund and Western Pennsylvania Electrical Employees Pension Fund.  The Class Representatives are suing on their own behalf and as representatives of all persons or entities who purchased Novatel common stock during the relevant period.

In this trial there are six defendants: Novatel and five individuals, and all are current or former Novatel employees. During the period of this lawsuit, Novatel was a publicly-traded company whose common stock traded on the Nasdaq stock exchange.

In addition to the corporate defendant Novatel, there are five individual defendants, each of whom was a member of Novatel's senior management during some portion of the relevant time period. They are Peter V. Leparulo who was Executive Chairman and later became Chief Executive Officer, George Brad Weinert who was President, Robert M. Hadley who was Senior Vice President of Worldwide Sales and Marketing, Slim S. Souissi who was Senior Vice President and Chief Technology Officer, and Catherine F. Ratcliffe who was Senior Vice President of Business Affairs and General Counsel.

Plaintiffs have brought claims against defendants under the federal securities laws. The federal securities laws are laws that prohibit the issuance of materially false or misleading statements by public companies in connection with investors buying and selling stock. Plaintiffs in this case claim that: (1) they purchased shares of Novatel common stock; (2) they suffered damages; and (3) defendants caused their damages because they knowingly or recklessly issued false or misleading statements or failed to disclose "material" facts about Novatel that they had an obligation to disclose. Plaintiffs also claim that defendants Weinert, Hadley, Souissi, and Ratcliffe violated the federal securities laws by selling Novatel stock on the basis of material non-public information about Novatel. Defendants deny each and every one of these claims. In addition, defendants have asserted certain affirmative defenses, which if proven, would constitute a defense to plaintiffs' claims.

This case was brought as a class action, which is a procedure that allows one plaintiff, or a small number of plaintiffs (the Class Representatives here), to represent a larger number of individuals or legal entities in the lawsuit. In this case, the two Class Representatives have brought this class action on behalf of themselves and as representatives of all purchasers of the common stock of Novatel during the Class Period. The

purchasers of Novatel common stock during the Class Period are called Class Members, or, collectively, the Class. The outcome of this trial will bind all members of the Class and all six defendants.

## II. CAUSES OF ACTION TO BE TRIED

### A. For Violation of §10(b) of the Securities Exchange Act of 1934 ("1934 Act") and Rule 10b-5 Against Novatel, Leparulo, and Weinert

#### 1. The Elements for Non-Forward Looking Statements

Plaintiffs allege that defendants defrauded them by making materially false and misleading statements and omissions regarding Novatel's business. This is referred to as "the plaintiffs' 10b-5 claim."

On this claim, plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

    a.    defendants made an untrue statement of a material fact or omitted a material fact necessary under the circumstances to keep the statements that were made from being misleading in connection with the purchase of securities;

    b.    defendants acted with scienter;

    c.    defendants used an instrumentality of interstate commerce, such as mail or telephone in connection with the purchase of securities, regardless whether the instrumentality itself was used to make an untrue statement or a material omission;

    d.    plaintiffs justifiably relied on defendants' untrue statement of a material fact or defendants' omission to state a necessary material fact in buying securities;

    e.    plaintiffs suffered an economic loss; and

    f.    defendants' misrepresentations or omissions caused plaintiffs' economic loss.

## 2. The Elements for Forward-Looking Statements

Plaintiffs allege that defendants defrauded them by making materially false and misleading statements and omissions regarding Novatel's business. This is referred to as "the plaintiffs' 10b-5 claim."

On this claim, plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

    a.    defendants made an untrue statement of a material fact or omitted a material fact necessary under the circumstances to keep the statements that were made from being misleading in connection with the purchase of securities;

    b.    defendants acted with scienter;

    c.    defendants used an instrumentality of interstate commerce, such as mail or telephone in connection with the purchase of securities, regardless whether the instrumentality itself was used to make an untrue statement or a material omission;

    d.    plaintiffs justifiably relied on defendants' untrue statement of a material fact or defendants' omission to state a necessary material fact in buying securities;

    e.    plaintiffs suffered an economic loss; and

    f.    defendants' misrepresentations or omissions caused plaintiffs' economic loss.

To the extent that defendants demonstrate that any statement was forward-looking, plaintiffs must prove each of the elements above and also that both:

    a.    the statement was not accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement; and

    b.    the statement was made with actual knowledge by the speaker that the statement was false or misleading.

### 3. Damages

Focusing solely on the four price declines that plaintiffs allege were caused by fraud, and accounting for the Private Securities Litigation Reform Act of 1995's ("PSLRA") 90-day look back rule, plaintiffs contend that defendants' fraudulent conduct caused the Class aggregate damages in excess of $300 million.

### 4. Defenses

Plaintiffs intend to show reliance by showing that Novatel stock traded in an efficient market, and therefore, under the fraud on the market presumption, there is a rebuttable presumption that plaintiffs relied on the integrity of the price of Novatel stock. Defendants may rebut the presumption by any showing that severs the link between the alleged misrepresentation and either the price received (or paid) by the plaintiff, or its decision to trade at a fair market price.

