ROBBINS GELLER RUDMAN
   & DOWD LLP
JEFFREY D. LIGHT (159515)
DOUGLAS R. BRITTON (188769)
ROBERT R. HENSSLER JR. (216165)
LUCAS F. OLTS (234843)
ERIC I. NIEHAUS (239023)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jeffl@rgrdlaw.com
dougb@rgrdlaw.com
bhenssler@rgrdlaw.com
lolts@rgrdlaw.com
ericn@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re NOVATEL WIRELESS SECURITIES LITIGATION | ) ) ) | Lead Case No. 08-CV-01689-AJB(RBB) |
|---|---|---|
| ——————————————— | ) | CLASS ACTION |
| This Document Relates To: | ) ) | STIPULATION OF SETTLEMENT |
| ALL ACTIONS. | ) ) | |
| ——————————————— | ) | |

899561_6

1    This Stipulation of Settlement dated January 31, 2014 (the "Stipulation"),

2  submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure, embodies a

3  settlement (the "Settlement") made and entered into by and among the following

4  Settling Parties: (i) Plumbers & Pipefitters' Local #562 Pension Fund and Western

5  Pennsylvania Electrical Employees Pension Fund (collectively, "Lead Plaintiffs"), on

6  behalf of themselves and each of the members of the Class, as defined in ¶¶1.3-1.4,

7  *infra*, on the one hand, and (ii) Novatel Wireless, Inc. ("NWI" or the "Company"),

8  Peter V. Leparulo, George B. Weinert, Robert M. Hadley, Slim S. Souissi, and

9  Catherine F. Ratcliffe (the "Individual Defendants," together with NWI, the

10  "Defendants"), on the other hand, by and through their counsel of record in the above-

11  captioned litigation pending in the United States District Court for the Southern

12  District of California (the "Action").  The Stipulation is intended by the Settling

13  Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims,

14  upon and subject to the terms and conditions hereof and subject to the approval of the

15  Court.  Throughout this Stipulation, all capitalized terms used, but not immediately

16  defined, have the meanings given to them in Section IV.1, below.

17  **I.    THE LITIGATION**

18    This case has been hotly contested from its inception, combing its way through

19  the entire litigation process over the course of five years and stopping just short of

20  trial.  During that time, the parties filed, opposed, appealed, requested reconsideration

21  on, and/or sought certification under 28 U.S.C. §1292 for countless motions, mediated

22  with multiple mediators (including Judge Brooks), and involved two district court

23  judges.  The following highlights the major aspects of this complex litigation.

24    The case started like all securities cases with an original complaint followed by

25  multiple motions to consolidate, motions for lead plaintiff pursuant to 15 U.S.C. §78u-

26  4(a)(3)(B), and an amended complaint.  Lead Plaintiffs filed their motion for lead

27  plaintiff with the Court on November 17, 2008, the Court granted that motion a few

28  weeks later on December 10, 2008, and Lead Plaintiffs filed their amended complaint

1   on January 9, 2009, alleging violations of the federal securities laws, including

2   §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

3          The amended complaint was subject to intense scrutiny.  Over the ensuing five

4   months, the Court considered two separate motions to dismiss – one under the

5   standards existing when Lead Plaintiffs filed the amended complaint and the other

6   under the standards handed down by the United States Supreme Court in *Ashcroft v.*

7   *Iqbal*, 556 U.S. 662 (2009).  Defendants filed their first motion to dismiss on February

8   9, 2009, Lead Plaintiffs opposed on March 11, 2009, and Defendants replied on

9   March 23, 2009.   After the Court denied Defendants' first motion to dismiss,

10  Defendants moved for reconsideration, which the Court granted over Lead Plaintiffs'

11  objection.  Defendants then renewed their motion to dismiss on June 26, 2009, Lead

12  Plaintiffs opposed on July 10, 2009, and Defendants replied on July 17, 2009.  The

13  Court denied Defendants' renewed motion to dismiss on July 28, 2009.

14         Discovery started shortly thereafter and continued for 15 months.  And like the

15  remainder of the litigation, discovery was hotly contested.  The parties filed multiple

16  motions to compel with Judge Brooks and appealed many of his decisions to Judge

17  Huff for review.  Those efforts ultimately culminated in Defendants producing (and

18  Lead Plaintiffs reviewing) millions of pages of documents with Lead Plaintiffs using

19  the results of that review to take dozens of depositions throughout the country.  At the

20  same time, Defendants conducted discovery in connection with Lead Plaintiffs'

21  motion for class certification.  Lead Plaintiffs filed their motion on January 11, 2010,

22  Defendants opposed on March 15, 2010, and Lead Plaintiffs replied on April 9, 2010.

23  That reply was followed by a sur-reply by Defendants on April 25, 2010, and a

24  response to that sur-reply by Lead Plaintiffs on May 7, 2010.  The Court certified the

25  Class on May 12, 2010.

26         Following expert discovery, on February 14-15, 2011, defendant Leparulo

27  moved for Judgment on the Pleadings with respect to the insider trading claims

28  asserted against him, and all Defendants moved for Summary Judgment on all claims

1    and to exclude three of Lead Plaintiffs' experts under the standards annunciated in

2    *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993). Lead Plaintiffs opposed those

3    motions on March 4, 2011 and March 7, 2011, respectively, and Defendants replied

4    on March 14, 2011. Judge Huff then entered an order transferring the case to the

5    calendar of Judge Battaglia on March 15, 2011, before oral argument was heard and a

6    decision was rendered on the outstanding motions. Lead Plaintiffs filed their own

7    motions challenging Defendants' experts under *Daubert* a few months later on July

8    15, 2011. Defendants opposed those motions on August 5, 2011, and Lead Plaintiffs

9    replied on August 19, 2011.

10        The Court issued its orders on the foregoing substantive motions periodically

11   over the ensuing months. It granted in part the parties' motions to exclude each

12   other's accounting experts on November 17, 2011, and it granted Leparulo's Motion

13   for Judgment on the Pleadings and granted in part Defendants' Motion for Summary

14   Judgment on November 23, 2011, dismissing Lead Plaintiffs' channel-stuffing claims.

15   In particular, the Court held that the alleged practice of pulling sales forward,

16   accelerating sales, or incentivizing sales, which Lead Plaintiffs had alleged made

17   NWI's financial statements misleading, did not state a claim for a securities fraud.

18   The Court also found that Peter V. Leparulo had established that, on the face of the

19   pleadings, no material fact remained to be resolved with respect to the insider trading

20   claims asserted against him. And, throughout 2012 and 2013, it issued orders on the

21   parties' remaining motions to exclude their respective experts, dealing with multiple

22   motions for reconsideration, renewed motions, and a request for interlocutory appeal

23   under 28 U.S.C. §1292. The end result was that the Court excluded one of

24   Defendants' experts, and excluded certain parts of the opinions proffered by the

25   parties' other experts. The Court scheduled trial for January 6, 2014.

26        While the parties had mediated multiple times with different mediators, the

27   Court's decisions on the dispositive motions and the risks and uncertainties of

28   proceeding through trial, combined with NWI's current level of available cash,

compelled the parties to negotiate a resolution of the case amongst themselves. The parties executed a Memorandum of Understanding on December 6, 2013, requested that day to have the Court suspend the deadline for the parties to file their motions *in limine*, and moved to stay the proceedings on December 11, 2013.

## II. CLAIMS OF LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit. However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the uncertainties presented by continued proceedings through trial and NWI's current level of available cash. Lead Plaintiffs and Lead Counsel have taken into account the uncertain outcome and the risk of trial, especially in complex actions such as this Action, and the potential harm that a verdict for the Class would cause NWI. Lead Plaintiffs and Lead Counsel also are aware of the defenses to the securities law violations asserted in the Action. Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the circumstances present here. Based on their evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiffs and the Class.

## III. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants, individually and collectively, have denied and continue to deny that they have violated the federal securities laws or any laws. Defendants, individually and collectively, have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, *inter alia*, the allegations that any of the Defendants made any material misstatements or omissions; that any of the Defendants sold NWI common stock based on material nonpublic information; that any member of the Class has

1   suffered damages; that the price of NWI common stock was artificially inflated by

2   reason of the alleged misrepresentations, omissions, non-disclosures or otherwise; that

3   Lead Plaintiffs or the members of the Class were harmed by the conduct alleged in the

4   Action; or that any of the Defendants knew or was reckless with respect to the alleged

5   misconduct.  In addition, Defendants maintain that they have meritorious defenses to

6   all claims alleged in the Action.

7       Nonetheless, taking into account the uncertainty, risks, and costs inherent in any

8   litigation, especially in complex cases such as this Action, Defendants have concluded

9   that it is desirable and beneficial that the Action be fully and finally settled in the

10   manner and upon the terms and conditions set forth in this Stipulation.  As set forth in

11   ¶9.4 below, this Stipulation shall in no event be construed as or deemed to be evidence

12   of an admission or concession by Defendants with respect to any claim of any fault or

13   liability or wrongdoing or damage whatsoever.

14   **IV.  TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

15

16       NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and

17   among Lead Plaintiffs (for themselves and the members of the Class), on the one

18   hand, and Defendants, on the other hand, by and through their respective counsel of

19   record, that, subject to the approval of the Court, in consideration of the benefits

20   flowing to the Settling Parties from the Settlement set forth herein, the Action and the

21   Released Claims shall be finally and fully compromised, settled, and released, and the

22   Action shall be dismissed with prejudice, as to all Settling Parties, upon and subject to

23   the terms and conditions of the Stipulation, as follows:

    **1.  Definitions**

24

25       As used in the Stipulation, the following terms have the meanings specified

26   below:

27

28

1    1.1    "Authorized Claimant" means any member of the Class who submits a

2    timely and valid Proof of Claim and Release form and whose claim for recovery has

3    been allowed pursuant to the terms of the Stipulation.

4    1.2    "Claims Administrator" means the firm of Gilardi & Co. LLC.

5    1.3    "Class" means all Persons who purchased NWI common stock between

6    February 27, 2007 and September 15, 2008, inclusive, and were damaged thereby, as

7    ordered by the Court in that Order dated May 12, 2010, and titled, in part, "Order

8    Granting Motion to Certify Class" (Dkt. No. 180).  Excluded from the Class are:

9    Defendants, directors, and officers of NWI, and their families and affiliates.  Also

10   excluded from the Class are those Class Members who previously excluded

11   themselves pursuant to the Notice of Pendency of Class Action that was provided to

12   the Class pursuant to the Court's Order dated January 18, 2011 (Dkt. No. 264) and

13   those Class Members who submit valid requests for exclusion pursuant to the Notice

14   of Proposed Settlement of Class Action described in ¶4.1 of this Stipulation.

15   1.4    "Class Member" means a Person who falls within the definition of the

16   Class as set forth in ¶1.3 of this Stipulation.

17   1.5    "Class Period" means the period between February 27, 2007 and

18   September 15, 2008, inclusive.

19   1.6    "Defendants" means NWI, Peter V. Leparulo, George B. Weinert,

20   Robert M. Hadley, Slim S. Souissi, and Catherine F. Ratcliffe.

21   1.7    "Effective Date" means the first date by which all of the events and

22   conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

23   1.8    "Escrow Account" means the account controlled by the Escrow Agent

24   into which Defendants shall cause the deposit of the cash component of the Settlement

25   Fund.

26   1.9    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its

27   successor(s).

28

1.10  "Final" means the time when a Judgment that has not been reversed, vacated, or modified in any way is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process, or because of the passage of time for seeking appellate review.  More specifically, it is when the last of the following has occurred with respect to the Judgment: (a) the date of final affirmance on an appeal of the Judgment, the expiration of the time for a petition for or a denial of a writ of certiorari to review the Judgment and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to that grant; or (b) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment and expiration of time to seek any further review or appeal of such dismissal; or (c) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Judgment.  For purposes of this definition, an "appeal" shall include any motion to alter, amend, or otherwise review the Judgment, and any petition for any writ, including a writ of certiorari, that may be filed in connection with the approval or disapproval of this Stipulation.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining to any Plan of Distribution and/or application(s) for attorneys' fees, costs, or expenses or Lead Plaintiffs' expenses, shall not in any way delay or preclude the Judgment from becoming Final.

1.11  "Individual Defendants" mean Peter V. Leparulo, George B. Weinert, Robert M. Hadley, Slim S. Souissi, and Catherine F. Ratcliffe.

1.12  "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court upon approval of the Settlement, in all material respects in the form attached hereto as Exhibit B.

1.13  "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, California 92101.

1.14  "Lead Plaintiffs" means Plumbers & Pipefitters' Local #562 Pension Fund and Western Pennsylvania Electrical Employees Pension Fund.

1    1.15    "Net Settlement Fund" means the portion of the Settlement Fund that

2    shall be distributed to Authorized Claimants as allowed by the Stipulation, the Plan of

3    Distribution, or the Court, after provision for the other amounts set forth in ¶6.3(a)-(c)

4    of this Stipulation.

5    1.16    "Person" means an individual, corporation, partnership, limited

6    partnership, association, joint stock company, estate, legal representative, trust,

7    unincorporated association, government or any political subdivision or agency thereof,

8    and any business or legal entity and his, her or its spouses, heirs, predecessors,

9    successors, representatives, or assignees.

10    1.17    "Plaintiffs' Counsel" means any counsel who filed a complaint in the

11    Action or any action that has been consolidated with the Action.

12    1.18    "Plan of Distribution" means a plan or formula of allocation of the Net

13    Settlement Fund whereby the Settlement Fund shall be distributed to Authorized

14    Claimants after payment of expenses of notice and administration of the Settlement,

15    Taxes and Tax Expenses, and such attorneys' fees, costs, expenses and interest, and

16    other expenses as may be awarded by the Court. Any Plan of Distribution is not part

17    of the Stipulation and the Released Persons shall have no responsibility or liability

18    with respect thereto.

19    1.19    "Related Persons" means, with respect to the Defendants, each and all of

20    their respective past or present parents, affiliates, associates, executors, personal

21    representatives, subsidiaries, officers, directors, employees, principals, agents,

22    controlling persons, general or limited partners or partnerships, attorneys, legal

23    counsel, accountants, consultants, financial advisors, investment advisors, commercial

24    bank lenders, investment bankers, partners, limited liability companies, shareholders,

25    immediate family members, heirs, estates, administrators, predecessors, successors,

26    indemnitors, indemnitees, insurers (including but not limited to the Defendants'

27    Directors and Officers insurance carriers), reinsurers, any entity in which any

28    Defendant has a controlling interest, assigns, any trust of which any Defendant is the

1  settlor or which is for the benefit of any Defendant and/or members of any

2  Defendant's family; and, as to each of the foregoing, all of their past, present, or

3  future directors, officers, agents, partners, members, managers, employees, heirs,

4  subsidiaries, predecessors, and successors, and any Person acting on their behalf.

5      1.20   "Released Claims" means any and all claims, whether known or

6  unknown, arising from the purchase of NWI common stock during the Class Period

7  and the acts, facts, statements or omissions that were or could have been alleged by

8  Lead Plaintiffs or members of the Class in the Action.  "Released Claims" includes

9  "Unknown Claims" as defined herein.  The inclusion of Unknown Claims in the

10 definition of Released Claims was separately bargained for and was a key element of

11 the Settlement.   Released Claims do not include any claim arising from the

12 performance or non-performance of the Settlement.

13     1.21   "Released Persons" means each and all of Defendants in their individual

14 and corporate capacities and each and all of their Related Persons.

15     1.22   "Security Agreement" means that agreement accompanying the

16 Settlement Note that provides the Class a security interest for the Settlement Note in

17 all rights, title and interests of NWI in and to the property described as NWI's

18 accounts receivable, which shall be the Collateral for the Settlement Note.

19     1.23   "Settlement Amount" means Sixteen Million Dollars ($16,000,000.00) to

20 be paid, or caused to be paid, by NWI pursuant to ¶3.1 of this Stipulation.

21     1.24   "Settlement Fund" means the Settlement Amount, together with all

22 interest and income earned thereon.

