1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
9              SOUTHERN DISTRICT OF CALIFORNIA

10  In re NOVATEL WIRELESS SECURITIES          )   Lead Case No.
    LITIGATION                                 )
11                                             )   08-CV-01689-AJB(RBB)
                                               )
12  This Document Relates To:                  )   CLASS ACTION
                                               )
13      ALL ACTIONS.                           )   ORDER PRELIMINARILY
                                               )   APPROVING SETTLEMENT AND
14  _____       )   PROVIDING FOR NOTICE

15
16
17
18
19
20
21
22
23
24
25
26
27

912523_2

WHEREAS, a consolidated action is pending before this Court styled *In re Novatel Wireless Securities Litigation*, Lead Case No. 08-CV-01689-AJB(RBB) (the "Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with a Stipulation of Settlement dated January 31, 2014 ("Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on June 20, 2014, at 3:00 p.m., at the United States District Court for the Southern District of California, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, San Diego, California 92101, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.12 of the Stipulation should be entered; whether the proposed Plan of Distribution should be approved; to determine any amount of attorneys' fees and expenses that should be awarded to Lead Counsel and any expenses to Lead Plaintiffs; to hear any objections by Class Members to

1   the Settlement or Plan of Distribution or any award of fees and expenses to Lead
2   Counsel or Lead Plaintiffs; and to consider such other matters as the Court may
3   deem appropriate.

4        3.     Pursuant to the May 12, 2010 Order Granting Motion to Certify Class
5   (Dkt. No. 180) and Rule 23 of the Federal Rules of Civil Procedure, the Court has
6   certified a Class defined as all Persons who purchased NWI common stock
7   between February 27, 2007 and September 15, 2008, inclusive, and were damaged
8   thereby. Excluded from the Class are Defendants, directors, and officers of NWI,
9   and their families and affiliates. Also excluded from the Class are those Class
10  Members who previously excluded themselves pursuant to the Notice of Pendency
11  of Class Action that was provided to the Class pursuant to the Court's Order dated
12  January 18, 2011 (Dkt. No. 264) and those Class Members who submit valid and
13  timely requests for exclusion pursuant to the Notice described herein.

14       4.     The Court approves, as to form and content, the Notice, the Proof of
15  Claim and Release form, and the summary notice, and finds that the mailing and
16  distribution of the Notice and publishing of the summary notice substantially in the
17  manner and form set forth in ¶¶5-6 of this Order meet the requirements of Federal
18  Rule of Civil Procedure 23 and due process, provide the best notice practicable
19  under the circumstances, and shall constitute due and sufficient notice to all
20  Persons entitled thereto.

21       5.     Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the
22  Court appoints the firm Gilardi & Co. LLC ("Claims Administrator") to supervise
23  and administer the notice procedure as well as the processing of claims as more
24  fully set forth below:

25       (a)     Not later than March 31, 2014 (the "Notice Date"), Lead
26  Counsel and/or the Claims Administrator shall cause a copy of the Notice and the
27  Proof of Claim and Release form, substantially in the forms annexed as Exhibits A-

1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable efforts, including those who were previously identified for purposes of providing the January 18, 2011 Notice of Pendency of Class Action, and to be posted on the Claims Administrator's website at www.novatelwirelesssettlement.com;

(b)   Not later than the Notice Date, the Claims Administrator shall post the Notice and the Stipulation and all of its Exhibits on its website at www.novatelwirelesssettlement.com;

(c)   Not later than April 10, 2014, the Claims Administrator shall cause the summary notice, substantially in the form annexed as Exhibit A-3 hereto, to be published once in the national edition of *Investor's Business Daily* and once over the *Business Wire*; and

(d)   Not later than May 30, 2014, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

6.   Nominees who purchased NWI common stock for the benefit of another Person during the period from February 27, 2007 through September 15, 2008, inclusive, shall be requested to send the Notice and Proof of Claim and Release form to such beneficial owners of NWI common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release form to such beneficial owners.

7.   All fees, costs, and expenses incurred in identifying and notifying members of the Class (other than costs incurred in providing CAFA notice as set forth in ¶2.1 of the Stipulation) shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs, or expenses.

