1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re NOVATEL WIRELESS SECURITIES LITIGATION | ) ) ) |
| | ) |
| _____ | ) ) |
| This Document Relates to | ) ) |
| ALL ACTIONS. | ) ) |
| | ) ) |
| _____ | ) |

Civil No.08cv1689 AJB (RBB)

ORDER:

(1) GRANTING MOTION TO INTERVENE; and

(2) OVERRULING MOVANT'S OBJECTIONS.

[Doc. No. 514]

The matter comes before the Court on *pro se* Proposed-Intervenor Michael A. Sklansky's  motion to intervene as of right under Federal Rule of Civil Procedure 24(a), or in the alternative, permissive intervention under Rule 24(b). (Doc. No. 514.)  Movant seeks intervention to express his objections to the Proposed Final Settlement Agreement. Plaintiffs and Defendants oppose.  The Court heard the matter, as well as argument on the Final Settlement Agreement, on June 20, 2014.  After full consideration of the all the Parties' respective positions, the Court GRANTED the motion to intervene on the record during the hearing.  This Order outlining the Court's analysis follows.

## I.   **BACKGROUND**

This class action, commenced on September 15, 2008, involves claims of securities fraud and insider trading against individual defendants and corporate defendant, Novatel Wireless, Inc. ("Novatel").  (Doc. No. 1.)  After five years of hard fought litigation and on the eve of trial, the Parties agreed to a settlement, filing a motion for preliminary approval of class action settlement on January 31, 2014.  (Doc. No. 508).  That motion was granted on March 6, 2014.  (Doc. No. 510.)  The Proposed Settlement provides for payment of a Settlement Fund consisting of $6 million in cash, Settlement Stock valued at $5 million, and a $5 million note.  (Stipulation, Doc. No. 508, Ex. 2.)

Thereafter, on May 6, 2014, Plaintiffs filed their (1) motion for settlement and plan of distribution of settlement proceeds and (2) motion for attorney fees and expenses. (Doc. No. 513.)  The Parties represent the Settlement as fair, reasonable and adequate. On May 5, 2014, current shareholder Michael Sklansky (hereinafter "Movant") proceeding *pro se*, filed a motion to intervene, seeking intervention pursuant to both Rule 24(a), intervention of right, and Rule 24(b), permissive intervention, for the limited purpose of objecting to the proposed Final Settlement. (Doc. No. 514.)  Ultimately, Movant seeks to have the Court send the Parties back to the negotiation table to rework a Settlement Agreement that would incorporate the interests of current Novatel shareholders. (Sklansky Affidavit, Doc. No. 514 at 8.)

On June 11, 2014, Defendants filed their Opposition arguing intervention is inappropriate on three grounds: (1) Movant lacks standing to challenge the Settlement; (2) Movant's interests are adequately represented by Defendant Novatel; and (3) the motion is untimely.  (Doc. No. 515.)  Lead Plaintiffs also filed an Opposition on similar grounds, arguing: (1) Movant lacks standing as he is not a class member; (2) the motion is untimely; and (3) Movant does not satisfy the substantive requirements of Rule 24(a). (Doc. No. 517.)

//

//

08cv1689

## II.   LEGAL STANDARDS

Intervention is a procedure by which a nonparty can gain party status without the consent of the original parties. *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009) ("Intervention is the requisite method for a nonparty to become a party to a lawsuit").  There are two types of intervention: intervention of right and permissive intervention.

Intervention exists as a matter of right when a federal statute confers the right to intervene or the applicant has a legally protected interest that may be impaired by disposition of the pending action and that interest is not adequately represented by existing parties.  Fed. R. Civ. P. 24(a).  Courts in the Ninth Circuit apply a four-part test to determine whether intervention as of right should be granted: (1) the applicant must assert a "significantly protectable interest relating to the party or transaction that is the subject of the action; (2) the applicant's interest must be inadequately represented by the parties to the action; (3) disposition of the action without intervention may as a practical matter impair or impeded its ability to protect that interest; and (4) the applicant's motion must be timely.  *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).  The applicant bears the burden of establishing all of the criteria, and the rule is construed "broadly, in favor of the applicant for intervention."  *Id.*  Failure to satisfy any one of the require-ments is fatal to the application.  *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).  Timeliness is "the threshold question."  *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (citations omitted).

Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene as true absent sham, frivolity or other objections.  *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

## III.   ANALYSIS

### A.   Movant Has Standing to Seek Intervention

As an initial matter, the Court finds that Movant has standing to intervene solely for the limited purpose of objecting to the Proposed Final Settlement.  The Ninth Circuit

has held that a non-party seeking to intervene need not intervene as a full party to the litigation, but may intervene for a limited purpose. *See Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992).

Though the Parties argue Movant lacks standing to object under Rule 23 as he is not a member of the class, Movant has properly sought intervention under Rule 24. Accordingly, the Parties' argument is without merit. Courts in this circuit have allowed a non-party, non-class member to intervene during the settlement stage of a class action for limited purposes. *See e.g., Moore v. Verizon Communications*, 2013 WL 450365, at *5 (N.D. Cal. Feb 5, 2013) (finding non-party had standing to seek intervention to object to the settlement of attorney fees under Rule 24(a), though ultimately denying the motion as untimely). Moreover, the Parties have not cited any authority holding Rule 23 precludes Movant from intervening in this action. Indeed, while non-class members may not have standing to object to a proposed class action settlement, interjection of the opposing views of a non-class member may proceed via intervention under Rule 24. *See Gould v. Alleco, Inc.*, 883 F.2d 281, 284-85 (4th Cir. 1989) (rejecting blanked proposition that non-class members have not standing as a matter of law to intervene solely by their non-inclusion in the class).

**B.    Rule 24(a) Intervention as of Right**

As stated above, to seek intervention as of right under Rule 24(a), Movant must establish that: (1) the intervention motion is timely; (2) he has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede his ability to protect his interests; and (4) the existing parties may not adequately represent his interests. *See Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). Movant bears the burden of showing all four elements are met.

    1.    Timeliness

In the Ninth Circuit, three criteria are considered in determining whether a motion to intervene is timely: "(1) the stage of proceedings; (2) whether the parties would be

08cv1689

prejudiced; and (3) the reason for any delay in moving to intervene." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836-37 (9th Cir. 1996). Timeliness is a flexible concept; its determination is left to the district court's discretion. *Alisal Water Corp.*, 370 F.3d at 921. "Where a proposed intervenor seeks to intervene for purposes of objecting to a proposed settlement, timeliness generally is measured from the date the proposed intervenor received notice that the proposed settlement was contrary to its interest." *Glass v. UBS Fin. Serv., Inc.,* 2007 WL 474936, at *3 (N.D. Cal. Jan. 17, 2007); *see United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002) (finding motion to intervene timely where proposed intervenors "acted as soon as they had notice that the proposed settlement was contrary to their interests").

Both Parties argue that Movant's motion is untimely and thus Movant should be precluded from intervening at this point in time given the prolonged and extensive nature of this litigation. According to Defendants, Novatel disclosed the existence of an agreement to settle on December 6, 2013 when the Parties entered into a Memorandum of Understanding. However, Movant failed to intervene at any point during the proceed-ings. (Doc. No. 515 at 4.) Moreover, Defendants reject Movant's argument that his motion is timely solely because this Court has not yet approved the Final Settlement.

In the instant matter, the Court assesses timeliness by the date when Movant received notice that the proposed settlement was contrary to his interest. That date is December 12, 2013 when Novatel filed a Form 8-K with the U.S. Securities and Exchange Commission ("SEC"). Though Movant failed to act until five months later, timeliness is a flexible factor and the Court must consider the three factors that inform this element.