In their answer to the Complaint, defendants also asserted the following defenses, among others. Defendants intend to pursue each of the following defenses at trial:

    a. plaintiffs fail to state a claim;
    b. the Class Representatives lack standing;
    c. defendants lacked scienter;
    d. plaintiffs and the Class have not suffered any damages;
    e. the allegedly false statements were not material;
    f. any decline in Novatel's stock price was the product of market forces and not any wrongful conduct by defendants;
    g. defendants had no duty to disclose the information plaintiffs claim was omitted;
    h. defendants relied in good faith on the third-party professionals and experts, such as their auditors;
    i. plaintiffs cannot show proximate cause;
    j. plaintiffs cannot show loss causation;

        k.        the alleged misrepresentations are not actionable under the "bespeaks caution" doctrine; and

        l.        plaintiffs' damages claims are speculative.

**B.    For Violation of §10(b) of the 1934 Act and Rule 10b-5 Against Weinert, Souissi, Hadley, and Ratcliffe**

In the Order on defendants' motion for summary judgment the Court set out two versions of the elements for an insider trading claim under §10(b). See In re Novatel Wireless Sec. Litig., No. 08cv1689 AJB (RBB), 2011 U.S. Dist. LEXIS 135602 (S.D. Cal. Nov. 23, 2011). The two versions are set forth below.

**Version 1:**

To establish a violation for insider trading under §10(b) of the Exchange Act and Rule 10b-5, Plaintiffs must establish that: (1) Defendants traded in the securities of their corporation on the basis of material nonpublic information; (2) Defendants acted with scienter when making these trades; and (3) these trades were contemporaneous with the trades of class members.

*Id*. at *24.

**Version 2:**

To prove an insider trading claim under Section 10(b) and rule 10b-5, Plaintiffs must establish: (1) that a Defendant possessed material and nonpublic information at the time he sold Novatel stock; (2) that a Defendant was aware that the information he possessed was material and nonpublic and had the "intent to deceive, manipulate, or defraud"; and (3) that the material nonpublic information played a causal role in the Defendant's decision to sell Novatel stock.

*Id*. at *61.

    **1.    Damages**

Plaintiffs claim damages for this claim in excess of $13 million.

    **2.    Defenses**

Defendants will assert that their Rule 10b5-1 trading plans provide a complete defense to these claims. Each defendant has the burden of proving by preponderance of the evidence that:

        a.        before becoming aware of the material non-public information;

|   |   |   |
|---|---|---|
| b. | he or she entered into a written plan for trading securities; |
| c. | that specified the amount of securities to be purchased or sold and the price at which and the date on which the securities were to be purchased or sold, or included a written formula or algorithm, or computer program, for determining the amount of securities to be purchased or sold and the price at which and the date on which the securities were to be purchased or sold; and |
| d. | the trade in question was made pursuant to the plan. |

In their answer to the Complaint, defendants also asserted the following defenses, among others. Defendants intend to pursue each of the following defenses at trial:

1. plaintiffs fail to state a claim;
2. the Class Representatives lack standing;
3. defendants were not in possession of material non-public information;
4. defendants lacked scienter;
5. plaintiffs and the Class have not suffered any damages;
6. any decline in Novatel's stock price was the product of market forces and not any wrongful conduct by defendants;
7. defendants had no duty to disclose the information plaintiffs claim was omitted;
8. plaintiffs cannot show proximate cause;
9. plaintiffs cannot show loss causation; and
10. plaintiffs' damages claims are speculative.

**C.    For Violation of §20(a) of the 1934 Act Against All Defendants**

Under the 1934 Act, a defendant may be liable if during the period that someone else defrauded the plaintiff, the defendant had the authority to control that person or company.

Plaintiffs claim that defendants are controlling persons and are therefore liable under the securities laws. On this claim, plaintiffs have the burden of proving by a preponderance of the evidence that: (1) there was a primary violation of the federal securities laws; and (2) the controlling person possessed, directly or indirectly, the actual power to direct or cause the direction of the management and policies of the controlled person.

### 1. Damages

Focusing solely on the four price declines that plaintiffs allege were caused by fraud, and accounting for the PSLRA's 90-day look back rule, plaintiffs claim that defendants' fraudulent conduct caused the Class aggregate damages in excess of $300 million.

### 2. Defenses

Defendants intend to assert a defense that they lacked scienter, which serves as a complete defense to a §20(a) claim. Defendants bear the burden of proof that:

    a.    he or she acted in good faith; and

    b.    he or she did not directly or indirectly induce the violation of law plaintiff has proven.

In their answer to the Complaint, defendants also asserted the following defenses. Defendants intend to pursue each of the following defenses at trial:

    a.    plaintiffs fail to state a claim;

    b.    the Class Representatives lack standing;

    c.    plaintiffs and the Class have not suffered any damages;

    d.    plaintiffs cannot show proximate cause; and

    e.    plaintiffs' damages claims are speculative.

## III. TRIAL WITNESSES

**A. Witnesses Plaintiffs Expect to Call at Trial**

See Ex. A.

**B. Expert Witnesses Plaintiffs Expect to Call at Trial**

See Ex. A.