23     1.25   "Settlement Note" means that component of the Settlement Fund

24 represented by a $5 million Promissory Note with a 5% interest rate and a 30-month

25 maturity and secured by the collateral outlined in the Security Agreement.

26     1.26   "Settling Parties" means, collectively, Defendants and Lead Plaintiffs on

27 behalf of themselves and the Class Members.

28

1.27   "Unknown Claims" means any Released Claims which Lead Plaintiffs or any Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.

**2.     CAFA Notice**

2.1   Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) days after the Stipulation is filed with the Court, the Claims Administrator shall, at NWI's expense and supervision, serve proper notice of the proposed Settlement upon the United States Attorney General and each State Attorney General. Simultaneously, the Claims Administrator shall provide a copy of such notice as well as proof of service of such notice to counsel for Lead Plaintiffs and Defendants.

**3.     The Settlement**

**a.     The Settlement Fund**

3.1   (a)   The Settlement Fund consists of Sixteen Million Dollars ($16,000,000.00), broken down as follows: $6 million in cash, 2,407,318 shares of NWI common stock (the "Settlement Stock"), and the Settlement Note.  Defendants shall have the right, at any point, prior to the entry of the Judgment, to substitute cash as a full replacement for the Settlement Note.  These funds, together with any interest and income earned thereon, shall constitute the Settlement Fund.  Except for NWI's obligations under ¶¶2.1, 3.1(b)(5) and 3.1(b)(6) herein, Defendants shall not be required to pay more than the Settlement Amount pursuant to this Stipulation and the Settlement.

**b.     Deposit of Settlement Fund**

3.1   (b)   Defendants shall pay or cause to be paid to the Class, in settlement of the claims against them, the principal amount of the Settlement Fund, as follows:

1.     Defendants have already caused the portion of the cash component of the Settlement Fund represented by the remaining proceeds from the applicable insurance policies related to this Action to be deposited into an Escrow Account controlled by the Escrow Agent.  That amount totaled $1,674,134.69.

2.     NWI shall fund the remaining amount of the cash component on a schedule not to exceed $250,000 per month prior to the entry of the Judgment should such amounts be required to fund Class Notice and Administration Costs, with all remaining amounts of the cash portion of the Settlement Fund due within ten (10) business days of the entry of the Judgment approving this Settlement.  Subject to the provisions of this Stipulation, in the event that any such portion of the remaining unpaid amount of the cash component is required to fund Class Notice and Administration Costs prior to the entry of the Judgment, NWI shall have ten (10) business days from the date that Lead Counsel provides written notice of such required funds to deposit or cause to be deposited the required payment (not to exceed $250,000 per month) into the Escrow Account.

3.     The Settlement Stock shall consist of 2,407,318 shares of NWI common stock.  The Settlement Stock shall be unrestricted, freely tradable, and either registered or exempt from registration under the Securities Act of 1933 (the "Securities Act"), pursuant to §3(a)(10) of the Securities Act, 15 U.S.C. §77c(a)(10), in that the Settlement Stock will be issued to or for the benefit of Class Members in exchange for their release of claims against the Defendants under the terms of the Stipulation.  Pursuant to §3(a)(10), the Court's judgment of the fairness of the Settlement shall serve as a substitute for the registration requirements of the Securities Act with regard to any Settlement Stock.  At the Settlement Hearing, the Court will be asked to find with regard to the Settlement Stock being issued as part of the Settlement Fund that: (i) the terms and conditions of the proposed issuance are fair to all those who will receive securities in the proposed exchange; and (ii) the terms and conditions of, and the procedures for, the proposed issuance are fair.  In the

1   alternative, NWI, in its sole discretion, shall have the right to file a registration

2   statement with the Securities and Exchange Commission covering the issuance of the

3   Settlement Stock.

4         4.     The Settlement Stock may be sold or transferred by recipients thereof

5   who are not affiliates of NWI (as that term is defined in Rule 144 of the Securities

6   Act) or recipients deemed to be underwriters under the Securities Act without

7   registration under §5 of the Securities Act or compliance with Rule 144. The number

8   of shares constituting the Settlement Stock will be adjusted to account for stock splits,

9   reverse stock splits, and other similar actions taken by NWI. If NWI is sold, acquired

10  or merges prior to distribution of the Settlement Stock to the Class, the shares will be

11  treated for purposes of any corporate transaction as if they had been issued, distributed

12  and outstanding, and will receive the same proportionate treatment as other shares of

13  NWI. In addition, the stock price protections set forth below shall be adjusted in a

14  manner consistent with such treatment.

15        5.     NWI agrees that, with respect to the Settlement Stock, if the price of the

16  common stock of NWI is trading below $2.077 per share on the date the Court enters

17  the Judgment, NWI shall, within thirty (30) days thereof, contribute to the Settlement

18  Fund the cash amount representing the difference between $2.077 per share and the

19  average closing price of NWI stock for the 15 trading days prior to the date the Court

20  enters the Judgment multiplied by 2,407,318.

21        6.     NWI will transfer the Settlement Stock to the Escrow Agent pursuant to

22  instructions provided by Lead Counsel within ten (10) business days after the Court

23  enters the Judgment. All costs associated with the transfer of the NWI Settlement

24  Stock to the Escrow Agent shall be borne by NWI.

25        7.     There will be two distribution dates by the Escrow Agent and/or the

26  Claims Administrator: (1) the date of the distribution of attorneys' fees awarded to

27  Lead Counsel by the Court; and (2) the date of distribution to Authorized Claimants

28  following claims administration. No fractional shares of NWI Settlement Stock will

be issued. The calculation of the number of shares to be distributed will be rounded up or down to the nearest whole share. Upon receipt of the NWI Settlement Stock, the Escrow Agent will have the right to take any measures they deem appropriate to protect the overall value of the NWI Settlement Stock prior to distribution to Authorized Claimants. The Escrow Agent or Lead Counsel shall have no liability for any sale, liquidation, transfer or other disposition of the NWI Settlement Stock absent gross negligence or willful misconduct, but shall not sell the Settlement Stock to Lead Counsel. The Escrow Agent shall also have the right to use the cash component of the Settlement Fund to protect the overall value of the Settlement Fund.

8.      The Settlement Note shall be a $5 million note, with a 5% interest rate (compounded monthly), and will be secured by NWI's accounts receivables (the "Collateral"), maintained in a ratio of at least five (5) times the outstanding amount of the Note (including all outstanding principal and accrued interest) (the "Required Ratio"). The interest earned on the Note shall be payable to the Escrow Agent in cash quarterly. The outstanding principal will be due and payable in cash on the Maturity Date, which will be defined as the earlier of (i) the expiration of 30 months from the entry of the Judgment, when all amounts under the terms of the Settlement Note and Security Agreement become automatically due and payable; or (ii) the occurrence of an event of default (as defined generally below and more specifically in the Settlement Note).

9.      As of the date of the Settlement Note and Security Agreement, the Company will pledge to and grant to the Class a security interest in all rights, title and interests of NWI in and to the property described as its accounts receivable, which shall be set forth and defined in the Security Agreement as the "Collateral" for the Settlement Note and as consistent with the Required Ratio. The Settlement Note may be prepaid without penalty at any time at the option of NWI.

10.     The Settlement Note's "owner" will be the Escrow Agent, with the Class identified as the beneficiary. The Settlement Note will be fully transferable and will

1  accelerate in the event that NWI is acquired or defaults on the Note.  An "Event of
2  Default" will be defined in the Settlement Note.  In the event of NWI's default,
3  interest on the Settlement Note will increase to 10% (the "default rate") until such
4  time as the Escrow Agent takes possession of and liquidates the Collateral in an
5  amount that satisfies the entire obligation, including principal, accrued interest, and
6  any expenses to enforce the terms of the Settlement Note.

7         11.    NWI will deliver the Settlement Note to the Escrow Agent pursuant to
8  instructions provided by Lead Plaintiffs within ten (10) business days after the Court
9  enters the Judgment.  The Settlement Note may be sold by the Escrow Agent, but
10  notice of any such sale shall be provided to NWI within five (5) business days.  The
11  Escrow Agent shall not sell the Settlement Note to Lead Counsel.

12         **c.**    **The Escrow Agent**

13         3.2    The Escrow Agent shall invest the cash component of the Settlement
14  Fund deposited pursuant to ¶3.1 hereof in instruments backed by the full faith and
15  credit of the United States Government or fully insured by the United States
16  Government or an agency thereof and shall reinvest the proceeds of these instruments
17  as they mature in similar instruments at their then-current market rates.  All risks
18  related to the investment of the Settlement Fund in accordance with the guidelines set
19  forth in this paragraph shall be borne by the Settlement Fund, and the Released
20  Persons shall have no responsibility or liability related to such investments.

21         3.3    The Escrow Agent shall not disburse the Settlement Fund except (a) as
22  provided in the Stipulation, or (b) by an order of the Court.

23         3.4    Subject to further order(s) and/or directions as may be made by the Court,
24  or as provided in the Stipulation, the Escrow Agent is authorized to execute such
25  transactions as are consistent with the terms of the Stipulation. The Released Persons
26  shall have no responsibility for, interest in, or liability whatsoever with respect to the
27  actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

28

1    3.5    All funds held by the Escrow Agent shall be deemed and considered to be

2  in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court,

3  until such time as such funds shall be distributed pursuant to the Stipulation and/or

4  further order(s) of the Court.

5    3.6    (a)    Prior to the Effective Date, the Escrow Agent, without further

6  approval of Defendants or the Court, may pay from the Settlement Fund up to

7  $200,000.00 in notice and administration costs ("Class Notice and Administration

8  Costs") associated with the administration of the Settlement, including, without

9  limitation: the cost of identifying and locating members of the Class, mailing the

10  Notice and Proof of Claim and Release form and publishing notice (such amount shall

11  include, without limitation, the actual costs of publication, printing and mailing the

12  Notice, and reimbursement to nominee owners for forwarding notice to their

13  beneficial owners), soliciting Class claims, assisting with the filing of claims,

14  administering and distributing the Net Settlement Fund to Authorized Claimants,

15  processing Proof of Claim and Release forms, and paying escrow fees and costs, if

16  any, and the administrative expenses incurred and fees charged by the Claims

17  Administrator in connection with providing notice and processing the submitted

18  claims. Prior to the Effective Date, payment of any Class Notice and Administration

19  Costs exceeding $200,000.00 shall require notice to and agreement from Defendants,

20  through Defendants' counsel, which agreement shall not be unreasonably refused.

21  Subsequent to the Effective Date, without further approval by Defendants or the

22  Court, the Settlement Fund may be used by the Escrow Agent to pay reasonable and

23  necessary Class Notice and Administration Costs in excess of $200,000.00.

24    (b)    In the event that the Settlement is not consummated, money

25  actually paid or sums incurred for this purpose shall not be returned or repaid to

26  Defendants or their insurance carriers, but any remainder in the Settlement Fund shall

27  be so returned. All costs and fees, including expenses of notice, escrow fees, and

28  other settlement administration expenses, shall be paid solely out of the Settlement

1  Fund, and none of the Released Persons, individually or collectively, shall have any
2  liability therefor.

3  **d.      Taxes**

4  3.7     (a)      The Settling Parties agree to treat the Settlement Fund as being at
5  all times a "Qualified Settlement Fund" within the meaning of Treas. Reg. §1.468B-1.
6  In addition, the Escrow Agent shall timely make such elections as necessary or
7  advisable to carry out the provisions of this ¶3.7, including the "relation-back
8  election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.
9  Such elections shall be made in compliance with the procedures and requirements
10  contained in such regulations.  It shall be the responsibility of the Escrow Agent to
11  timely and properly prepare and deliver the necessary documentation for signature by
12  all necessary parties, and thereafter to cause the appropriate filing to occur.

13  (b)      For the purpose of §468B of the Internal Revenue Code of 1986, as
14  amended, and the regulations promulgated thereunder, the "administrator" shall be the
15  Escrow Agent.  The Escrow Agent shall timely and properly file all informational and
16  other tax returns necessary or advisable with respect to the Settlement Fund
17  (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).
18  Such returns (as well as the election described in ¶3.7(a) hereof) shall be consistent
19  with this ¶3.7 and in all events shall reflect that all Taxes (including any estimated
20  Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be
21  paid out of the Settlement Fund as provided in ¶3.7(c) hereof.

22  (c)      The Escrow Agent shall be authorized and directed to timely and
23  properly pay from the Settlement Fund all (a) Taxes (including any estimated Taxes,
24  interest, or penalties) arising with respect to the income earned by the Settlement
25  Fund, including any Taxes or tax detriments that may be imposed upon the Released
26  Persons with respect to any income earned by the Settlement Fund for any period
27  during which the Settlement Fund does not qualify as a "Qualified Settlement Fund"
28  for federal or state income tax purposes ("Taxes"), and (b) expenses and costs

1   incurred in connection with the taxation of the Settlement Fund and the operation and

2   implementation of this ¶3.7 (including, without limitation, expenses of tax attorneys

3   and/or accountants and mailing and distribution costs and expenses relating to filing

4   (or failing to file) the returns described in this ¶3.7) ("Tax Expenses"); in all events

5   the Released Persons shall have no liability or responsibility for the Taxes or the Tax

6   Expenses or the payment or non-payment thereof.   The Settlement Fund shall

7   indemnify and hold each of the Released Persons harmless for Taxes and Tax

8   Expenses (including, without limitation, Taxes payable by reason of any such

9   indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered

10   to be, a cost of administration of the Settlement Fund and shall be timely paid by the

11   Escrow Agent out of the Settlement Fund without prior order from the Court, and the

12   Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to

13   withhold from distribution to Authorized Claimants any funds necessary to pay such

14   amounts, including the establishment of adequate reserves for any Taxes and Tax

15   Expenses (as well as any amounts that may be required to be withheld under Treas.

16   Reg. §1.468B-2(l)(2)); the Released Persons shall have no liability or responsibility

17   therefor. The Settling Parties hereto agree to cooperate with the Escrow Agent, each

18   other, and their tax attorneys and accountants to the extent reasonably necessary to

19   carry out the provisions of this ¶3.7.  The Released Persons shall not have any

20   responsibility for, or liability whatsoever with respect to, the acts or omissions of Lead

21   Counsel, the Escrow Agent, or the Claims Administrator, as described herein.

22                     **e.      Termination of Settlement**

23          3.8     In the event that the Stipulation: (i) is not approved; (ii) is terminated,

24   canceled, or fails to become effective for any reason, including, without limitation, in

25   the event the Judgment is reversed or vacated following any appeal taken therefrom;

26   or (iii) is successfully collaterally attacked, the Settlement Fund (including accrued

27   interest) less expenses actually incurred or due and owing for Class Notice and

28

1    Administration Costs, Taxes or Tax Expenses pursuant to ¶¶3.6 or 3.7, shall be
2    returned pursuant to written instructions from NWI's counsel.

3    **4.    Notice Order and Settlement Hearing**

4        4.1    Promptly after execution of the Stipulation, and in no event later than
5    January 31, 2014, Lead Counsel shall submit the Stipulation together with its exhibits
6    (the "Exhibits") to the Court and shall apply for entry of an order (the "Notice
7    Order"), in all material respects in the form of Exhibit A attached hereto, requesting,
8    *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and
9    approval for the mailing of a Notice of Proposed Settlement of Class Action (the
10   "Notice") and publication of a summary notice, in all material respects in the forms of
11   Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of
12   the Settlement set forth in the Stipulation, the proposed Plan of Distribution, the
13   general terms of the Fee and Expense Application, and the date of the Settlement
14   Hearing.

15       4.2    Lead Counsel shall request that after notice is given to the Class, the
16   Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the
17   Action as set forth herein.  At or after the Settlement Hearing, Lead Counsel shall also
18   request that the Court approve the proposed Plan of Distribution and the Fee and
19   Expense Application.

20   **5.    Releases**

21       5.1    Upon the Effective Date, Lead Plaintiffs and each of the Class Members
22   who have not validly opted out of the Class on behalf of themselves, their
23   predecessors, successors, agents, representatives, attorneys and affiliates, and the
24   heirs, executors, administrators, successors, and assigns of each of them shall be
25   deemed to have, and by operation of the Judgment shall have, fully, finally, and
26   forever released, relinquished, and discharged against the Released Persons (whether
27   or not such Class Members execute and deliver the Proof of Claim and Release forms)
28   any and all Released Claims (including, without limitation, Unknown Claims), as well

1 as any claims arising out of, relating to, or in connection with, the defense, settlement,

2 or resolution of the Action or the Released Claims; provided, however, that Lead

3 Plaintiffs shall retain the right to enforce the terms of the Stipulation and Settlement.

4      5.2     Upon the Effective Date, Lead Plaintiffs and each of the Class Members

5 who have not validly opted out of the Class shall be permanently barred and enjoined

6 from the assertion, institution, maintenance, prosecution, or enforcement against

7 Defendants, or any Released Persons, in any state or federal court or arbitral forum, or

8 in the court of any foreign jurisdiction, of any and all Released Claims (including,

9 without limitation, Unknown Claims), as well as any claims arising out of, relating to,

10 or in connection with, the defense, settlement, or resolution of the Action or the

11 Released Claims; provided, however, that Lead Plaintiffs shall retain the right to

12 enforce the terms of the Stipulation and Settlement.

13      5.3     Upon the Effective Date, Lead Plaintiffs and the Class Members on

14 behalf of themselves, their current and former heirs, executors, administrators,

15 successors, attorneys, legal representatives, and assigns, shall be deemed to have, and

16 by operation of the Judgment shall have, expressly waived the benefits of (i) the

17 provisions of §1542 of the California Civil Code, which provides that:

18      A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO

19 EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST

20 HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT
WITH THE DEBTOR,

21

22 and (ii) any and all provisions, rights and benefits conferred by any law of any state or

23 territory of the United States, foreign jurisdiction, or principle of common law, which

24 is similar, comparable or equivalent to California Civil Code §1542. Lead Plaintiffs

25 and Class Members may hereafter discover facts in addition to or different from those

26 which he, she or it now knows or believes to be true with respect to the subject matter

27 of the Released Claims, but Lead Plaintiffs shall expressly, and Lead Plaintiffs and

28 each Class Member on behalf of themselves, their current and former heirs, executors,

administrators, successors, attorneys, legal representatives and assigns, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, whether concealed or hidden, which now exist, or heretofore have existed, arising under United States federal, state, local, statutory, or common law, or any other law, rule or regulation whether foreign or domestic, or upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

5.4    The Proof of Claim and Release form shall be in all material respects in the form contained in Exhibit A-2 attached hereto.

5.5    Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims; provided, however, that Defendants shall retain the right to enforce the terms of the Stipulation and Settlement.

### 6.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

6.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2     In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause to be mailed to all Class Members who can be identified with reasonable efforts, including those who were previously identified for purposes of providing the January 18, 2011 Notice of Pendency of Class Action, the Notice, in all material respects in the form of Exhibit A-1 attached hereto, and a Proof of Claim and Release form, in all material respects in the form of Exhibit A-2 attached hereto. The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Distribution and Lead Counsel's request for attorneys' fees and expenses and Lead Plaintiffs' expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Distribution, or request for fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Class. The Notice and Proof of Claim and Release form shall also be posted on the Claims Administrator's website. In accordance with the schedule set forth in the Notice Order, a summary notice, in all material respects in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *Investor's Business Daily* and once over the *Business Wire*. The cost of providing such notice shall be paid out of the Settlement Fund.

6.3     The Settlement Fund shall be applied as follows:

(a)     to pay Plaintiffs' Counsel's attorneys' fees and expenses (the "Fee and Expense Award") and Lead Plaintiffs' expenses, if and to the extent allowed by the Court;

(b)     to pay all the Class Notice and Administration Costs and expenses reasonably and actually incurred;

(c)     to pay the Taxes and Tax Expenses described in ¶3.7 hereof; and

(d)     to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Distribution, or the Court.

6.4     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Distribution, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release form, in all material respects in the form of Exhibit A-2 attached hereto, postmarked by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release form and as are reasonably available to such Person.

(b)     Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release form by the Bar Date, or such other period as may be ordered by the Court, or who file a Proof of Claim and Release form that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

(c)     The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Distribution. Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund.

(d)     Defendants shall not have a reversionary interest in the Net Settlement Fund. If there is any balance remaining in the Net Settlement Fund after the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, distribute such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution in an equitable and economical fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall, upon approval by the Court, be donated to an appropriate non-profit organization designated by Lead Counsel.

6.5     The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the investment, administration, or distribution of the Settlement Fund, the Plan of Distribution, the determination, administration, calculation or processing of claims, the Net Settlement Fund or any funds held by the Escrow Agent, the payment or withholding of Taxes, or any losses incurred in connection therewith.

6.6     Defendants shall take no position with respect to the Plan of Distribution or any other such plan as may be approved by the Court.

6.7     It is understood and agreed by the Settling Parties that any proposed Plan of Distribution of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Distribution shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or

1 any other orders entered pursuant to the Stipulation. Class Members and Defendants
2 shall be bound by the terms of this Stipulation, irrespective of whether the Court
3 disapproves or modifies the Plan of Distribution.

4     6.8   No Person shall have any claim against Lead Plaintiffs, Plaintiffs'
5 Counsel, Released Persons, Defendants' counsel, or the Claims Administrator based
6 on distributions made substantially in accordance with the Settlement, the Stipulation,
7 and the Plan of Distribution, or otherwise as further ordered by the Court.

8    **7.**   **Lead Counsel's Attorneys' Fees and Expenses**

9     7.1   Lead Counsel may submit an application or applications (the "Fee and
10 Expense Application") for distributions from the Settlement Fund for (a) an award of
11 attorneys' fees to be paid out of the Settlement Fund, plus (b) expenses incurred in
12 connection with prosecuting the Action, plus interest on both amounts. Neither Lead
13 Counsel nor any Class Member shall be entitled to terminate the Stipulation if the
14 Court disapproves of or modifies the terms of this Stipulation with respect to
15 attorneys' fees or expenses or Lead Plaintiffs' expenses or the distribution of the Net
16 Settlement Fund.

17     7.2   The attorneys' fees and expenses and/or Lead Plaintiffs' expenses, as
18 awarded by the Court, shall be paid by the Escrow Agent to Lead Counsel from the
19 Settlement Fund, as ordered, immediately after the Court enters Judgment and
20 executes an order awarding such fees and expenses. This provision shall apply
21 notwithstanding timely objections to, potential for appeal from, or collateral attack on
22 the Settlement. Lead Counsel shall thereafter allocate the attorneys' fees amongst
23 other Plaintiffs' Counsel in a manner that Lead Counsel in good faith believes reflects
24 the contributions of such counsel to the prosecution and settlement of the Action. Any
25 such awards of attorneys' fees and expenses or Lead Plaintiffs' expenses shall be paid
26 solely by the Settlement Fund. In the event that the Judgment or the order awarding
27 such fees and expenses paid to Lead Counsel or Lead Plaintiffs pursuant to ¶7.1 is
28 reversed, modified, or successfully attacked collaterally, or if the Settlement is

1   cancelled or terminated for any reason, then Lead Counsel (and any successor firm)

2   and/or Lead Plaintiffs, as appropriate, shall, in an amount consistent with such

3   reversal, modification, collateral attack, cancellation, or termination, refund such fees

4   or expenses to the Settlement Fund, plus interest thereon at the same rate as earned on

5   the Settlement Fund, within twenty (20) business days from receiving notice from

6   NWI's counsel or from a court of competent jurisdiction.   Any refunds required

7   pursuant to this paragraph shall be the obligation of each Plaintiffs' Counsel (and their

8   successor firms) to make appropriate refunds or repayments to the Settlement Fund.

9   Lead Counsel and other Plaintiffs' Counsel, as a condition of receiving such

10  attorneys' fees and expenses, on behalf of themselves and each partner and/or

11  shareholder of them, agree that the law firms and their partners and/or shareholders

12  are subject to the jurisdiction of the Court for the purpose of enforcing the provisions

13  of this paragraph.

14       7.3     The procedure for and the allowance or disallowance by the Court of the

15  Fee and Expense Application and any Lead Plaintiffs' expenses, to be paid out of the

16  Settlement Fund, are not part of the Settlement set forth in the Stipulation, and are to

17  be considered by the Court separately from the Court's consideration of the fairness,

18  reasonableness, and adequacy of the Settlement, and any order or proceeding relating

19  to the Fee and Expense Application or Lead Plaintiffs' expenses, or any appeal from

20  any order relating thereto or reversal or modification thereof, shall not operate to

21  terminate or cancel the Stipulation, or affect or delay the finality of the Judgment

22  approving the Stipulation and the settlement of the Action.

23       7.4     Released Persons shall have no responsibility or liability for any payment

24  of attorneys' fees and expenses to Lead Counsel or any Plaintiffs' Counsel or any

25  Lead Plaintiffs' expenses over and above payment of the Settlement Fund pursuant to

26  ¶3.1.

27

28

7.5     Released Persons shall have no responsibility or liability for the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

**8.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

8.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     execution of the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)     the Court has entered the Notice Order, as required by ¶4.1 hereof;

(c)     payment of the Settlement Amount of $16,000,000 in accordance with ¶3.1(b) of this Stipulation;

(d)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶8.3 hereof;

(e)     the Court has entered the Judgment in all material respects in the form of Exhibit B attached hereto that, *inter alia*, dismisses with prejudice the Action as set forth above; and

(f)     the Judgment has become Final, as defined in ¶1.10 hereof.

8.2     Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished other than claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with the Settlement.  If all of the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶8.4 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

8.3     If Persons who otherwise would be members of the Class have timely requested exclusion from the Class in accordance with the provisions of the Notice Order and the notice given pursuant thereto, and such Persons in the aggregate purchased a number of shares of NWI common stock during the Class Period in an amount greater than the sum specified in a separate "Supplemental Agreement" executed between Lead Plaintiffs and Defendants, Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement.

8.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶3.6 or 3.7 hereof, shall be refunded pursuant to written instructions from NWI's counsel. At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of NWI's counsel.

8.5     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is canceled, terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of December 6, 2013. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.27, 3.6-3.8, 7.2, 8.4-8.5 and 9.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of December 6, 2013, and shall be required to

present an amended schedule to the Court.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Distribution, the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel, or the amount of any expenses awarded by the Court to Lead Plaintiffs shall constitute grounds for cancellation or termination of the Stipulation.

8.6     Lead Counsel shall have the right, but not the obligation, to terminate the Settlement fifteen (15) calendar days after Defendants' failure to timely pay the cash component of the Settlement Amount into the Escrow Account or timely deliver to the Escrow Agent the Settlement Stock and Settlement Note.

**9.      Miscellaneous Provisions**

9.1     The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

9.2     Each Defendant warrants and represents as to himself, herself or itself only, that he, she or it is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time the Stipulation is executed and as of the time the payments are actually transferred or made as reflected in the Stipulation.

9.3     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties and their counsel agree that they shall not assert or allege in any action, proceeding, or claim that any party hereto violated Rule 11 of the Federal Rules of Civil Procedure, and the Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms

1    of the Settlement were negotiated in good faith by the Settling Parties and reflect a

2    settlement that was reached voluntarily after consultation with competent legal

3    counsel. The Settling Parties reserve their right to rebut, in a manner that such party

4    determines to be appropriate, any contention made in any public forum regarding the

5    Action, including that the Action was brought or defended in bad faith or without a

6    reasonable basis.

7         9.4     Neither the Stipulation nor the Settlement contained herein, nor any act

8    performed or document executed pursuant to or in furtherance of the Stipulation or the

9    Settlement (a) is or may be deemed to be or may be used as an admission of, or

10    evidence of, the validity of any Released Claim, or of any wrongdoing or liability of

11    the Released Persons; or (b) is or may be deemed to be or may be used as an

12    admission of, or evidence of, any fault or omission of any of the Released Persons; or

13    (c) is or may be deemed to be or may be used as an admission or evidence that any

14    claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was

15    not greater than the Settlement Amount, in any civil, criminal, or administrative

16    proceeding in any court, administrative agency, or other tribunal. The Defendants

17    continue to deny liability and the Released Persons may file the Stipulation and/or the

18    Judgment in any action that may be brought against them in order to support a defense

19    or counterclaim based on principles of *res judicata*, collateral estoppel, release, good

20    faith settlement, judgment bar or reduction, or any other theory of claim preclusion or

21    issue preclusion or similar defense or counterclaim. If any Released Claims

22    (including, without limitation, Unknown Claims) are asserted against any Released

23    Persons in any court prior to final Court approval of the Settlement, the Settling

24    Parties shall cooperate in obtaining the withdrawal or dismissal of such related

25    litigation, including, where appropriate, joining in any motion to dismiss such

26    litigation.

27         9.5     All agreements made and orders entered during the course of the Action

28    relating to the confidentiality of information shall survive this Stipulation.

9.6     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.7     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.8     The Stipulation and the Exhibits attached hereto (together with the Supplemental Agreement referred to in ¶8.3) constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein (or, as between Defendants, in any separate agreements between them), each Settling Party shall bear its own costs.

9.9     Neither the Class Members nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court modifies any proposed Plan of Distribution or criteria for allocation of the Net Settlement Fund amongst Class Members, or the Plan of Distribution is modified on appeal. Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses, Lead Plaintiffs' expenses or the distribution of the Net Settlement Fund. Notwithstanding any such modification of the terms of the Plan of Distribution or the Stipulation with respect to attorneys' fees or expenses or Lead Plaintiffs' expenses, Defendants shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

9.10    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to

1 | enter into any modifications or amendments to the Stipulation on behalf of the Class
2 | which it deems appropriate.

3 | 9.11 Lead Plaintiffs and Lead Counsel represent and warrant that none of the
4 | Lead Plaintiffs' claims or causes of action referred to in this Action or this Stipulation
5 | has been assigned, encumbered, or in any manner transferred in whole or in part.

6 | 9.12 Each counsel or other Person executing the Stipulation or any of its
7 | Exhibits on behalf of any Settling Party hereby warrants that such Person has the full
8 | authority to do so.

9 | 9.13 The Stipulation may be executed in one or more counterparts, including
10 | by e-mail in PDF format or by telecopier. All executed counterparts and each of them
11 | shall be deemed to be one and the same instrument. A complete set of executed
12 | counterparts shall be filed with the Court.

13 | 9.14 The Stipulation shall be binding upon, and inure to the benefit of, the
14 | heirs, successors, and assigns of the Settling Parties hereto.

15 | 9.15 The Court shall retain jurisdiction with respect to implementation and
16 | enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to
17 | the jurisdiction of the Court for purposes of implementing and enforcing the
18 | Settlement embodied in the Stipulation.

19 | 9.16 Pending approval of the Court of the Stipulation and its Exhibits, all
20 | proceedings in this Action shall be stayed and Lead Plaintiffs and all members of the
21 | Class shall be barred and enjoined from prosecuting any of the Released Claims
22 | (including, without limitation, Unknown Claims) against any of the Released Persons.

23 | 9.17 This Stipulation and the Exhibits hereto shall be considered to have been
24 | negotiated, executed, and delivered, and to be wholly performed, in the State of
25 | California, and the rights and obligations of the parties to the Stipulation shall be
26 | construed and enforced in accordance with, and governed by, the internal, substantive
27 | laws of the State of California without giving effect to that State's choice-of-law
28 | principles.

1   IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

2   executed, by their duly authorized attorneys, dated January 31, 2014.

3                                          ROBBINS GELLER RUDMAN
                                             & DOWD LLP
4                                          JEFFREY D. LIGHT
                                           DOUGLAS R. BRITTON
5                                          ROBERT R. HENSSLER JR.
                                           LUCAS F. OLTS
6                                          ERIC I. NIEHAUS

7

8                                          _____
                                                 DOUGLAS R. BRITTON
9
                                           655 West Broadway, Suite 1900
10                                         San Diego, CA 92101
                                           Telephone: 619/231-1058
11                                         619/231-7423 (fax)

12                                         Lead Counsel for Plaintiffs

13                                         DYER & BERENS LLP
                                           ROBERT J. DYER III
14                                         JEFFREY A. BERENS
                                           303 East 17th Avenue, Suite 810
15                                         Denver, CO 80203
                                           Telephone: 303/861-1764
16                                         303/395-0393 (fax)

17                                         HOLZER HOLZER & FISTEL, LLC
                                           COREY D. HOLZER
18                                         MICHAEL I. FISTEL, JR.
                                           MARSHALL P. DEES
19                                         200 Ashford Center North, Suite 300
                                           Atlanta, GA 30338
20                                         Telephone: 770/392-0090
                                           770/392-0029 (fax)
21
                                           Additional Counsel for Plaintiff
22

23

24

25

26

27

28

899561_6

1

2   JONES DAY
    THOMAS R. JACKSON

3.

4   _____
              THOMAS R. JACKSON

5

6   2727 North Harwood Street
    Dallas, TX 75201-1515
    Telephone:  214/220-3939

7   214/969-5100 (fax)

8   Attorneys for Novatel Wireless, Inc. and
    the Individual Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

899561_6                        - 33 -              08-CV-01689-AJB(RBB)

INDEX OF EXHIBITS TO STIPULATION OF SETTLEMENT

| DOCUMENT | EXHIBIT | PAGE |
|---|---|---|
| Order Preliminarily Approving Settlement and Providing for Notice | A | 1-10 |
| Notice of Proposed Settlement of Class Action | A-1 | 11-34 |
| Proof of Claim and Release | A-2 | 35-45 |
| Summary Notice | A-3 | 46-49 |
| Final Judgment and Order of Dismissal with Prejudice | B | 50-58 |

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re NOVATEL WIRELESS SECURITIES LITIGATION | ) ) ) | Lead Case No.   08-CV-01689-AJB(RBB) |
| This Document Relates To: | ) ) ) | CLASS ACTION |
| ALL ACTIONS. | ) ) ) | ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| | | EXHIBIT A |

899490_5

1  WHEREAS, a consolidated action is pending before this Court styled *In re*
2  *Novatel Wireless Securities Litigation*, Lead Case No. 08-CV-01689-AJB(RBB) (the
3  "Action");

4  WHEREAS, the parties having made application, pursuant to Federal Rule of
5  Civil Procedure 23(e), for an order preliminarily approving the settlement of this
6  Action, in accordance with a Stipulation of Settlement dated January 31, 2014
7  ("Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms
8  and conditions for a proposed settlement of the Action and for dismissal of the Action
9  with prejudice upon the terms and conditions set forth therein; and the Court having
10 read and considered the Stipulation and the Exhibits annexed thereto; and

11 WHEREAS, unless otherwise defined, all capitalized terms used herein shall
12 have the same meanings as set forth in the Stipulation.

13 NOW, THEREFORE, IT IS HEREBY ORDERED:

14 1.  The Court does hereby preliminarily approve the Stipulation and the
15 Settlement set forth therein, subject to further consideration at the Settlement Hearing
16 described below.

17 2.  A hearing (the "Settlement Hearing") shall be held before this Court on
18 [a date approximately 100 calendar days from the execution of this Order]
19 _____, 2014, at ___ _.m., at the United States District Court for the
20 Southern District of California, Edward J. Schwartz U.S. Courthouse, 221 West
21 Broadway, San Diego, California 92101, to determine whether the proposed
22 Settlement of the Action on the terms and conditions provided for in the Stipulation is
23 fair, reasonable, and adequate to the Class and should be approved by the Court;
24 whether a Judgment as provided in ¶1.12 of the Stipulation should be entered; whether
25 the proposed Plan of Distribution should be approved; to determine any amount of
26 attorneys' fees and expenses that should be awarded to Lead Counsel and any
27 expenses to Lead Plaintiffs; to hear any objections by Class Members to the
28 Settlement or Plan of Distribution or any award of fees and expenses to Lead Counsel

899490_5                        - 1 -                08-CV-01689-AJB(RBB)

1   or Lead Plaintiffs; and to consider such other matters as the Court may deem
2   appropriate.

3       3.      Pursuant to the May 12, 2010 Order Granting Motion to Certify Class
4   (Dkt. No. 180) and Rule 23 of the Federal Rules of Civil Procedure, the Court has
5   certified a Class defined as all Persons who purchased NWI common stock between
6   February 27, 2007 and September 15, 2008, inclusive, and were damaged thereby.
7   Excluded from the Class are Defendants, directors, and officers of NWI, and their
8   families and affiliates.  Also excluded from the Class are those Class Members who
9   previously excluded themselves pursuant to the Notice of Pendency of Class Action
10  that was provided to the Class pursuant to the Court's Order dated January 18, 2011
11  (Dkt. No. 264) and those Class Members who submit valid and timely requests for
12  exclusion pursuant to the Notice described herein.

13      4.      The Court approves, as to form and content, the Notice, the Proof of
14  Claim and Release form, and the summary notice, and finds that the mailing and
15  distribution of the Notice and publishing of the summary notice substantially in the
16  manner and form set forth in ¶¶5-6 of this Order meet the requirements of Federal
17  Rule of Civil Procedure 23 and due process, provide the best notice practicable under
18  the circumstances, and shall constitute due and sufficient notice to all Persons entitled
19  thereto.

20      5.      Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court
21  appoints the firm Gilardi & Co. LLC ("Claims Administrator") to supervise and
22  administer the notice procedure as well as the processing of claims as more fully set
23  forth below:

24          (a)     Not later than _____, 2014 [twenty (20) calendar days after the
25  Court enters this Order] (the "Notice Date"), Lead Counsel and/or the Claims
26  Administrator shall cause a copy of the Notice and the Proof of Claim and Release
27  form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed
28  by First-Class Mail to all Class Members who can be identified with reasonable

1  efforts, including those who were previously identified for purposes of providing the

2  January 18, 2011 Notice of Pendency of Class Action, and to be posted on the Claims

3  Administrator's website at www.novatelwirelesssettlement.com;

4           (b)    Not later than the Notice Date, the Claims Administrator shall post

5  the Notice and the Stipulation and all of its Exhibits on its website at

6  www.novatelwirelesssettlement.com;

7           (c)    Not later than _____, 2014 [ten (10) calendar days after the

8  Notice Date], the Claims Administrator shall cause the summary notice, substantially

9  in the form annexed as Exhibit A-3 hereto, to be published once in the national edition

10 of *Investor's Business Daily* and once over the *Business Wire*; and

11          (d)    Not later than _____, 2014 [twenty-one (21) calendar days

12 prior to the Settlement Hearing], Lead Counsel shall serve on Defendants' counsel and

13 file with the Court proof, by affidavit or declaration, of such mailing and publishing.

14     6.    Nominees who purchased NWI common stock for the benefit of another

15 Person during the period from February 27, 2007 through September 15, 2008,

16 inclusive, shall be requested to send the Notice and Proof of Claim and Release form

17 to such beneficial owners of NWI common stock within ten (10) calendar days after

18 receipt thereof, or send a list of the names and addresses of such beneficial owners to

19 the Claims Administrator within ten (10) calendar days of receipt thereof, in which

20 event the Claims Administrator shall promptly mail the Notice and Proof of Claim and

21 Release form to such beneficial owners.

22     7.    All fees, costs, and expenses incurred in identifying and notifying

23 members of the Class (other than costs incurred in providing CAFA notice as set forth

24 in ¶2.1 of the Stipulation) shall be paid from the Settlement Fund and in no event shall

25 Defendants bear any responsibility for such fees, costs, or expenses.

26     8.    All members of the Class (except Persons who have validly and timely

27 requested exclusion pursuant to the Notice or the January 28, 2011 Notice of

28 Pendency of Class Action) shall be bound by all determinations and judgments in the

899490_5

- 3 -                    08-CV-01689-AJB(RBB)

1  litigation concerning the Settlement, including, but not limited to, the releases
2  provided for therein, whether favorable or unfavorable to the Class, regardless of
3  whether such Persons seek or obtain by any means, including, without limitation, by
4  submitting a Proof of Claim and Release form or any similar document, any
5  distribution from the Settlement Fund or the Net Settlement Fund.

6      9.      Class Members who wish to participate in the Settlement shall complete
7  and submit the Proof of Claim and Release form in accordance with the instructions
8  contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Release
9  must be postmarked no later than ninety (90) calendar days from the Notice Date.
10 Any Class Member who does not submit a Proof of Claim and Release within the time
11 provided shall be barred from sharing in the distribution of the proceeds of the Net
12 Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be
13 bound by any final judgment entered by the Court.  Notwithstanding the foregoing,
14 Lead Counsel shall have the discretion to accept late-submitted claims for processing
15 by the Claims Administrator so long as distribution of the Net Settlement Fund is not
16 materially delayed thereby.

17     10.      Any member of the Class may enter an appearance in the Action, at his,
18 her, or its own expense, individually or through counsel of their own choice.  If they
19 do not enter an appearance, they will be represented by Lead Counsel.

20     11.      Any Person falling within the definition of the Class may, upon request,
21 be excluded or "opt out" from the Class.  Any such Person must submit to the Claims
22 Administrator a request for exclusion ("Request for Exclusion"), postmarked on or
23 before _____, 2014 [sixty (60) calendar days after the Notice Date].   A
24 Request for Exclusion must be signed and state: (a) the name, address, and telephone
25 number of the Person requesting exclusion; (b) the Person's purchases and sales of
26 NWI common stock from February 27, 2007 to September 15, 2008, inclusive,
27 including the dates, the number of shares of NWI common stock purchased or sold,
28 and price paid or received for each such purchase or sale; and (c) that the Person

1    wishes to be excluded from the Class.  All Persons who submit valid and timely

2    Requests for Exclusion in the manner set forth in this paragraph shall have no rights

3    under the Stipulation, shall not share in the distribution of the Net Settlement Fund,

4    and shall not be bound by the Stipulation or any final judgment.

5        12.    Copies of all Requests for Exclusion received shall be delivered to

6    Defendants' counsel by the Claims Administrator or Lead Counsel promptly after

7    receipt by the Claims Administrator, but in no event later than ten (10) business days

8    before the Settlement Hearing for Requests for Exclusion received by that date.

9        13.    Any member of the Class may appear and object if he, she, or it has any

10   reason why the Settlement of the Action should not be approved as fair, reasonable

11   and adequate, why a judgment should not be entered thereon, why the Plan of

12   Distribution should not be approved, why attorneys' fees and expenses should not be

13   awarded to counsel for Lead Plaintiffs, or why expenses should not be awarded to

14   Lead Plaintiffs; provided, however, that no Class Member or any other Person shall be

15   heard or entitled to contest the approval of the terms and conditions of the Settlement,

16   or, if approved, the Judgment to be entered thereon approving the same, or the order

17   approving the Plan of Distribution, or any attorneys' fees and expenses to be awarded

18   to Lead Counsel or Lead Plaintiffs, unless written objections and copies of any papers

19   and briefs are received by Robbins Geller Rudman & Dowd LLP, Jeffrey D. Light,

20   Douglas R. Britton, 655 West Broadway, Suite 1900, San Diego, California 92101;

21   and Jones Day, Thomas R. Jackson, 2727 North Harwood Street, Dallas, Texas 75201,

22   on _____, 2014 [60 calendar days after the Notice Date]; and said objections,

23   papers, and briefs are filed with the Clerk of the United States District Court for the

24   Southern District of California, on or before _____, 2014 [60 calendar days after

25   the Notice Date].  Any member of the Class who does not make his, her, or its

26   objection in the manner provided shall be deemed to have waived such objection and

27   shall forever be foreclosed from making any objection to the fairness, reasonableness,

28   or adequacy of the Settlement as incorporated in the Stipulation, to the Plan of

- 5 -                    08-CV-01689-AJB(RBB)

1    Distribution, and to the award of attorneys' fees and expenses to Lead Counsel or

2    Lead Plaintiffs, unless otherwise ordered by the Court.

3          14.    All funds held by the Escrow Agent shall be deemed and considered to be

4    in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court,

5    until such time as such funds shall be distributed pursuant to the Stipulation and/or

6    further order(s) of the Court.

7          15.    All papers in support of the Settlement, Plan of Distribution, and any

8    application by Lead Counsel for attorneys' fees and expenses or Lead Plaintiffs'

9    expenses shall be filed and served no later than _____, 2014 [35 calendar days

10   after the Notice Date] and any reply papers shall be filed and served no later than

11   _____, 2014 [seven (7) calendar days prior to the Settlement Hearing].

12         16.    The Released Persons shall have no responsibility for, interest in, or

13   liability whatsoever with respect to the notice procedures, the investment,

14   administration, or distribution of the Settlement Fund, the Plan of Distribution, the

15   determination, administration, calculation or processing of claims, the Net Settlement

16   Fund or any funds held by the Escrow Agent, the payment or withholding of Taxes, or

17   any losses incurred in connection therewith, any application for attorneys' fees or

18   expenses submitted by Lead Counsel or Lead Plaintiffs, or any allocation of the Fee

19   and Expense Award by Lead Counsel, and such matters will be considered separately

20   from the fairness, reasonableness, and adequacy of the Settlement.

21         17.    At or after the Settlement Hearing, the Court shall determine whether the

22   Plan of Distribution proposed by Lead Counsel, and any applications for attorneys'

23   fees and expenses and Lead Plaintiffs' expenses should be approved.

24         18.    All reasonable expenses incurred in identifying and notifying Class

25   Members as well as administering the Settlement Fund shall be paid as set forth in the

26   Stipulation.  In the event the Court does not approve the Settlement, or it otherwise

27   fails to become effective, neither Lead Plaintiffs nor their counsel shall have any

28

899490_5

1  obligation to repay any amounts actually and properly incurred or disbursed pursuant

2  to ¶¶3.6 or 3.7 of the Stipulation.

3      19.    Neither the Stipulation nor the Settlement contained therein, nor any act

4  performed or document executed pursuant to or in furtherance of the Stipulation or the

5  Settlement (a) is or may be deemed to be or may be used as an admission of, or

6  evidence of, the validity of any Released Claim, or of any wrongdoing or liability of

7  the Released Persons; or (b) is or may be deemed to be or may be used as an

8  admission of, or evidence of, any fault or omission of any of the Released Persons; or

9  (c) is or may be deemed to be or may be used as an admission or evidence that any

10 claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was

11 not greater than the Settlement Amount, in any civil, criminal, or administrative

12 proceeding in any court, administrative agency, or other tribunal.  The Released

13 Persons may file the Stipulation and/or the Judgment in any action that may be

14 brought against them in order to support a defense or counterclaim based on principles

15 of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or

16 reduction, or any other theory of claim preclusion or issue preclusion or similar

17 defense or counterclaim.

18     20.    All proceedings in the Action are stayed until further order of this Court,

19 except as may be necessary to implement the Settlement or comply with the terms of

20 the Stipulation.  Pending final determination of whether the Settlement should be

21 approved, neither Lead Plaintiffs nor any Class Member, either directly,

22 representatively, or in any other capacity shall commence or prosecute against any of

23 the Released Persons any action or proceeding in any court or tribunal asserting any of

24 the Released Claims.

25     21.    The Court reserves the right to adjourn or alter the time or the date of the

26 Settlement Hearing without further notice to the members of the Class, provided that

27 the time or the date of the Settlement Hearing shall not be set at a time or date earlier

28 than the time and date set forth in ¶2 above, and retains jurisdiction to consider all

1   further applications arising out of or connected with the Settlement.  The Court may

2   approve the Settlement, with such modifications as may be agreed to by the Settling

3   Parties, if appropriate, without further notice to the Class.

4        IT IS SO ORDERED.

5

6   DATED: _____        _____

7                                THE HONORABLE ANTHONY J. BATTAGLIA
                                 UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A
-10-

# EXHIBIT A-1

1 | ROBBINS GELLER RUDMAN
  |   & DOWD LLP
2 | JEFFREY D. LIGHT (159515)
  | DOUGLAS R. BRITTON (188769)
3 | ROBERT R. HENSSLER JR. (216165)
  | LUCAS F. OLTS (234843)
4 | ERIC I. NIEHAUS (239023)
  | 655 West Broadway, Suite 1900
5 | San Diego, CA  92101
  | Telephone:  619/231-1058
6 | 619/231-7423 (fax)
  | jeffl@rgrdlaw.com
7 | dougb@rgrdlaw.com
  | bhenssler@rgrdlaw.com
8 | lolts@rgrdlaw.com
  | ericn@rgrdlaw.com
9 |
  | Lead Counsel for Plaintiffs
10 |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re NOVATEL WIRELESS SECURITIES LITIGATION | ) | Lead Case No. 08-CV-01689-AJB(RBB) |
|---|---|---|
| | ) | |
| This Document Relates To: | ) | CLASS ACTION |
| | ) | |
| ALL ACTIONS. | ) | NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION |
| | ) | |
| | ) | EXHIBIT A-1 |

899797_6

Exhibit A-1
-12-

TO: ALL PERSONS WHO PURCHASED THE COMMON STOCK OF NOVATEL WIRELESS, INC. ("NWI") BETWEEN FEBRUARY 27, 2007 AND SEPTEMBER 15, 2008, INCLUSIVE (THE "CLASS PERIOD")

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE _____, 2014.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of California (the "Court").  The purpose of this Notice is to inform you of the settlement (the "Settlement") of this securities class action litigation (the "Action") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement.  The Settlement resolves the Class's claims asserted against all the Defendants.  This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to the Settlement and this class action litigation.  The terms of the Settlement are set forth in the Stipulation of Settlement, dated January 31, 2014 (the "Stipulation"), which can be viewed and/or downloaded at www.novatelwirelesssettlement.com.

The proposed Settlement creates a fund in the amount of Sixteen Million Dollars ($16,000,000.00), which includes $6 million in cash, $5 million in NWI common stock, and a $5 million Note, and will include interest that accrues on the fund and may reflect any fluctuations in the price of the common stock prior to distribution ("Settlement Fund").  Based on the information currently available to Lead Plaintiffs and the analysis performed by their damages consultant, it is estimated that if Class Members submit claims for 100% of the shares eligible for distribution, the estimated average distribution per share will be approximately $0.26 before

Exhibit A-1
-13-

1   deduction of Court-approved fees and expenses.  Historically, actual claims rates are

2   less than 100%, which result in higher distributions per share.  Your actual recovery

3   from this fund will depend on a number of variables, including the number of

4   claimants, the number of NWI shares you and they purchased, the number of NWI

5   shares you and they sold, the expense of administering the claims process, and the

6   timing of your purchases and sales, if any (see the Plan of Distribution below for a

7   more detailed description of how the settlement proceeds will be allocated among

8   Class Members).

9        Defendants have denied and continue to deny specifically each and all of the

10  claims and contentions alleged in the Action.  The issues on which the parties disagree

11  include: (1) whether the statements made or facts allegedly omitted were false,

12  material, or otherwise actionable under the federal securities laws; (2) the extent to

13  which the various matters that Lead Plaintiffs alleged were materially false or

14  misleading influenced (if at all) the trading price of NWI shares at various times

15  during the Class Period; (3) the extent to which the various allegedly adverse material

16  facts that Lead Plaintiffs alleged were omitted influenced (if at all) the trading price of

17  NWI shares at various times during the Class Period; (4) the extent to which external

18  factors, such as general market conditions, influenced the trading prices of NWI

19  shares at various times during the Class Period; (5) the effect of various market forces

20  influencing the trading price of NWI shares at various times during the Class Period;

21  (6) the amount by which NWI shares were allegedly artificially inflated (if at all)

22  during the Class Period; and (7) the appropriate economic model for determining the

23  amount by which NWI shares were allegedly artificially inflated (if at all) during the

24  Class Period.  Lead Plaintiffs and Defendants do not agree on the average amount of

25  damages per share that would be recoverable if Lead Plaintiffs were to have prevailed

26  on each claim asserted.  Defendants deny that they have violated the federal securities

27  laws or any laws.

28

1    Lead Plaintiffs believe that the Settlement is a very good recovery and is in the

2    best interests of the Class.  There were significant risks associated with proceeding to

3    trial.  If Lead Plaintiffs prevailed, they believe there was a risk that, given NWI's

4    current level of available cash, the judgment would be uncollectible.  If Defendants

5    prevailed, the Class would receive nothing.  In addition, the amount of damages

6    recoverable by the Class was and is challenged by Defendants.  Recoverable damages

7    in this case are limited to losses caused by conduct actionable under applicable law

8    and, had the Action gone to trial, Defendants would likely assert that most or all of the

9    losses of Class Members were caused by non-actionable market, industry, or general

10   economic factors.  Defendants would also assert that throughout the Class Period, the

11   statements challenged by Lead Plaintiffs were not made with knowledge of their

12   falsity.

13   Lead Counsel have not received any payment for their services in conducting

14   this Action on behalf of Lead Plaintiffs and the members of the Class, nor have they

15   been paid for their expenses.  If the Settlement is approved by the Court, Lead

16   Counsel will apply to the Court for attorneys' fees of 27.5% of the Settlement Fund

17   plus expenses not to exceed $1,800,000, both to be paid from the Settlement Fund.

18   Lead Plaintiffs may also seek to be paid from the Settlement Fund for their reasonable

19   costs and expenses (including lost wages) directly relating to their representation of

20   the Class.  If the amounts requested by counsel are approved by the Court, the average

21   cost per share would be approximately $0.10.

22   This Notice is not an expression of any opinion by the Court about the merits of

23   any of the claims or defenses asserted by any party in this Action or the fairness or

24   adequacy of the proposed Settlement.

25   For further information regarding this Settlement you may contact:   Rick

26   Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West

27   Broadway, Suite 1900, San Diego, CA 92101, Telephone: 800/449-4900.  Please do

28   not call any representative of the Defendants or the Court.

**I.     NOTICE OF HEARING ON PROPOSED SETTLEMENT**

A hearing (the "Settlement Hearing") will be held on _____, 2014, at __:__ __.m., before the Honorable Anthony J. Battaglia, United States District Judge, at the United States District Court for the Southern District of California, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, San Diego, CA 92101.  The purpose of the Settlement Hearing will be to determine: (1) whether the Settlement consisting of Sixteen Million Dollars ($16,000,000.00) plus accrued interest and/or stock appreciation should be approved as fair, reasonable, and adequate to the Class; (2) whether the proposed Plan of Distribution of the settlement proceeds (the "Plan of Distribution") is fair, reasonable, and adequate; (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; (4) whether to approve Lead Plaintiffs' request for their payment of expenses in representing the Class; and (5) whether the Action should be dismissed with prejudice.  The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

**II.    DEFINITIONS USED IN THIS NOTICE**

1.     "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

2.     "Claims Administrator" means the firm of Gilardi & Co. LLC.

3.     "Class" means all Persons who purchased NWI common stock between February 27, 2007 and September 15, 2008, inclusive, and were damaged thereby, as ordered by the Court in that Order dated May 12, 2010, and titled, in part, "Order Granting Motion to Certify Class" (Dkt. No. 180).  Excluded from the Class are: Defendants, directors, and officers of NWI, and their families and affiliates.  Also excluded from the Class are those Class Members who previously excluded themselves pursuant to the Notice of Pendency of Class Action that was provided to the Class pursuant to the Court's Order dated January 18, 2011 (Dkt. No. 264) and

- 4 -                          08-CV-01689-AJB(RBB)

1   those Class Members who submit valid requests for exclusion pursuant to this Notice

2   of Proposed Settlement of Class Action.

3       4.      "Class Member" means a Person who falls within the definition of the

4   Class as set forth in ¶3 above.

5       5.      "Class Period" means the period between February 27, 2007, and

6   September 15, 2008, inclusive.

7       6.      "Defendants" means NWI, Peter V. Leparulo, George B. Weinert, Robert

8   M. Hadley, Slim S. Souissi, and Catherine F. Ratcliffe.

9       7.      "Effective Date" means the first date by which all of the events and

10  conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

11      8.      "Escrow Account" means the account controlled by the Escrow Agent

12  into which Defendants shall cause the deposit of $6,000,000.

13      9.      "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its

14  successor(s).

15      10.     "Final" means the time when a Judgment that has not been reversed,

16  vacated, or modified in any way is no longer subject to appellate review, either

17  because of disposition on appeal and conclusion of the appellate process, or because

18  of the passage of time for seeking appellate review.  More specifically, it is when the

19  last of the following has occurred with respect to the Judgment: (a) the date of final

20  affirmance on an appeal of the Judgment, the expiration of the time for a petition for

21  or a denial of a writ of certiorari to review the Judgment and, if certiorari is granted,

22  the date of final affirmance of the Judgment following review pursuant to that grant;

23  or (b) the date of final dismissal of any appeal from the Judgment or the final

24  dismissal of any proceeding on certiorari to review the Judgment and expiration of

25  time to seek any further review or appeal of such dismissal; or (c) if no appeal is filed,

26  the expiration date of the time for the filing or noticing of any appeal from the

27  Judgment.  For purposes of this definition, an "appeal" shall include any motion to

28  alter, amend, or otherwise review the Judgment, and any petition for any writ,

899797_6

- 5 -                    08-CV-01689-AJB(RBB)

Exhibit A-1
-17-

1   including a writ of certiorari, that may be filed in connection with the approval or

2   disapproval of the Stipulation.  Any proceeding or order, or any appeal or petition for

3   a writ of certiorari pertaining to any Plan of Distribution and/or application(s) for

4   attorneys' fees, costs, or expenses or Lead Plaintiffs' expenses, shall not in any way

5   delay or preclude the Judgment from becoming Final.

6       11.   "Individual Defendants" means Peter V. Leparulo, George B. Weinert,

7   Robert M. Hadley, Slim S. Souissi, and Catherine F. Ratcliffe.

8       12.   "Judgment" means the judgment and order of dismissal with prejudice to

9   be rendered by the Court upon approval of the Settlement, in all material respects in

10  the form attached to the Stipulation as Exhibit B.

11      13.   "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 655 West

12  Broadway, Suite 1900, San Diego, CA 92101.

13      14.   "Lead Plaintiffs" means Plumbers & Pipefitters' Local #562 Pension

14  Fund and Western Pennsylvania Electrical Employees Pension Fund.

15      15.   "Net Settlement Fund" means the portion of the Settlement Fund that

16  shall be distributed to Authorized Claimants as allowed by the Stipulation, the Plan of

17  Distribution, or the Court, after provision for the other amounts set forth in ¶6.3(a)-(c)

18  of the Stipulation.

19      16.   "Person" means an individual, corporation, partnership, limited

20  partnership, association, joint stock company, estate, legal representative, trust,

21  unincorporated association, government or any political subdivision or agency thereof,

22  and any business or legal entity and his, her or its spouses, heirs, predecessors,

23  successors, representatives, or assignees.

24      17.   "Plaintiffs' Counsel" means any counsel who filed a complaint in the

25  Action or any action that has been consolidated with the Action.

26      18.   "Plan of Distribution," as further defined in §VII of this Notice, means a

27  plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund

28  shall be distributed to Authorized Claimants after payment of expenses of notice and

899797_6

- 6 -                               08-CV-01689-AJB(RBB)

Exhibit A-1
-18-

1    administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees,

2    costs, expenses and interest, and other expenses as may be awarded by the Court.  Any

3    Plan of Distribution is not part of the Stipulation and the Released Persons shall have

4    no responsibility or liability with respect thereto.

5         19.    "Related Persons" means, with respect to the Defendants, each and all of

6    their respective past or present parents, affiliates, associates, executors, personal

7    representatives, subsidiaries, officers, directors, employees, principals, agents,

8    controlling persons, general or limited partners or partnerships, attorneys, legal

9    counsel, accountants, consultants, financial advisors, investment advisors, commercial

10   bank lenders, investment bankers, partners, limited liability companies, shareholders,

11   immediate family members, heirs, estates, administrators, predecessors, successors,

12   indemnitors, indemnitees, insurers (including but not limited to the Defendants'

13   Directors and Officers insurance carriers), reinsurers, any entity in which any

14   Defendant has a controlling interest, assigns, any trust of which any Defendant is the

15   settlor or which is for the benefit of any Defendant and/or members of any

16   Defendant's family; and, as to each of the foregoing, all of their past, present, or

17   future directors, officers, agents, partners, members, managers, employees, heirs,

18   subsidiaries, predecessors, and successors, and any Person acting on their behalf.

19        20.    "Released Claims" means any and all claims, whether known or

20   unknown, arising from the purchase of NWI common stock during the Class Period

21   and the acts, facts, statements or omissions that were or could have been alleged by

22   Lead Plaintiffs or members of the Class in the Action.  "Released Claims" includes

23   "Unknown Claims" as defined herein.  The inclusion of Unknown Claims in the

24   definition of Released Claims was separately bargained for and was a key element of

25   the Settlement.    Released Claims  do  not  include  any  claim  arising  from  the

26   performance or non-performance of the Settlement.

27        21.    "Released Persons" means each and all of Defendants in their individual

28   and corporate capacities and each and all of their Related Persons.

1    22.   "Security Agreement" means that agreement accompanying the

2    Settlement Note that provides the Class a security interest for the Settlement Note in

3    all rights, title and interests of NWI in and to the property described as NWI's

4    accounts receivable, which shall be the Collateral for the Settlement Note.

5    23.   "Settlement Amount" means Sixteen Million Dollars ($16,000,000.00) to

6    be paid, or caused to be paid, by NWI pursuant to ¶3.1 of the Stipulation.

7    24.   "Settlement Fund" means the Settlement Amount, together with all

8    interest and income earned thereon.

9    25.   "Settlement Note" means that component of the Settlement Fund

10   represented by a $5 million Promissory Note with a 5% interest rate and a 30-month

11   maturity and secured by the collateral outlined in the Security Agreement.

12   26.   "Settling Parties" means, collectively, Defendants and Lead Plaintiffs on

13   behalf of themselves and the Class Members.

14   27.   "Unknown Claims" means any Released Claims which Lead Plaintiffs or

15   any Class Members do not know or suspect to exist in his, her or its favor at the time

16   of the release of the Released Persons which, if known by him, her or it, might have

17   affected his, her or its settlement with and release of the Released Persons, or might

18   have affected his, her or its decision not to object to this Settlement.

19   **III.    THE LITIGATION**

20   Lead Plaintiffs brought this class action against Defendants for violations of the

21   federal securities laws, including §§10(b) and 20(a) of the Securities Exchange Act of

22   1934 (the "Exchange Act").  In their amended complaint, filed on January 9, 2009,

23   Lead Plaintiffs alleged that Defendants made materially false and misleading

24   statements about NWI's financial condition and business prospects and sold stock

25   based on material non-public information.  Lead Plaintiffs alleged that when the

26   market learned the truth about NWI's financial condition, NWI's stock dropped in

27   value and caused damage to all persons that purchased NWI common stock between

28   February 27, 2007 and September 15, 2008.

Exhibit A-1
-20-

1  The amended complaint was subject to intense scrutiny.  Over the ensuing five

2  months, the Court considered two separate motions to dismiss – one under the

3  standards existing when Lead Plaintiffs filed the amended complaint and the other

4  under the standards handed down by the United States Supreme Court in *Ashcroft v.*

5  *Iqbal*, 556 U.S. 662 (2009).  Defendants filed their first motion to dismiss on February

6  9, 2009, Lead Plaintiffs opposed on March 11, 2009, and Defendants replied on

7  March 23, 2009.   After the Court denied Defendants' first motion to dismiss,

8  Defendants moved for reconsideration, which the Court granted over Lead Plaintiffs'

9  objection.  Defendants then renewed their motion to dismiss on June 26, 2009, Lead

10  Plaintiffs opposed on July 10, 2009, and Defendants replied on July 17, 2009.  The

11  Court denied Defendants' renewed motion to dismiss on July 28, 2009.

12  Discovery started shortly thereafter and continued for 15 months.  And like the

13  remainder of the litigation, discovery was hotly contested.  The parties filed multiple

14  motions to compel with Judge Brooks and appealed many of his decisions to Judge

15  Huff for review.  Those efforts ultimately culminated in Defendants producing (and

16  Lead Plaintiffs reviewing) millions of pages of documents with Lead Plaintiffs using

17  the results of that review to take dozens of depositions throughout the country.  At the

18  same time, Defendants conducted discovery in connection with Lead Plaintiffs'

19  motion for class certification.  Lead Plaintiffs filed their motion on January 11, 2010,

20  Defendants opposed on March 15, 2010, and Lead Plaintiffs replied on April 9, 2010.

21  That reply was followed by a sur-reply by Defendants on April 25, 2010, and a

22  response to that sur-reply by Lead Plaintiffs on May 7, 2010.  The Court certified the

23  Class on May 12, 2010.

24  Following expert discovery, on February 14-15, 2011, defendant Leparulo

25  moved for Judgment on the Pleadings with respect to the insider trading claims

26  against him, and all Defendants moved for Summary Judgment on all claims and to

27  exclude three of Lead Plaintiffs' experts under the standards annunciated in *Daubert*

28  *v. Merrell Dow Pharm.*, 509 U.S. 579 (1993).  Lead Plaintiffs opposed those motions

1    on March 4, 2011 and March 7, 2011, respectively, and Defendants replied on March

2    14, 2011.  Judge Huff then transferred the case to this Court on March 15, 2011,

3    before oral argument was heard and a decision was rendered on the outstanding

4    motions.  Lead Plaintiffs filed their own motions challenging Defendants' experts

5    under *Daubert* a few months later on July 15, 2011.  Defendants opposed those

6    motions on August 5, 2011, and Lead Plaintiffs replied on August 19, 2011.

7           The Court issued its orders on the foregoing substantive motions periodically

8    over the ensuing months.  It granted in part the parties' motions to exclude each

9    other's respective accounting experts on November 17, 2011, and it granted

10   Leparulo's Motion for Judgment on the Pleadings and granted in part Defendants'

11   Motion for Summary Judgment on November 23, 2011, dismissing Lead Plaintiffs'

12   channel-stuffing claims.  In particular, the Court held that the alleged practice of

13   pulling sales forward, accelerating sales, or incentivizing sales, which Lead Plaintiffs

14   had alleged made NWI's financial statements misleading, did not state a claim for

15   securities fraud.  The Court also found that Peter V. Leparulo had established that, on

16   the face of the pleadings, no material fact remained to be resolved with respect to the

17   insider trading claims asserted against him.  And, throughout 2012 and 2013, it issued

18   orders on the parties' remaining motions to exclude their respective experts, dealing

19   with multiple motions for reconsideration, renewed motions, and a request for

20   interlocutory appeal under 28 U.S.C. §1292.  The end result was that the Court

21   excluded one of Defendants' experts, and excluded certain parts of the opinions

22   proffered by the parties' other experts. The Court scheduled trial for January 6, 2014.

23          While the parties had mediated multiple times with different mediators, the

24   Court's decisions on the dispositive motions and the risks and uncertainties of

25   proceeding through trial, combined with NWI's current level of available cash,

26   compelled the parties to negotiate a resolution of the case amongst themselves.  The

27   parties executed a Memorandum of Understanding on December 6, 2013, requested

28

1    that day to have the Court suspend the deadline for the parties to file their motions *in*

2    *limine*, and moved to stay the proceedings on December 11, 2013.

3    **IV.   CLAIMS OF LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT**

4
5            Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action

6    have merit.  However, Lead Plaintiffs and Lead Counsel recognize and acknowledge

7    the uncertainties of continued proceedings through trial and NWI's current level of

8    available cash.  Lead Plaintiffs and Lead Counsel have taken into account the

9    uncertain outcome and the risk of trial, especially in complex actions such as this

10   Action, and the potential harm that a verdict for the Class would cause NWI.  Lead

11   Plaintiffs and Lead Counsel also are aware of the defenses to the securities law

12   violations asserted in the Action.  Lead Plaintiffs and Lead Counsel believe that the

13   Settlement set forth in the Stipulation confers substantial benefits upon the Class in

14   light of the circumstances present here.  Based on their evaluation, Lead Plaintiffs and

15   Lead Counsel have determined that the Settlement set forth in the Stipulation is in the

16   best interests of Lead Plaintiffs and the Class.

     **V.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**
17
18           Defendants, individually and collectively, have denied and continue to deny that

19   they have violated the federal securities laws or any laws.  Defendants, individually

20   and collectively, have denied and continue to deny specifically each and all of the

21   claims and contentions alleged in the Action, along with all charges of wrongdoing or

22   liability against them arising out of any of the conduct, statements, acts or omissions

23   alleged, or that could have been alleged, in the Action.  Defendants also have denied

24   and continue to deny, *inter alia*, the allegations that any of the Defendants made any

25   material misstatements or omissions; that any of the Defendants sold NWI common

26   stock based on material nonpublic information; that any member of the Class has

27   suffered damages; that the price of NWI common stock was artificially inflated by

28   reason of the alleged misrepresentations, omissions, non-disclosures or otherwise; that

1   Lead Plaintiffs or the members of the Class were harmed by the conduct alleged in the

2   Action; or that any of the Defendants knew or was reckless with respect to the alleged

3   misconduct.  In addition, Defendants maintain that they have meritorious defenses to

4   all claims alleged in the Action.

5       Nonetheless, taking into account the uncertainty, risks, and costs inherent in any

6   litigation, especially in complex cases such as this Action, Defendants have concluded

7   that it is desirable and beneficial that the Action be fully and finally settled in the

8   manner and upon the terms and conditions set forth in the Stipulation.  The Stipulation

9   shall in no event be construed as or deemed to be evidence of an admission or

10  concession by Defendants with respect to any claim of any fault or liability or

11  wrongdoing or damage whatsoever.

12  **VI.    TERMS OF THE PROPOSED SETTLEMENT**

13      The sum of Sixteen Million Dollars ($16,000,000.00), which includes $6

14  million in cash, $5 million in stock (as provided for in ¶3.1(b)(3), (5) of the

15  Stipulation), and a $5 million Note, constitutes the Settlement Fund and has been

16  transferred and delivered, or is in the process of being transferred and delivered, or

17  will be transferred to the Escrow Agent if the Settlement is approved.  The Settlement

18  Fund includes the principal amount of the Sixteen Million Dollars ($16,000,000.00),

19  plus any accrued interest on the Settlement Fund and may reflect any fluctuations in

20  the price of the stock.  A portion of the settlement proceeds will be used for certain

21  administrative expenses, including the costs of printing and mailing this Notice, the

22  cost of publishing notice, payment of any taxes assessed against the Settlement Fund,

23  and costs associated with the processing of claims submitted.  In addition, as

24  explained below, a portion of the Settlement Fund may be awarded by the Court to

25  Lead Counsel as attorneys' fees and for expenses in litigating the case and to Lead

26  Plaintiffs for their expenses in representing the Class.  The balance of the Settlement

27  Fund (the "Net Settlement Fund") will be distributed according to the Plan of

28

1  Distribution described below to Class Members who submit valid and timely Proof of
2  Claim and Release forms.

3  **VII.   PLAN OF DISTRIBUTION**

4        The Net Settlement Fund will be distributed to Class Members who submit
5  valid, timely Proof of Claim and Release forms ("Authorized Claimants") under the
6  Plan of Distribution described below.  The Plan of Distribution provides that you will
7  be eligible to participate in the distribution of the Net Settlement Fund only if you
8  have a net loss arising out of all transactions in NWI shares during the Class Period.
9  No distributions will be made to Authorized Claimants who would otherwise receive a
10  distribution of less than $10.00.

11        For purposes of determining the amount an Authorized Claimant may recover
12  under the Plan of Distribution, Lead Counsel have consulted with their damages
13  consultant.  The Plan of Distribution reflects an assessment of the damages that could
14  have been recovered as well as Lead Counsel's assessment of the likelihood of
15  establishing liability for various periods of the Class.

16        To the extent there are sufficient funds in the Net Settlement Fund, each
17  Authorized Claimant will receive an amount equal to the Authorized Claimant's
18  claim, as defined below.  If, however, and as is more likely, the amount in the Net
19  Settlement Fund is not sufficient to permit payment of the total claim of each
20  Authorized Claimant, then each Authorized Claimant shall be paid the percentage of
21  the Net Settlement Fund that each Authorized Claimant's claim bears to the total of
22  the claims of all Authorized Claimants.  Payment in this manner shall be deemed
23  conclusive against all Authorized Claimants.

24        The total of all profits shall be subtracted from the total of all losses from
25  transactions during the Class Period to determine if a Class Member has a claim.
26  Only if a Class Member had a net loss, after all profits from transactions in NWI
27  shares during the Class Period are subtracted from all losses, will such Class Member
28  be eligible to receive a distribution from the Net Settlement Fund.

**PLAN OF DISTRIBUTION**

The calculation of claims below is not an estimate of the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

1.     For shares of NWI common stock ***purchased on or between February 27, 2007 through August 19, 2008***, the claim per share shall be as follows:

(a)     If sold on or between February 27, 2007 through August 19, 2008, the claim per share shall be the lesser of (i) the purchase price times the percent inflation in Table A less the sales price times the percent inflation in Table A; and (ii) the difference between the purchase price and the selling price.

(b)     If retained at the end of August 19, 2008 and sold before November 18, 2008, the claim per share shall be the lesser of (i) the percent inflation in Table A at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in Table B below.

(c)     If retained at the close of trading on November 17, 2008, or sold thereafter, the claim per share shall be the lesser of (i) the purchase price times the percent inflation in Table A; and (ii) the difference between the purchase price per share and $5.58 per share.

2.     For shares of NWI common stock ***purchased on or between August 20, 2008 through September 15, 2008***, the claim per share shall be zero.

TABLE A

| Period | | Inflation as Percent of Price |
|---|---|---|
| Begin | End | |
| 2/28/2007 | 3/25/2007 | 46.21% |
| 3/26/2007 | 5/1/2007 | 51.79% |
| 5/2/2007 | 7/19/2007 | 53.94% |

Exhibit A-1
-26-

| | | |
|---|---|---|
| 7/20/2007 | 8/6/2007 | 51.83% |
| 8/7/2007 | 2/20/2008 | 54.38% |
| 2/21/2008 | 4/14/2008 | 41.93% |
| 4/15/2008 | 8/19/2008 | 25.10% |
| 8/20/2008 | 9/15/2008 | 0% |

**TABLE B**

| Date | Average Closing Price |
|---|---|
| 8/20/2008 | $6.29 |
| 8/21/2008 | $6.31 |
| 8/22/2008 | $6.29 |
| 8/25/2008 | $6.26 |
| 8/26/2008 | $6.26 |
| 8/27/2008 | $6.26 |
| 8/28/2008 | $6.26 |
| 8/29/2008 | $6.25 |
| 9/2/2008 | $6.24 |
| 9/3/2008 | $6.24 |
| 9/4/2008 | $6.23 |
| 9/5/2008 | $6.23 |
| 9/8/2008 | $6.23 |
| 9/9/2008 | $6.22 |
| 9/10/2008 | $6.23 |
| 9/11/2008 | $6.22 |
| 9/12/2008 | $6.22 |
| 9/15/2008 | $6.20 |
| 9/16/2008 | $6.18 |
| 9/17/2008 | $6.16 |
| 9/18/2008 | $6.17 |
| 9/19/2008 | $6.19 |
| 9/22/2008 | $6.19 |
| 9/23/2008 | $6.19 |
| 9/24/2008 | $6.19 |
| 9/25/2008 | $6.20 |
| 9/26/2008 | $6.20 |
| 9/29/2008 | $6.19 |

- 15 -                    08-CV-01689-AJB(RBB)

Exhibit A-1
-27-

| | | |
|---|---|---|
| 1 | 9/30/2008 | $6.19 |
| 2 | 10/1/2008 | $6.19 |
| | 10/2/2008 | $6.19 |
| 3 | 10/3/2008 | $6.19 |
| 4 | 10/6/2008 | $6.18 |
| | 10/7/2008 | $6.16 |
| 5 | 10/8/2008 | $6.14 |
| | 10/9/2008 | $6.11 |
| 6 | 10/10/2008 | $6.09 |
| 7 | 10/13/2008 | $6.08 |
| | 10/14/2008 | $6.05 |
| 8 | 10/15/2008 | $6.02 |
| | 10/16/2008 | $5.99 |
| 9 | 10/17/2008 | $5.96 |
| 10 | 10/20/2008 | $5.93 |
| | 10/21/2008 | $5.89 |
| 11 | 10/22/2008 | $5.86 |
| 12 | 10/23/2008 | $5.82 |
| | 10/24/2008 | $5.79 |
| 13 | 10/27/2008 | $5.76 |
| | 10/28/2008 | $5.73 |
| 14 | 10/29/2008 | $5.71 |
| 15 | 10/30/2008 | $5.70 |
| | 10/31/2008 | $5.69 |
| 16 | 11/3/2008 | $5.69 |
| 17 | 11/4/2008 | $5.68 |
| | 11/5/2008 | $5.67 |
| 18 | 11/6/2008 | $5.66 |
| | 11/7/2008 | $5.66 |
| 19 | 11/10/2008 | $5.65 |
| 20 | 11/11/2008 | $5.64 |
| | 11/12/2008 | $5.63 |
| 21 | 11/13/2008 | $5.62 |
| 22 | 11/14/2008 | $5.60 |
| | 11/17/2008 | $5.58 |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

899797_6

- 16 -                              08-CV-01689-AJB(RBB)

## VIII.  PARTICIPATION IN THE CLASS

If you fall within the definition of the Class and did not previously exclude yourself from the Class, you are a Class Member unless you elect to be excluded from the Class pursuant to this Notice.  If you have not previously requested to be excluded from the Class or do not request to be excluded from the Class, you will be bound by any judgment entered with respect to the Settlement in the litigation against Defendants whether or not you file a Proof of Claim and Release form.

***If you are a Class Member, you need do nothing (other than timely file a Proof of Claim and Release form if you wish to participate in the distribution of the Net Settlement Fund).  Your interests will be represented by Lead Counsel***.  If you choose, you may enter an appearance individually or through your own counsel at your own expense.

TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE FORM THAT ACCOMPANIES THIS NOTICE.  The Proof of Claim and Release form must be postmarked on or before _____, 2014, and be delivered to the Claims Administrator at the address below.  Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release form, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

## IX.    EXCLUSION FROM THE CLASS

You may request to be excluded from the Class.  If you previously excluded yourself from the Class pursuant to the Notice of Pendency of Class Action that was provided to Class Members pursuant to the Court's Order dated January 18, 2011, you do not have to send in another request for exclusion.  If you did not send in a prior request for exclusion and want to be excluded, you must mail a written request stating that you wish to be excluded from the Class to:

- 17 -                    08-CV-01689-AJB(RBB)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Novatel Wireless, Inc. Securities Litigation*
EXCLUSIONS
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA  94976-0990

The request for exclusion must state: (1) your name, address, and telephone number; and (2) all purchases and sales of NWI shares made during the Class Period, including the dates and prices of each purchase or sale, and the number of shares purchased or sold.  YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR BEFORE _____, 2014.  If you submit a valid and timely request for exclusion, you shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

## X.   DISMISSAL AND RELEASES

If the proposed Settlement is approved, the Court will enter a final Judgment. The Judgment will dismiss the Released Claims with prejudice as to all Defendants as provided in the Stipulation.

The Judgment will provide that all Class Members who have not validly requested to be excluded from the Class shall be deemed to have released and forever discharged all Released Claims (to the extent members of the Class have such claims) against all Released Persons as provided in the Stipulation.

## XI.   APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees of 27.5% of the Settlement Fund, plus expenses not to exceed $1,800,000, plus interest thereon.  Lead Plaintiffs may seek to be paid for their reasonable costs and expenses (including lost wages) in their representation of the Class.  Class Members are not personally liable for any such fees, expenses, or compensation.

899797_6

- 18 -                    08-CV-01689-AJB(RBB)

1    To date, Lead Counsel have not received any payment for their services in

2  conducting this Action on behalf of Lead Plaintiffs and the members of the Class, nor

3  have counsel been paid for their expenses.  The fee requested by Lead Counsel would

4  compensate counsel for their efforts in achieving the Settlement Fund for the benefit

5  of the Class, and for their risk in undertaking this representation on a contingency

6  basis.  The fee requested is within the range of fees awarded to plaintiffs' counsel

7  under similar circumstances in litigation of this type.

8  **XII.   CONDITIONS FOR SETTLEMENT**

9    The Settlement is conditioned upon the occurrence of certain events described

10  in the Stipulation.  Those events include, among other things: (1) entry of the

11  Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the

12  time to appeal from or alter or amend the Judgment.  Pending the Court's

13  consideration of this Settlement, the Court has stayed all proceedings, and Class

14  Members are precluded from bringing or pursuing any litigation that seeks to

15  prosecute the Released Claims.

16    If, for any reason, any one of the conditions described in the Stipulation is not

17  met, the Stipulation might be terminated and, if terminated, will become null and void,

18  and the Settling Parties to the Stipulation will be restored to their respective positions

19  as of December 6, 2013.

20  **XIII.  THE RIGHT TO BE HEARD AT THE SETTLEMENT
       HEARING**

21

22    Any Class Member who has not validly and timely requested to be excluded

23  from the Class, and who objects to any aspect of the Settlement, the Plan of

24  Distribution, or the application(s) for attorneys' fees and expenses or Lead Plaintiffs'

25  expenses may appear and be heard at the Settlement Hearing.[1]  Any such Person must

26  file a written notice of objection, no later than _____, 2014, with the Court:

27  ───────────────────

28  [1]  Lead Counsel's pleadings in support of these matters will be filed with the Court
      on or before _____, 2014.

1   CLERK OF THE COURT
    UNITED STATES DISTRICT COURT
2   SOUTHERN DISTRICT OF CALIFORNIA
    333 West Broadway, Suite 420
3   San Diego, CA 92101

4   and served on each of the following so that it is received no later than _____,

5   2014:

6       ROBBINS GELLER RUDMAN
          & DOWD LLP
7       JEFFREY D. LIGHT
        DOUGLAS R. BRITTON
8       655 West Broadway, Suite 1900
        San Diego, CA 92101
9
        *Counsel for Lead Plaintiffs*
10
11      JONES DAY
        THOMAS R. JACKSON
12      2727 North Harwood Street
        Dallas, TX 75201

13      *Attorneys for NWI and the Individual Defendants*

14  The notice of objection must demonstrate the objecting Person's membership in the

15  Class, including the number of NWI shares purchased and sold during the Class

16  Period, and contain a statement of the reasons for objection. Only Class Members

17  who have submitted written notices of objection in this manner will be entitled to be

18  heard at the Settlement Hearing, unless the Court orders otherwise.

19  **XIV.  SPECIAL NOTICE TO BANKS, BROKERS AND OTHER
          NOMINEES**

20
21      If you hold or held any NWI shares purchased during the Class Period as

22  nominee for a beneficial owner, then, within ten (10) days after you receive this

23  Notice, you must either: (1) send a copy of this Notice and the Proof of Claim and

24  Release form by First-Class Mail to all such Persons; or (2) provide a list of the names

25  and addresses of such Persons to the Claims Administrator:

26

27

28

899797_6

Exhibit A-1
-32-

1
2
3
4

*Novatel Wireless, Inc. Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA  94976-0990

5
6
7

If you choose to mail the Notice and Proof of Claim and Release form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

8
9
10
11
12
13
14

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and Release form and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim and Release form, upon submission of appropriate documentation to the Claims Administrator.

15

## XV.   EXAMINATION OF PAPERS

16
17
18
19
20
21
22
23
24

This Notice is a summary and does not describe all of the details of the Stipulation.  For full details of the matters discussed in this Notice, you may review the Stipulation filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, United States District Court, Southern District of California, 333 West Broadway, Suite 420, San Diego, CA 92101.  The motion papers, with exhibits, including the Stipulation, are also available on the Court's ECF website (for a fee).  Certain papers relating to the Settlement, including the Stipulation and its Exhibits, are also available at the Claims Administrator's website www.novatelwirelesssettlement.com.

25
26
27
28

If you have any questions about the Settlement of the Action, you may contact a representative of Lead Counsel: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 800/449-4900.

899797_6

- 21 -                08-CV-01689-AJB(RBB)

1          **DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**.

2

3    DATED: _____         BY ORDER OF THE COURT
                                           UNITED STATES DISTRICT COURT

4                                            SOUTHERN DISTRICT OF CALIFORNIA

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-2

1  ROBBINS GELLER RUDMAN
    & DOWD LLP
2  JEFFREY D. LIGHT (159515)
   DOUGLAS R. BRITTON (188769)
3  ROBERT R. HENSSLER JR. (216165)
   LUCAS F. OLTS (234843)
4  ERIC I. NIEHAUS (239023)
   655 West Broadway, Suite 1900
5  San Diego, CA  92101
   Telephone:  619/231-1058
6  619/231-7423 (fax)
   jeffl@rgrdlaw.com
7  dougb@rgrdlaw.com
   bhenssler@rgrdlaw.com
8  lolts@rgrdlaw.com
   ericn@rgrdlaw.com
9
   Lead Counsel for Plaintiffs
10

11                    UNITED STATES DISTRICT COURT

12                 SOUTHERN DISTRICT OF CALIFORNIA

13

14  | In re NOVATEL WIRELESS | ) | Lead Case No. |
    | SECURITIES LITIGATION | ) | 08-CV-01689-AJB(RBB) |
15  | ——————————————————— | ) | |
    | | ) | CLASS ACTION |
16  | This Document Relates To: | ) | |
    | | ) | PROOF OF CLAIM AND RELEASE |
17  | ALL ACTIONS. | ) | |
    | ——————————————————— | ) | EXHIBIT A-2 |

18

19

20

21

22

23

24

25

26

27

28

899556_4

**I.     GENERAL INSTRUCTIONS**

1.     To recover as a member of the Class based on your claims in the action entitled *In re Novatel Wireless Securities Litigation*, Lead Case No. 08-CV-01689-AJB(RBB) (the "Action"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release form, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the Settlement of the Action.

2.     Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.     YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2014, ADDRESSED AS FOLLOWS:

> *Novatel Wireless, Inc. Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 990
> Corte Madera, CA  94976-0990

If you are NOT a member of the Class (as defined in the Notice of Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release form.

4.     If you are a member of the Class and you do not timely request exclusion in connection with the Settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

**II.     CLAIMANT IDENTIFICATION**

If you purchased Novatel Wireless, Inc. ("NWI") common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased NWI common stock and the certificate(s) were

1    registered in the name of a third party, such as a nominee or brokerage firm, you are

2    the beneficial purchaser and the third party is the record purchaser.

3         Use Part I of this form entitled "Claimant Identification" to identify each

4    purchaser of record ("nominee"), if different from the beneficial purchaser of the NWI

5    common stock which forms the basis of this claim.  THIS CLAIM MUST BE FILED

6    BY  THE  ACTUAL  BENEFICIAL  PURCHASER(S)  OR  THE  LEGAL

7    REPRESENTATIVE  OF  SUCH  PURCHASER(S),  OF  THE  NWI  COMMON

8    STOCK UPON WHICH THIS CLAIM IS BASED.

9         All joint purchasers must sign this claim.  Executors, administrators, guardians,

10   conservators and trustees must complete and sign this claim on behalf of persons

11   represented by them and their authority must accompany this claim and their titles or

12   capacities must be stated.  The Social Security (or taxpayer identification) number and

13   telephone number of the beneficial owner may be used in verifying the claim.  Failure

14   to provide the foregoing information could delay verification of your claim or result in

15   rejection of the claim.

16        If you are acting in a representative capacity on behalf of a Class Member (for

17   example, as an executor, administrator, trustee, or other representative), you must

18   submit evidence of your current authority to act on behalf of that Class Member.  Such

19   evidence would include, for example, letters testamentary, letters of administration, or

20   a copy of the trust documents.

21        NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large

22   numbers of transactions may request to, or may be requested to, submit information

23   regarding their transactions in electronic files.   All claimants MUST submit a

24   manually signed paper Proof of Claim and Release form listing all their transactions

25   whether or not they also submit electronic copies.  If you wish to file your claim

26   electronically, you must contact the Claims Administrator at 1-888-283-4305 to obtain

27   the required file layout.  No electronic files will be considered to have been properly

28

1  submitted unless the Claims Administrator issues to the claimant a written

2  acknowledgement of receipt and acceptance of electronically submitted data.

3  **III.    CLAIM FORM**

4          Use Part II of this form entitled "Schedule of Transactions in NWI Common

5  Stock" to supply all required details of your transaction(s) in NWI common stock.  If

6  you need more space or additional schedules, attach separate sheets giving all of the

7  required information in substantially the same form.  Sign and print or type your name

8  on each additional sheet.

9          On the schedules, provide all of the requested information with respect to ***all*** of

10  your purchases and ***all*** of your sales of NWI common stock which took place at any

11  time between February 27, 2007 and November 17, 2008, inclusive, whether such

12  transactions resulted in a profit or a loss.  You must also provide all of the requested

13  information with respect to ***all*** of the NWI common stock you held at the close of

14  trading on February 26, 2007, September 15, 2008 and November 17, 2008.  Failure

15  to report all such transactions may result in the rejection of your claim.

16          List each transaction in the Class Period separately and in chronological order,

17  by trade date, beginning with the earliest.  You must accurately provide the month,

18  day, and year of each transaction you list.

19          The date of covering a "short sale" is deemed to be the date of purchase of NWI

20  common stock.  The date of a "short sale" is deemed to be the date of sale of NWI

21  common stock.

22          Copies of stockbroker confirmation slips, stockbroker statements, or other

23  documents evidencing your transactions in NWI common stock should be attached to

24  your claim.  If any such documents are not in your possession, please obtain a copy or

25  equivalent documents from your broker because these documents are necessary to

26  prove and process your claim.  Failure to provide this documentation could delay

27  verification of your claim or result in rejection of your claim.

28

899556_4

- 3 -                    08-CV-01689-AJB(RBB)

Exhibit A-2
-39-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

*In re Novatel Wireless, Inc. Securities Litigation,*

Lead Case No. 08-CV-01689-AJB(RBB)


PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

_____, 2014


<u>Please Type or Print</u>

PART I:        CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____          _____

City                                          State or Province

_____          _____

Zip Code or Postal Code              Country

_____       _____    Individual
Social Security Number or        _____    Corporation/Other
Taxpayer Identification Number

_____   _____

Area Code          Telephone Number (work)

_____   _____

Area Code          Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

Exhibit A-2
-40-

PART II:       SCHEDULE OF TRANSACTIONS IN NWI COMMON STOCK

A.    Number of shares of NWI common stock held at the close of trading on February 26, 2007: _____

B.    Purchases of NWI common stock made during the time period February 27, 2007 through and including November 17, 2008:

| Trade Date<br>Month Day Year | Number of Shares of Stock Purchased | Total Purchase Price |
|---|---|---|
| 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

C.    Sales of NWI common stock during the time period February 27, 2007 through and including November 17, 2008:

| Trade Date<br>Month Day Year | Number of Shares of Stock Sold | Total Sales Price |
|---|---|---|
| 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ |

D.    Number of shares of NWI common stock held at the close of trading on September 15, 2008: _____.

E.    Number of shares of NWI common stock held at the close of trading on November 17, 2008: _____.

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE**.

**IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release form under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of California with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases or sales of NWI common stock during the Class Period and know of no other person having done so on my (our) behalf.

**V.   RELEASE**

1.   I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Released Persons as provided herein and in the Stipulation of Settlement.

2.   I (We) waive the benefits of (i) the provisions of §1542 of the California Civil Code, which provides that:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR,

and (ii) any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, foreign jurisdiction, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  I (We) understand that I(we) may hereafter discover facts in addition to or different from those which I (we) know or believe to be true with respect to the subject matter of the Released Claims, but I(we) hereby release any and all Released Claims, known or

unknown, suspected or unsuspected, contingent or non-contingent, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, whether concealed or hidden, which now exist, or heretofore have existed, arising under United States federal, state, local, statutory, or common law, or any other law, rule or regulation whether foreign or domestic, or upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

3.      "Released Claims" means any and all claims, whether known or unknown, arising from the purchase of NWI common stock during the Class Period and the acts, facts, statements or omissions that were or could have been alleged by Lead Plaintiffs or members of the Class in the Action.  "Released Claims" includes "Unknown Claims" as defined below.  The inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and was a key element of the Settlement.   Released Claims do not include any claim arising from the performance or non-performance of the Settlement.

4.      "Related Persons" means, with respect to the Defendants, each and all of their respective past or present parents, affiliates, associates, executors, personal representatives, subsidiaries, officers, directors, employees, principals, agents, controlling persons, general or limited partners or partnerships, attorneys, legal counsel, accountants, consultants, financial advisors, investment advisors, commercial bank lenders, investment bankers, partners, limited liability companies, shareholders, immediate family members, heirs, estates, administrators, predecessors, successors, indemnitors, indemnitees, insurers (including but not limited to Defendants' Directors and Officers insurance carriers), reinsurers, any entity in which any Defendant has a controlling interest, assigns, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or members of any Defendant's family; and, as to

Exhibit A-2
-43-

1  each of the foregoing, all of their past, present, or future directors, officers, agents,

2  partners, members, managers, employees, heirs, subsidiaries, predecessors, and

3  successors, and any Person acting on their behalf.

4      5.      "Released Persons" means each and all of Defendants in their individual

5  and corporate capacities and each and all of their Related Persons.

6      6.      "Unknown Claims" means any Released Claims which Lead Plaintiffs or

7  any Class Members do not know or suspect to exist in his, her or its favor at the time

8  of the release of the Released Persons which, if known by him, her or it, might have

9  affected his, her or its settlement with and release of the Released Persons, or might

10  have affected his, her or its decision not to object to this Settlement.

11      7.      This release shall be of no force or effect unless and until the Court

12  approves the Stipulation of Settlement and the Settlement becomes effective on the

13  Effective Date.

14      8.      I (We) hereby warrant and represent that I (we) have not assigned or

15  transferred or purported to assign or transfer, voluntarily or involuntarily, any matter

16  released pursuant to this release or any other part or portion thereof.

17      9.      I (We) hereby warrant and represent that I (we) have included

18  information about all of my (our) transactions in NWI common stock which occurred

19  during the Class Period as well as the number of shares of NWI common stock held

20  by me (us) at the close of trading on February 26, 2007, September 15, 2008, and

21  November 17, 2008.

22      10.     I (We) certify that I am (we are) not subject to backup withholding under

23  the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

24      Note: If you have been notified by the Internal Revenue Service that you are

25  subject to backup withholding, please strike out the language that you are not subject

26  to backup withholding in the certification above.

27

28

1    I declare under penalty of perjury under the laws of the United States of

2  America that the foregoing information supplied by the undersigned is true and

3  correct.

4    Executed this _____ day of _____

5                                                              (Month/Year)

6  in _____

7        (City)                                   (State/Country)

8                              _____

9                              (Sign your name here)

10                             _____

11                             (Type or print your name here)

12                             _____

13                             (Capacity of person(s) signing,

14                             *e.g.*, Beneficial Purchaser,

                               Executor or Administrator)

15              **ACCURATE CLAIMS PROCESSING TAKES A**
                **SIGNIFICANT AMOUNT OF TIME.**
16              **THANK YOU FOR YOUR PATIENCE**.

17

18  Reminder Checklist:

19    1.    Please sign the above release and declaration.

20    2.    Remember to attach supporting documentation, if available.

21    3.    Do not send original stock certificates.

22    4.    Keep a copy of your claim form for your records.

23    5.    If you desire an acknowledgment of receipt of your claim form, please
            send it Certified Mail, Return Receipt Requested.

24    6.    If you move, please send us your new address.

25

26

27

28

899556_4

Exhibit A-2
-45-

# EXHIBIT A-3

1 ROBBINS GELLER RUDMAN
   & DOWD LLP
2 JEFFREY D. LIGHT (159515)
 DOUGLAS R. BRITTON (188769)
3 ROBERT R. HENSSLER JR. (216165)
 LUCAS F. OLTS (234843)
4 ERIC I. NIEHAUS (239023)
 655 West Broadway, Suite 1900
5 San Diego, CA 92101
 Telephone: 619/231-1058
6 619/231-7423 (fax)
 jeffl@rgrdlaw.com
7 dougb@rgrdlaw.com
 bhenssler@rgrdlaw.com
8 lolts@rgrdlaw.com
 ericn@rgrdlaw.com
9
 Lead Counsel for Plaintiffs
10

11            UNITED STATES DISTRICT COURT

12          SOUTHERN DISTRICT OF CALIFORNIA

13
 In re NOVATEL WIRELESS          )  Lead Case No.
14 SECURITIES LITIGATION         )    08-CV-01689-AJB(RBB)
                                 )
15 ─────────────────────────────  )  CLASS ACTION
 This Document Relates To:       )
16                               )  SUMMARY NOTICE
    ALL ACTIONS.                 )
17 ─────────────────────────────  )  EXHIBIT A-3
18
19
20
21
22
23
24
25
26
27
28

899571_6

1  TO:   ALL PERSONS WHO PURCHASED THE COMMON STOCK OF
       NOVATEL WIRELESS, INC. ("NWI") BETWEEN FEBRUARY 27, 2007
2      AND SEPTEMBER 15, 2008, INCLUSIVE (THE "CLASS PERIOD")

3         YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States

4  District Court for the Southern District of California, a hearing will be held on

5  _____, 2014, at _____ .m., before the Honorable Anthony J. Battaglia, United

6  States District Judge, at the Edward J. Schwartz U.S. Courthouse, 221 West

7  Broadway, San Diego, California 92101, for the purpose of determining: (1) whether

8  the proposed settlement of the Action for the amount of Sixteen Million Dollars

9  ($16,000,000.00) should be approved by the Court as fair, reasonable, and adequate;

10 (2) whether, thereafter, this Action should be dismissed with prejudice against

11 Defendants as set forth in the Stipulation of Settlement dated January 31, 2014; (3)

12 whether the Plan of Distribution of settlement proceeds is fair, reasonable, and

13 adequate, and therefore should be approved; (4) the reasonableness of the application

14 of Lead Counsel for the payment of attorneys' fees and expenses, together with

15 interest thereon; and (5) the amount that Lead Plaintiffs should be paid for their

16 expenses in representing the Class.

17        If you purchased NWI common stock during the period February 27, 2007

18 through September 15, 2008, inclusive, your rights may be affected by this Action and

19 the settlement thereof.  If you have not received a detailed Notice of Proposed

20 Settlement of Class Action and a copy of the Proof of Claim and Release form, you

21 may obtain copies by writing to *Novatel Wireless Securities Litigation*, Claims

22 Administrator, c/o Gilardi & Co. LLC, P.O. Box 990, Corte Madera, CA 94976-0990,

23 or by downloading this information at www.novatelwirelesssettlement.com.  If you

24 are a Class Member, in order to share in the distribution of the Net Settlement Fund,

25 you must submit a Proof of Claim and Release form postmarked no later than

26 _____, 2014, establishing that you are entitled to a recovery.  You will be bound by

27 any judgment rendered in the Action unless you request to be excluded (or have

28 already requested to be excluded from the Class pursuant to the Notice of Pendency of

899571_6

- 1 -                    08-CV-01689-AJB(RBB)

1   Class Action that was provided to the Class pursuant to the Court's Order dated

2   January 18, 2011 certifying the Class), in writing, to the above address, postmarked by

3   _____, 2014.

4        Any objection to any aspect of the Settlement must be filed no later than

5   _____, 2014, with the Court:

6            CLERK OF THE COURT
7            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF CALIFORNIA
8            333 West Broadway, Suite 420
9            San Diego, CA  92101

10  and served on each of the following so that it is received no later than

11  _____, 2014:

12

13           ROBBINS GELLER RUDMAN
               & DOWD LLP
14           JEFFREY D. LIGHT
             DOUGLAS R. BRITTON
15           655 West Broadway, Suite 1900
             San Diego, CA  92101
16
             *Counsel for Lead Plaintiffs*
17
             JONES DAY
18           THOMAS R. JACKSON
             2727 North Harwood Street
19           Dallas, TX 75201

20           *Attorneys for NWI and the Individual Defendants*

21        PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE

22  REGARDING THIS NOTICE.

23

24  DATED: _____     BY ORDER OF THE COURT
                              UNITED STATES DISTRICT COURT
25                            SOUTHERN DISTRICT OF CALIFORNIA

26

27

28

899571_6

                           - 2 -              08-CV-01689-AJB(RBB)

# EXHIBIT B

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10  In re NOVATEL WIRELESS          )   Lead Case No.
    SECURITIES LITIGATION           )     08-CV-01689-AJB(RBB)
11  _____)
                                    )   CLASS ACTION
12  This Document Relates To:       )
                                    )   FINAL JUDGMENT AND ORDER OF
13      ALL ACTIONS.                )   DISMISSAL WITH PREJUDICE
                                    )
14                                      EXHIBIT B

15

16

17

18

19

20

21

22

23

24

25

26

27

28

899566_5

1      This matter came before the Court for hearing pursuant to the Order
2 Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated
3 _____, 2014, on the application of the Settling Parties for approval of the
4 Settlement set forth in the Stipulation of Settlement dated January 31, 2014
5 ("Stipulation"). Due and adequate notice having been given to the Class as required
6 in said Order, and the Court having considered all papers filed and proceedings had
7 herein and otherwise being fully informed in the premises and good cause appearing
8 therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

9      1.    This Final Judgment incorporates by reference the definitions in the
10 Stipulation, and all capitalized terms used herein shall have the same meanings as set
11 forth in the Stipulation, unless otherwise set forth herein.

12      2.    This Court has jurisdiction over the subject matter of the Action and over
13 all Settling Parties to the Action, including all members of the Class.

14      3.    Pursuant to the May 12, 2010 Order Granting Motion to Certify Class
15 (Dkt. No. 180) and Rule 23 of the Federal Rules of Civil Procedure, the Court has
16 certified a Class defined as all Persons who purchased NWI common stock between
17 February 27, 2007 and September 15, 2008, inclusive, and were damaged thereby.
18 Excluded from the Class are Defendants, directors, and officers of NWI, and their
19 families and affiliates. Also excluded from the Class are those Persons (identified in
20 Exhibit 1 attached hereto) who have validly and timely requested exclusion from the
21 Class.

22      4.    Pursuant to the May 12, 2010 Order Granting Motion to Certify Class
23 (Dkt. No. 180) and Rule 23 of the Federal Rules of Civil Procedure, the Court has
24 found that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the
25 Federal Rules of Civil Procedure have been satisfied in that (a) the size of the Class is
26 so numerous that it would be impracticable to join all Class Members as individual
27 parties; (b) the claims of the Lead Plaintiffs are typical of the claims of the members
28 of the Class; (c) there are questions of law and fact common to the Class which

1    predominate over any individual question; (d) Lead Plaintiffs and Lead Counsel have

2    fairly and adequately represented the interests of the Class; and (e) a class action is the

3    superior method for resolving the disputes between the parties.

4          5.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby finally

5    approves the Settlement set forth in the Stipulation in all respects and finds that said

6    Settlement is, in all respects, fair, reasonable, and adequate to the Class, and the

7    Settling Parties are hereby directed to perform its terms.

8          6.      The Court also finds that the Settlement Stock, as defined in the

9    Stipulation, is exempt from registration under the Securities Act of 1933 (the

10   "Securities Act"), pursuant to §3(a)(10) of the Securities Act, 15 U.S.C. §77c(a)(10),

11   in that the Settlement Stock will be issued to or for the benefit of Class Members in

12   exchange for their release of claims against the Defendants under the terms of the

13   Stipulation.  Pursuant to §3(a)(10), this Court's judgment of the fairness of the

14   Settlement shall serve as a substitute for the registration requirements of the Securities

15   Act with regard to the Settlement Stock.  The Court also hereby finds, that with regard

16   to the Settlement Stock being issued as part of the Settlement Fund that: (i) the terms

17   and conditions of the proposed issuance are fair to all those who will receive securities

18   in the proposed exchange; and (ii) the terms and conditions of, and the procedures for,

19   the proposed issuance are fair.

20         7.      Accordingly, the Court authorizes and directs implementation of all the

21   terms and provisions of the Stipulation, as well as the terms and provisions hereof.

22   The Court hereby dismisses, as to Defendants, the Action and all Released Claims of

23   the Class with prejudice, without costs as to any Settling Party, except as and to the

24   extent provided in the Stipulation.

25         8.      Upon the Effective Date, Lead Plaintiffs and each of the Class Members

26   who have not validly opted out of the Class on behalf of themselves, their

27   predecessors, successors, agents, representatives, attorneys and affiliates, and the

28   heirs, executors, administrators, successors, and assigns of each of them shall be

deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release forms) any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims; provided, however, that Lead Plaintiffs shall retain the right to enforce the terms of the Stipulation and Settlement.  Any and all claims for contribution are permanently barred, enjoined, and finally discharged as provided by 15 U.S.C. §78u-4(f)(7)(A).

9.     Upon the Effective Date, Lead Plaintiffs and the Class Members on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns, shall be deemed to have, and by operation of this Judgment shall have, expressly waived the benefits of (i) the provisions of §1542 of the California Civil Code, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR,

and (ii) any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, foreign jurisdiction, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly, and Lead Plaintiffs and each Class Member on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives and assigns, upon the Effective Date, shall be deemed to have, and by operation of this Judgment shall have,

1  fully, finally, and forever settled and released any and all Released Claims, known or

2  unknown, suspected or unsuspected, contingent or non-contingent, matured or

3  unmatured, foreseen or unforeseen, whether class or individual in nature, whether

4  concealed or hidden, which now exist, or heretofore have existed, arising under

5  United States federal, state, local, statutory, or common law, or any other law, rule or

6  regulation whether foreign or domestic, or upon any theory of law or equity now

7  existing or coming into existence in the future, including, but not limited to, conduct

8  that is negligent, intentional, with or without malice, or a breach of any duty, law, or

9  rule, without regard to the subsequent discovery or existence of such different or

10  additional facts.  Lead Plaintiffs acknowledge, and the Class Members shall be

11  deemed by operation of this Judgment to have acknowledged, that the foregoing

12  waiver was separately bargained for and a key element of the Settlement of which this

13  release is a part.

14      10.   Upon the Effective Date, each of the Released Persons shall be deemed to

15  have, and by operation of this Judgment shall have, fully, finally, and forever released,

16  relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and

17  Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims)

18  arising out of, relating to, or in connection with, the institution, prosecution, assertion,

19  settlement, or resolution of the Action or the Released Claims; provided, however,

20  that Defendants shall retain the right to enforce the terms of the Stipulation and

21  Settlement.

22      11.   Upon the Effective Date, Lead Plaintiffs and each of the Class Members

23  who have not validly opted out of the Class shall be permanently barred and enjoined

24  from the assertion, institution, maintenance, prosecution, or enforcement against

25  Defendants, or any Released Persons, in any state or federal court or arbitral forum, or

26  in the court of any foreign jurisdiction, of any and all Released Claims (including,

27  without limitation, Unknown Claims), as well as any claims arising out of, relating to,

28  or in connection with, the defense, settlement, or resolution of the Action or the

899566_5

- 4 -                    08-CV-01689-AJB(RBB)

1    Released Claims; provided, however, that Lead Plaintiffs shall retain the right to
2    enforce the terms of the Stipulation and Settlement.

3        12.    The distribution of the Notice of Proposed Settlement of Class Action
4    and the publication of the summary notice as provided for in the Notice Order
5    constituted the best notice practicable under the circumstances, including individual
6    notice to all members of the Class who could be identified through reasonable effort.
7    Said notice provided the best notice practicable under the circumstances of those
8    proceedings and of the matters set forth therein, including the Settlement set forth in
9    the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the
10   requirements of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities
11   Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities
12   Litigation Reform Act of 1995, due process and any other applicable law.

13       13.    Any plan of distribution submitted by Lead Counsel (or orders related
14   thereto) or any orders entered regarding any attorneys' fee and expense application or
15   Lead Plaintiffs' expense application shall in no way disturb, affect, or delay the
16   finality of this Judgment and shall be considered separate from this Judgment.

17       14.    Neither the Stipulation nor the Settlement, nor any act performed or
18   document executed pursuant to or in furtherance of the Stipulation or the Settlement
19   (a) is or may be deemed to be or may be used as an admission of, or evidence of, the
20   validity of any Released Claim, or of any wrongdoing or liability of the Released
21   Persons; or (b) is or may be deemed to be or may be used as an admission of, or
22   evidence of, any fault or omission of any of the Released Persons; or (c) is or may be
23   deemed to be or may be used as an admission or evidence that any claims asserted by
24   Lead Plaintiffs were not valid or that the amount recoverable was not greater than the
25   Settlement Amount, in any civil, criminal, or administrative proceeding in any court,
26   administrative agency, or other tribunal.   The Released Persons may file the
27   Stipulation and/or this Judgment in any action that may be brought against them in
28   order to support a defense or counterclaim based on principles of *res judicata*,

899566_5                              - 5 -              08-CV-01689-AJB(RBB)

collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.   Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

16.   The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18.   Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

1        19.    The Court directs immediate entry of this Final Judgment by the Clerk of

2  the Court.

3        IT IS SO ORDERED.

4

5  DATED: _____          _____

6                                  THE HONORABLE ANTHONY J. BATTAGLIA
                                    UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

899566_5

                              - 7 -          08-CV-01689-AJB(RBB)

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 31, 2014.

s/ Douglas R. Britton
DOUGLAS R. BRITTON

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  Dougb@rgrdlaw.com

# Mailing Information for a Case  3:08-cv-01689-AJB-RBB Backe v. Novatel Wireless, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Travis Biffar**
  tbiffar@jonesday.com,ncobbphillips@jonesday.com

- **Robert S Brewer , Jr**
  rsbrewer@jonesday.com,kwhittington@jonesday.com

- **Douglas R Britton**
  DougB@rgrdlaw.com,jillk@rgrdlaw.com,kathyj@rgrdlaw.com,jmannan@rgrdlaw.com,kirstenb@rgrdlaw.com,ldeem@rgrdlaw.com

- **Michael J Dowd**
  MikeD@rgrdlaw.com

- **Meir Feder**
  mfeder@jonesday.com

- **Michael I. Fistel , Jr**
  mfistel@holzerlaw.com,dhotnog@holzerlaw.com

- **Michael M Goldberg**
  mmgoldberg@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com

- **Richard J Grabowski**
  rgrabowski@jonesday.com,epete@jonesday.com

- **Robert R Henssler , Jr**
  BHENSSLER@RGRDLAW.COM

- **Thomas Ray Jackson**
  trjackson@jonesday.com

- **Eric Landau**
  elandau@jonesday.com,kamarkwick@jonesday.com

- **Kevin Hugh Logan**
  klogan@jonesday.com

- **Coty Rae Miller**
  cmiller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew P Montgomery**
  e_file_sd@rgrdlaw.com

- **Eric I Niehaus**
  EricN@rgrdlaw.com,e_file_sd@rgrdlaw.com,ericniehaus@hotmail.com

- **Lucas F. Olts**
  lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Cary D Sullivan**
  carysullivan@jonesday.com,kamarkwick@jonesday.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Sabrina          S. Kim
PO Box 5000
Rancho Santa Fe, CA 92067

Patricia         J. Villareal
Jones Day
2727 North Harwood Street
Dallas, TX 75201
```