8.    All members of the Class (except Persons who have validly and timely requested exclusion pursuant to the Notice or the January 28, 2011 Notice of Pendency of Class Action) shall be bound by all determinations and judgments in the litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

9.    Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked no later than ninety (90) calendar days from the Notice Date.  Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

10.    Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

11.    Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked on or before May 30, 2014.  A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting

exclusion; (b) the Person's purchases and sales of NWI common stock from February 27, 2007 to September 15, 2008, inclusive, including the dates, the number of shares of NWI common stock purchased or sold, and price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

12.   Copies of all Requests for Exclusion received shall be delivered to Defendants' counsel by the Claims Administrator or Lead Counsel promptly after receipt by the Claims Administrator, but in no event later than ten (10) business days before the Settlement Hearing for Requests for Exclusion received by that date.

13.   Any member of the Class may appear and object if he, she, or it has any reason why the Settlement of the Action should not be approved as fair, reasonable and adequate, why a judgment should not be entered thereon, why the Plan of Distribution should not be approved, why attorneys' fees and expenses should not be awarded to counsel for Lead Plaintiffs, or why expenses should not be awarded to Lead Plaintiffs; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Distribution, or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiffs, unless written objections and copies of any papers and briefs are received by Robbins Geller Rudman & Dowd LLP, Jeffrey D. Light, Douglas R. Britton, 655 West Broadway, Suite 1900, San Diego, California 92101; and Jones Day, Thomas R. Jackson, 2727 North Harwood Street, Dallas, Texas 75201, on May 30, 2014;

1  and said objections, papers, and briefs are filed with the Clerk of the United States
2  District Court for the Southern District of California, on or before May 30, 2014.
3  Any member of the Class who does not make his, her, or its objection in the
4  manner provided shall be deemed to have waived such objection and shall forever
5  be foreclosed from making any objection to the fairness, reasonableness, or
6  adequacy of the Settlement as incorporated in the Stipulation, to the Plan of
7  Distribution, and to the award of attorneys' fees and expenses to Lead Counsel or
8  Lead Plaintiffs, unless otherwise ordered by the Court.

9       14   All funds held by the Escrow Agent shall be deemed and considered
10  to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of
11  the Court, until such time as such funds shall be distributed pursuant to the
12  Stipulation and/or further order(s) of the Court.

13       15.   All papers in support of the Settlement, Plan of Distribution, and any
14  application by Lead Counsel for attorneys' fees and expenses or Lead Plaintiffs'
15  expenses shall be filed and served no later than May 5, 2014 and any reply papers
16  shall be filed and served no later than June 13, 2014.

17       16.   The Released Persons shall have no responsibility for, interest in, or
18  liability whatsoever with respect to the notice procedures, the investment,
19  administration, or distribution of the Settlement Fund, the Plan of Distribution, the
20  determination, administration, calculation or processing of claims, the Net
21  Settlement Fund or any funds held by the Escrow Agent, the payment or
22  withholding of Taxes, or any losses incurred in connection therewith, any
23  application for attorneys' fees or expenses submitted by Lead Counsel or Lead
24  Plaintiffs, or any allocation of the Fee and Expense Award by Lead Counsel, and
25  such matters will be considered separately from the fairness, reasonableness, and
26  adequacy of the Settlement.

27

17.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Distribution proposed by Lead Counsel, and any applications for attorneys' fees and expenses and Lead Plaintiffs' expenses should be approved.

18.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.   In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶3.6 or 3.7 of the Stipulation.

19.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20.     All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.   Pending final determination of whether the Settlement

1   should be approved, neither Lead Plaintiffs nor any Class Member, either directly,

2   representatively, or in any other capacity shall commence or prosecute against any

3   of the Released Persons any action or proceeding in any court or tribunal asserting

4   any of the Released Claims.

5       21.   The Court reserves the right to adjourn or alter the time or the date of

6   the Settlement Hearing without further notice to the members of the Class,

7   provided that the time or the date of the Settlement Hearing shall not be set at a

8   time or date earlier than the time and date set forth in ¶2 above, and retains

9   jurisdiction to consider all further applications arising out of or connected with the

10  Settlement.   The Court may approve the Settlement, with such modifications as

11  may be agreed to by the Settling Parties, if appropriate, without further notice to

12  the Class.

13      IT IS SO ORDERED.

14      DATED:  March 10, 2014

15                                          _____
                                            Hon. Anthony J. Battaglia
16                                          U.S. District Judge

17

18

19

20

21

22

23

24

25

26

27