### i.  *Stage of Proceeding*

A proposed intervenor is not necessarily untimely merely because the motion to intervene is filed after a significant amount of time and effort has been expended in accomplishing the settlement. *Carpenter*, 298 F.3d at 1125. Without a doubt, this has been a protracted litigation that has spanned more than five years. The Parties have gone

through extensive discovery, motion practice, two mediation attempts, and extensive negotiations.  Though we are at a very late stage of the proceedings in this litigation, it is understandable that Movant has not sought intervention until this time.  Accordingly, the Court finds this factor neither weighs for or against Movant.

ii.   *Prejudice to Other Parties*

"In evaluating the second factor . . . courts have emphasized the seriousness of the prejudice which results when relief from long-standing inequities is delayed."  The Ninth Circuit has affirmed denial of motions to intervene in cases where granting intervention might have compromised long-litigated settlement agreement or delicate consent decrees.  *See County of Orange v. Air California¸*799 F.2d 535, 538 (9th Cir. 1986) (denying intervention after a settlement was reached after five years of litigation and the negotiations were well publicized such that applicant should have been on notice its interests might be impacted).  Intervention has been denied even at pretrial stages when "a lot of water [has] passed under . . . [the] litigation bridge."  *U.S. v. Alisal Water Corp.*, 370 F.3d 819, 922 (9th Cir. 2004) (internal citations omitted).  However, intervention has been granted after settlement agreements were reached in cases where the applicants had no means of knowing that the proposed settlements was contrary to their interest.  *Id.*

Thus, this factor also tends to be neutral.  What movant ultimately seeks is to have the Court order the Parties to renegotiate a settlement that would incorporate the interests of current shareholders and to place some financial liability upon individual defendants rather than just Novatel.  This would indeed cause complications for the current Parties and delay a Settlement that has already been in the works for quite some time.  However, merely allowing Movant to voice his concerns and objections to the Settlement on the record would not necessarily prejudice the current Parties.  The Court would merely be able to consider Movant's objections in ruling on the Final Settlement Proposal, indeed the Court may overrule the objections.

08cv1689

iii.   *Reason and Length of Delay*

"While the length of time that has passed since a suit was filed is not, in and of itself, determinative of timeliness, '[a] party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation.'" *California Dept. of Toxic Substances Control v. Commercial Realty Projects*, 309 F.3d 1113, 1120 (9th Cir. 2002) (internal citation omitted).

According to Movant's affidavit, he learned of the proposed settlement and its terms on December 12, 2013, when Novatel filed its Form 8-K with the SEC in compliance with securities laws.  The motion to intervene was filed more than five months later. Defendants argue that Movant offers no justification for his delay thereby rendering his request fatal.  Defendants concern is noted but ultimately unpersuasive.

First, the Court notes that Movant is proceeding *pro se.*  Though a sophisticated individual, this Court should not penalize him for failing to be aware of procedural technicalities.  Courts recognize a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirement.  *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

According to Movant, he relied on this Court's preliminary approval Order, specifying May 30, 2014 as the cut-off date for objections.  Movant believed that anything he filed would be considered timely so long as he met this deadline.  (Doc. No. 514 at 9.)  Moreover, Movant explained in his papers that after learning of stipulated settlement, he was in talks with the current Novatel Board of Directors in an attempt to renegotiate the proposed settlement.  (*Id.* at 1.)  He has also indicated that he has attempted or will attempt to renegotiate a settlement that would be favorable to all parties involved.  (*Id.* at 10.)  Accordingly, this factor weighs in favor of Movant and the Court finds the motion to be timely.

2.   Significant Protectable Interest

This factor is met where Movant can demonstrate an interest that is protected by law and there is a relationship between the legally protected interest and the plaintiff's

1   claims. *Alisal*, 370 F.3d at 919. "An applicant generally satisfies that 'relationship'

2   requirement only if the resolution of the plaintiff's claims actually will affect the appli-

3   cant." *Glickman*, 159 F.3d at 410. To trigger the right to intervene, an economic interest

4   must be concrete and related to the underlying subject matter of the litigation. *Alisal*,

5   370 F.3d at 919. Plaintiffs argue Movant has failed to satisfy this requirement, and that

6   Movant's investment in the Company does not qualify. (Doc. No. 517 at 4.)

7           Plaintiffs' argument is unpersuasive. "There is not any clear definition of the

8   nature of the 'interest relating to the property or transaction that is the subject of the

9   action' that is required for intervention of right." 7C Wright et al., *Fed. Prac. & Proc.*,

10   §1908 (2014). "[I]nterests in property are the most elementary type of right that Rule

11   24(a) is designed to protect." *Id.* Accordingly, the Court finds that Movant has satisfied

12   this requirement. As a shareholder, Movant has a direct ownership interest in Novatel.

13   He has an ownership interest in the funds Novatel will be using to satisfy the settlement.

14   *See e.g.*, *SEC v. Navin*, 166 F.R.D. 435 (N.D. Cal. 1995) (permitting intervention for an

15   investor who wished to intervene in a securities-fraud suit brought by the SEC).

16           Plaintiffs cite to a Fourth Circuit case, *Gould v. Alleco, Inc.*, to stand for the

17   proposition that the law rejects Movant's interest as sufficient. 883 F.2d 281, 284 (4th

18   Cir. 1989). However, the facts of *Gould* are distinguishable from the facts of the instant

19   case.[1] First, intervenors in *Gould* were bondholders, owners of corporate bonds entitling

20   them to receive regular interest payments and the return of principal when the bond

21   matures. *Id.* at 283. Bondholders have no ownership interest in the company. Here,

22   Movant is a shareholder, with an ownership interest in the company. Second, the *Gould*

23   intervenors had not yet established a propriety interest in the funds at stake. Instead, the

24   intervenors had filed a separate action against Alleco, and merely had a *potential*

25   *judgment* claim against Alleco. The *Gould* court stated that merely "claiming a general

26

27           [1] Each intervention case is "highly fact specific and tend[s] to resist comparison to prior cases."
   *Reich c. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995); *see also Wilderness Soc. v. U.S.*
28   *Forest Service.*, 630 F.3d 1173, 1180 (9th Cir. 2011) ("[C]ourts should be permitted to engage in the
   contextual, fact-specific inquiry as to whether private parties meet the requirements for intervention of
   right on the merits . . . .").

interest in Alleco's assets based on a *speculative recovery in an unrelated civil action* does not . . . satisfy Rule 24's" interest requirement. *Id.* at 285.

The *Gould* court does go on to state that "every company's stockholders, bond-holders, directors and employees have a stake in the outcome of any litigation involving the company, but this alone is insufficient to imbue them with the degree of "interest" required for Rule 24(a) intervention." However, this statement was in dicta, no authority was cited, and based "on the facts presented by [the] record" of that case. *Id.* This Court finds the instant matter more similar to *Sec v. Navin*, in which the district court for the Northern District of California found an investor had demonstrated a sufficient interest that warranted her intervention in a securities fraud suit brought be the SEC. 166 F.R.D. 435. The district court stated, "[t]he fact that [the investor] and other similarly situated invested in [the Company] and face losing most of their investment without intervening at this point, gives them an interest relating to the property." *Id.* at 440. Accordingly, the Court finds Movant has demonstrated protectable interest relating to the property that is the subject of the action.

   3.   Impairment of Movant's Ability to Protect his Interests

Plaintiffs rest their argument on Movant's failure to show a sufficient protectable interest and thus do not separately address this factor. Movant states that disposition of the proposed settlement will impede his ability to protect his interest as approval of the settlement will impact the health and welfare of the Company and its current sharehold-ers. Movant states that his investment in the Company is in serious jeopardy as the proposed settlement damages the sustainability and reputation of the Company. Accord-ing to Movant, Novatel is already in a precarious financial position due to low cash balance. Movant also states that Novatel has filed a shelf registration, with the capital raised likely to be extremely dilutive. (Doc. No. 514 at 2.) Issuance of $5 million worth of shares will immediately dilute the shareholder base by 17%. The proposed settlement represents 56% of the current shareholder equity in the Company and the cash portion

1   significantly increases the likelihood Novatel will have to seek additional and dilutive

2   operating funds through the capital markets. (*Id.* at 3.)

3       As the Court takes all well-pleaded allegations as true, Movant has demonstrated

4   that disposition of the proposed settlement will likely impair or impede his ability to

5   protect his interest.

6         4.   Existing Parties May Not Adequately Represent Movant's Interests

7       Although the Movant's interests may be impaired or impeded, there is no right to

8   intervention if his interest is adequately represented by existing parties.  This require-

9   ment is satisfied if the applicant shows that representations of her interests *may be*

10   inadequate and the burden of making that showing is minimal.  To determine whether the

11   original party to a private action will adequately represent the intervenor's interests, the

12   Court considers the following three factors: (1) whether the interests of the present party

13   are such that it will make all of the arguments the intervenor would make; (2) whether

14   the present party is capable of and willing to make such arguments; and (3) whether the

15   intervenor would offer a necessary element to the proceedings that the other parties

16   would neglect.

17       Plaintiffs argue that the Company, and therefore shareholders, was adequately

18   represented during settlement negotiations. (Doc. No. 517 at 6.)  Defendants explain that

19   Novatel's Board represents the interests of all shareholders in this litigation and that

20   Movant has provided no reasons as to why the Board is not an adequate representative.

21   (Doc. No. 515 at 2-3.)  Movant argues that current shareholders were not represented in

22   this action and the Company was not provided with separate legal counsel from individ-

23   ual Defendants despite the clear conflict of interest. (Doc. No. 513 at 3.)

24       Given the "minimal" showing necessary, Movant has satisfied this final factor. *See*

25   *United States v. Stringfellow*, 783 F.2d 821, 827 (9th Cir. 1986) (holding the burden of

26   making the inadequacy of representation showing is minimal) *overruled on other*

27   *grounds by Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370.  Here, Plain-

28   tiffs' interest lies in ensuring its class members are compensated and individual Defen-

1   dants interest lies in settling without having to pay out of their own pockets.  Based on

2   the three factors this Court must consider, Movant has demonstrated that his interests are

3   distinct, the current Parties would not make them, and it may be a necessary element in

4   approving the proposed settlement.  Moreover, Movant's argument that there was or is a

5   conflict of interest between Novatel and individual Defendants is persuasive given the

6   factual allegations in the original litigation.

7           As such, the Court finds that Movant has met his burden under Rule 24(a).

8   Movant's objections are received into the record.

9   **B.    Movant's Objections to the Proposed Settlement**

10          Movant's Objections to the proposed settlement rests on four grounds: (1) the

11  Company was not provided separate legal counsel even though Novatel was a named

12  defendant whose interests were not aligned with accused executives; (2) in the majority

13  of securities fraud cases, for the Company to be held financially responsible rather than

14  named executives, it must be shown that there was at least the possibility the Company

15  would benefit from the illegal conduct engaged in by executives; (3) the settlement was

16  negotiated without input by current shareholders; and (4) Novatel's Board was recently

17  overhauled and there may be room to renegotiate the settlement to hold executives

18  accountable to some degree. (Sklansky Affadavit, Doc. No. 514 at 2.)

19          After due consideration of Movant's arguments, the Court overrules Movant's

20  Objections.  Though Movant's position is appreciated, the Court's duty is ultimately to

21  ensure a fair, reasonable, and adequate settlement for the class.  We must keep in mind

22  that this settlement was reached on the eve of a jury trial, in which Defendants faced a

23  possible adverse jury verdict with a judgment that may have been well over the settlem-

24  ent amount by multiple factors.  If Movant believes that an $16 million settlement may

25  drive Novatel into bankruptcy, then surely so would the protracted expense of trial along

26  with a potentially sizeable damage award.[2]  The Settlement Agreement was a business

27

28  _____

        [2] Indeed, Movant's Affidavit appears to agree that there may be some merit to Plaintiff's allegations. (Sklansky Affidavit, Doc. No. 514 at 5-7.)

08cv1689

decision made under the circumstances presented.  Movant's objections, though credible, are insufficient for this Court to deny and/or amend the Final Settlement Agreement.

**IV.    CONCLUSION**

Accordingly, though the Court GRANTS the motion to intervene such that Movant may make his Objections on the record, the Court ultimately OVERRULES the Objections.

IT IS SO ORDERED.

DATED:  June 23, 2014

_____

Hon. Anthony J. Battaglia

U.S. District Judge