  **C.** **Witnesses Plaintiffs May Call at Trial**

See Ex. A.

  **D.** **Witnesses Defendants Expect to Call at Trial**

See Ex. B.

  **E.** **Expert Witnesses Defendants Expect to Call at Trial**

See Ex. B.

  **F.** **Witnesses Defendants May Call at Trial**

See Ex. B.

**IV.** **TRIAL EXHIBITS**

  **A.** **List of Exhibits that Plaintiffs Expect to Offer at Trial**

See Ex. C.

  **B.** **List of Exhibits that Plaintiffs May Offer at Trial**

See Ex. C.

  **C.** **List of Exhibits that Defendants Expect to Offer at Trial**

See Ex. D.

  **D.** **List of Exhibits that Defendants May Offer at Trial**

See Ex. D.

**V.** **STATEMENT OF ALL FACTS TO WHICH THE PARTIES STIPULATE**

See Ex. E.

**VI.** **LIST OF VIDEO DEPOSITIONS THAT WILL BE OFFERED AT TRIAL**

See Exs. A and B.

**VII.** **MOTIONS IN LIMINE**

In accordance with the Court's Amended Scheduling Order (Doc. No. 469), plaintiffs and defendants must file any motions in limine. The parties are limited to five (5) motions each. Each motion and each opposition thereto are limited to ten (10) pages in length. Attachments are also limited to a maximum of ten (10) pages for any motion or opposition. Plaintiffs and defendants must file all oppositions to any motions in

limine by December 13, 2013.  No replies will be filed.  A hearing on plaintiffs' and defendants' motions in limine will be held on **December 20, 2013 at 2:00 p.m.**

## VIII. ESTIMATED LENGTH OF TRIAL

The parties estimate a trial length of 10-20 court days, depending on the outcome of motions in limine and the resolution of the issues in Section IX., infra.

## IX. LIST OF ADDITIONAL ISSUES TO BE ADDRESSED AT THE PRETRIAL CONFERENCE

### A. Plaintiffs

Plaintiffs object pursuant to FRE 403 to the following fact witnesses defendants expect to (or may) call at trial:

    Matt Golden
    John McMillen
    Jamie de Bonis
    Ian Hahn

Plaintiffs' objections are based on the fact that defendants refused to produce these witnesses for deposition during the course of the litigation and failed to supplement their Rule 26 disclosures to include these witnesses as individuals with relevant information relating to the issues in this case.

Plaintiffs propose January 2, 2014 for a hearing on any unresolved objections or pretrial motions, including motions governing the conduct of the trial, objections to witnesses, and objections to evidence.

### B. Defendants

Defendants contend that Plaintiffs' claim that Novatel's product mix did not meet the immediate needs of its customers - in light of Plaintiffs' new position that this claim extends to "foreseeable" needs - now purports to assert a forward-looking claim that is subject to the safe harbor of the Private Securities Litigation Reform Act ("PSLRA"). Defendants believe Plaintiffs should be precluded from asserting this new forward-looking claim.  In the alternative, Plaintiffs must amend their Complaint to

reflect this new claim, and Defendants are entitled to move to dismiss or for summary judgment on this new claim.

Defendants contend that Plaintiffs may not pursue any claims at trial based on channel-stuffing, accounting fraud, or internal controls theories.

Defendants contend that Plaintiffs may not pursue at trial the unpled claim that Novatel made actionable misrepresentations about the expected launch date of the U760 modem. In the alternative, Defendants contend that Plaintiffs must amend their Complaint to assert any such claim, and Defendants have the right to challenge the amended pleading on a motion to dismiss under the PSLRA, and to move for summary judgment on this claim.

Defendants contend that Plaintiffs may not pursue at trial the unpled claims that Novatel's financial guidance for 1Q07 (issued February 2007) or 1Q08 (issued February 2008) was false. In the alternative, Defendants contend that Plaintiffs must amend their Complaint to assert any such claim, and Defendants have the right to challenge the amended pleading on a motion to dismiss under the PSLRA, and to move for summary judgment on any such claim.

Defendants contend that Plaintiffs must amend their Complaint to assert any claim that Novatel's revised guidance for 1Q07 (issued March 2007) was false, and Defendants have the right to challenge the amended pleading on a motion to dismiss under the PSLRA, and to move for summary judgment on any such claim.

Defendants contend that Plaintiffs may not pursue insider-trading claims against any defendant for trades that occurred after July 20, 2007.

Defendants contend that Plaintiffs may not pursue any insider-trading claims at trial other than claims that Brad Weinert, Robert Hadley, Slim Souissi, and Catherine Ratcliffe traded on the basis of material nonpublic nonpublic information about Sprint's purported discontinuation of the U720 modem.

Defendants also object to certain fact and expert witnesses that Plaintiffs expect to (or may) call at trial, which objections are set forth in Defendants' Objections to Plain-

tiffs' Pretrial Disclosures, served on November 7, 2013 in accordance with the Court's Amended Scheduling Order (Doc. No. 469). These objections should be addressed at the time of any objections to witnesses asserted by Plaintiffs.

IT IS SO ORDERED.

DATED: November 20, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge